Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email:  ikharasch@pszjlaw.com
            smcfarland@pszjlaw.com
         :  vnewmark@pszjlaw.com

*[Proposed] Attorneys for Debtor and
Debtor in Possession/Petitions to Practice
in Nevada are Pending*

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile:  775/786-5443
Email:  sarmstrong@downeybrand.com

*[Proposed] Attorneys for Debtor and
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>SPECIALTY TRUST, INC.,<br>             Debtor. | Case No. 10-51432-GWZ<br>Chapter 11 |
| In re<br>SPECIALTY ACQUISITION CORP,<br>             Debtor. | Case No. 10-51437-GWZ<br>Chapter 11 |
| In re<br>SAC II,<br>             Debtor. | Case No. 10-51440-GWZ<br>Chapter 11 |
| In re<br>SAC D-1, LLC,<br>Debtor. | Case No. 10-51441-GWZ<br>Chapter 11<br><br>**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES PURSUANT TO FED. RULE BANKR. P. 1015(b) AND LOCAL RULE 1015(b)**<br><br>Hearing Date:  OST requested for May 13, 2010<br>Hearing Time:  OST requested for 2:00 p.m. |

1074683.2

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (the "Debtors")[1] hereby move (the "Motion") the Court for the entry of an order, pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015(b) of the Local Rules of Bankruptcy Procedures for the District of Nevada (as amended, the "Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully represent as follows:

### Background

On April 20, 2010 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no official Committee has yet been appointed by the Office of the United States Trustee.

### A.     The Business

Specialty Trust, Inc. ("Specialty Trust") is a privately held mortgage finance company that acquires and holds, in a tax-advantaged real estate investment trust or REIT structure, mortgage loans and mezzanine loans secured by property located primarily in Nevada, Arizona and California. Specialty Trust was founded in 1997 by its current chairman and chief executive officer, Nello Gonfiantini III. Specialty Trust is held by approximately 435 shareholders, most of whom consist primarily of individuals, family trusts, and local businesses' pension and profit sharing plans. The total capital invested by the shareholders is approximately $170 million. Mr. Gonfiantini personally owns approximately 5.9% of such shares.

Loans are generally made at low loan-to-value ratios, usually 50% or less. Most loans have terms of one to three years. The majority of Specialty Trust's mortgage loan balances are

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Specialty Trust, Inc. (2463); Specialty Acquisition Corp. (3680); SAC II (2463); and SAC D-1, LLC (1858).

1074683.2

2

secured by first deeds of trust on the underlying real property, with the remaining mortgage loan balances secured by junior liens. Specialty Trust's mortgage loans may be secured by mortgages on unimproved as well as improved real property and non-income producing as well as income-producing real property.

Specialty Trust currently holds loans with a total amount owing from its borrowers of approximately $166.8 million, which loans have a book value of approximately $120.9 million. Specialty Trust also owns outright or through its subsidiaries REO property (property obtained through foreclosures or similar actions from its loan portfolio) with a current market value of approximately $55 million. Approximately 94% of these latter REO properties are held by three debtor subsidiaries of Specialty Trust, which include Specialty Acquisition Corp., SAC II, and SAC D-1, LLC.[2] Specialty Acquisition Corp. and SAC II are wholly owned subsidiaries of Specialty Trust, and SAC D-1, LLC is a wholly owned subsidiary of Specialty Acquisition Corp.

Specialty Trust works in conjunction with three non-debtor affiliated entities that provide primary services to Specialty Trust. These entities include Specialty Financial Corp., which is responsible for Specialty Trust's day-to-day operations, Specialty Mortgage Corp., which originates and services certain of Specialty Trust's real estate loans, and Specialty Capital, LLC, a registered broker/dealer providing brokerage services to individual and institutional customers. Each of these three entities is owned or indirectly owned by Mr. Gonfiantini III.

In return for a management fee, Specialty Financial Corp. ("SFC") manages and runs Specialty Trust's day-to-day business operation and funds virtually all of Specialty Trust's overhead (except for one part-time employee), including the retention and payment of the individuals that manage Specialty Trust's business operations, and the payment of the rent and utilities on the building occupied by Specialty Trust. As part of its general management duties, SFC evaluates prospective real estate loans, generates loan originations and manages the loan and asset portfolio of Specialty Trust. This general management arrangement is fairly typical in

---

[2] Specialty Trust transfers most of the REO properties to its subsidiaries for insurance purposes as well as to maintain compliance with regulations governing REITs.

a REIT structure, and has been in place between Specialty Trust and SFC, or SFC's predecessor,[3] for approximately 12 years.

### B. The Financing of Specialty

Specialty Trust currently maintains a $29.25 million term loan (the "Term Loan") which includes three participating commercial banks of which US Bank is the agent bank. The Term Loan is secured by liens in certain qualified real estate and loans. The non-default rate of interest under the Term Loan is the sum of (i) LIBOR plus 3%, plus (ii) 5% per annum of PIK interest.

Additionally, Specialty Trust has $36.9 million outstanding under a secured and collateralized investment note program. This note program contains individual notes (the "Notes") with maturities ranging from 1 month to 10 years and annual interest rates varying from 4.5% to 8.5%. The Notes are comprised of two series of notes issued under two separate indentures, in aggregate amounts outstanding of $1.46 million (the "Old Notes") and $35.44 million (the "New Notes"). The Old Notes and the New Notes are secured separately by eligible assets comprised of real estate, loans, and other collateral that are pledged separate from the Term Loan collateral.

Specialty Trust also has approximately $29 million in unsecured subordinated notes (the "Subordinated Notes") maturing on January 30, 2037.

The Term Loan is secured by qualified real estate loans and REOs with a current fair market value of $86.52 million. The approximate $1.46 million owed to holders of the Old Notes is secured by an REO with a current fair market value of approximately $6.40 million. The approximate $35.44 million owed to the holders of the New Notes is secured by real estate loans and REOs with a current fair market value of $59.89 million. The Debtors' secured debt is apparently also secured by additional qualified assets in the form of stock in subsidiaries. The Debtors are presently investigating the status and beneficiary of the stock pledge. Debtor subsidiaries Specialty Acquisition Corp., SAC D-1, LLC, and SAC-II, and non-debtor

---

[3] Prior to March 31, 2006, Specialty Mortgage Corp., also owned by Mr. Gonfiantini, was the entity that managed Specialty Trust's operations.

subsidiaries JFP 1330, LLC, 5th & Lincoln, LLC, Oak Creek Condominiums, LLC are guarantors of the Term Loan.

### C. Cause of Financial Problems

The real estate finance industry has experienced sharp contraction since 2007, when the national real estate market collapsed. Overall, there have been escalating rates of foreclosures on properties and many REITs, mortgage finance companies and real estate lenders have been forced to close operations. All players within Specialty Trust's target regions have largely been affected by the economic crisis leaving a considerable void in these markets.

Specialty Trust has experienced a 37.2% decline in the value of its real estate loan portfolio between December 31, 2008 and December 31, 2009, while its REO portfolio has grown by 75.7%. Management believes the loan portfolio has stabilized and does not expect further material write downs to the portfolio beyond the year end 2009. Furthermore, management has identified and is in a position to capitalize on undervalued opportunities derived from the recent real estate market fallout.

Despite extensive and long-term negotiations with US Bank, Specialty Trust was not able to negotiate a restructuring of the US Bank debt that would give it the flexibility and requisite liquidity it needed to get through the current difficult economic environment. In light of a pending default under the Term Loan that would have occurred on April 20, 2010, which would give US Bank the immediate right to sweep all of the Debtors' cash, an event that would put the Debtors out of business, the Debtors were forced to file these chapter 11 cases. The chapter 11 will give the Debtors the breathing room to enhance their liquidity by selling certain of their assets, and give them time to prepare and confirm a plan of reorganization that pays all of their secured debt in full, which will allow the Debtors to maintain shareholder value.

Filed concurrently herewith, and incorporated herein by reference, is the *Declaration of Nello Gonfiantini III in Support of the (1) Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases Pursuant to Fed. Rule Bankr. P. 1015(b) and Local Rule 1015(b); (2) Motion of Specialty Trust for Order Limiting Scope of Notice; and (3) Debtors' Motion for Order (a) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11*

1  U.S.C. § 363 and (b) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (the
2  "Gonfiantini Declaration").

### Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

### Relief Requested

By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only.

The Debtors also request that the caption of their chapter 11 cases be modified to reflect the joint administration of these chapter 11 cases substantially as follows:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| In re: | Chapter 11 |
|---|---|
| SPECIALTY TRUST, INC., et al.[4] | **Jointly Administered under Case No. 10-51432-GWZ** |
| ☐ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Case Nos:<br><br>10-51432-GWZ<br>10-5137-GWZ<br>10-51440-GWZ<br>10-51441-GWZ<br><br>Jointly Administered |

---

[4] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Specialty Trust, Inc. (2463); Specialty Acquisition Corp. (3680); SAC II (2463); and SAC D-1, LLC (1858).

1074683.2

6

In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in case no. 10-51432 should be consulted for all matters affecting this case.

The Debtors also request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

### Basis for Relief

Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b). The Gonfiantini Declaration, filed simultaneously herewith, establishes that joint administration of these chapter 11 cases is warranted. The Debtors' are affiliated companies whose financial affairs and business operations are closely related. The joint administrative of these cases will ease the administrative burden on the Court and the parties while protecting creditors of different estates against potential conflicts of interest.

The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With four (4) affiliated debtors, each with its own case docket and approximately six hundred total potential creditors and interest holders, the failure to administer these cases jointly could result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper.

Joint administration will permit the Clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration will also protect parties in interest by ensuring that such

parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth above.

The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will also be simplified.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit A: (a) authorizing the joint administration of the Debtors' cases; and (b) granting such other and further relief is proper.

**DATED** May 3, 2010.

DOWNEY BRAND LLP

*/s/ Sallie B. Armstrong/*
Sallie B. Armstrong (Bar No. 1243)
Michelle N. Kazmar (Bar No. 10098)
DOWNEY BRAND LLP

Proposed Nevada Counsel for the Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP

Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)

Proposed Counsel for the Debtors and Debtors in Possession

1074683.2

8

# EXHIBIT A

# EXHIBIT A

| | |
|---|---|
| Ira D. Kharasch (CA Bar No. 109084)<br>Scotta E. McFarland (CA Bar No. 165391)<br>Victoria A. Newmark (CA Bar No. 183581)<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California  90067-4100<br>Telephone: 310/277-6910<br>Facsimile:  310/201-0760<br>Email:  ikharasch@pszjlaw.com<br>         smcfarland@pszjlaw.com<br>       : vnewmark@pszjlaw.com<br>*[Proposed] Attorneys for Debtor and Debtor in Possession/Petitions to Practice in Nevada are Pending* | Sallie B. Armstrong (NV Bar No. 1243)<br>Downey Brand<br>427 West Plumb Lane<br>Reno, Nevada 89509<br>Telephone: 775/329-5900<br>Facsimile:  775/786-5443<br>Email:  sarmstrong@downeybrand.com<br><br>*[Proposed] Attorneys for Debtor and Debtor in Possession* |

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC.,<br><br>Debtor. | Case No. 10-51432-GWZ<br><br>Chapter 11 |
| In re<br><br>SPECIALTY ACQUISITION CORP,<br><br>Debtor. | Case No. 10-51437-GWZ<br><br>Chapter 11 |
| In re<br><br>SAC II,<br><br>Debtor. | Case No. 10-51440-GWZ<br><br>Chapter 11 |

1074683.2

9

| | |
|---|---|
| In re<br><br>SAC D-1, LLC,<br><br>Debtor. | Case No. 10-51441-GWZ<br><br>Chapter 11<br><br>**ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES PURSUANT TO FED. RULE BANKR. P. 1015(b) AND LOCAL RULE 1015(b)** |

This matter coming before the Court on the *Debtors' Motion for Joint Administration of Related Chapter 11 Cases* (the "Motion")[5] filed by the debtors and debtors in possession in the captioned chapter 11 cases (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (b) the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code; (c) the joint administration of the Debtors' cases is appropriate pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure; and (d) service and notice of the Motion was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED, retroactive to the Petition Date.

2. The captioned chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

4. The caption of their chapter 11 cases shall read as follows:

---

[5] Capitalized terms not defined herein are given the meaning assigned to them in the Motion.

1074683.2                                    10

|   |   |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT ||
| FOR THE DISTRICT OF NEVADA ||
| In re: <br><br>SPECIALTY TRUST, INC., et al.[6] <br><br>☐ Affects this Debtor <br>☐ Affects all Debtors <br>☐ Affects Specialty Acquisition Corp. <br>☐ Affects SAC II <br>☐ Affects SAC D-1, LLC | Chapter 11 <br><br>**Jointly Administered under Case No. 10-51432-GWZ** <br><br>Case Nos: <br><br>10-51432-GWZ <br>10-5137-GWZ <br>10-51440-GWZ <br>10-51441-GWZ <br><br>Jointly Administered |

5.  A docket entry shall be made in each of Debtors' cases substantially as follows:

An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in Case No. 10-51432-GWZ should be consulted for all matters affecting this case.

# # #

---

[6] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Specialty Trust, Inc. (2463); Specialty Acquisition Corp. (3680); SAC II (2463); and SAC D-1, LLC (1858).

1074683.2

11