**Entered on Docket**
**May 24, 2010**

_____
**Hon. Gregg W. Zive**
**United States Bankruptcy Judge**

_____

Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: ikharasch@pszjlaw.com
       smcfarland@pszjlaw.com
     : vnewmark@pszjlaw.com

*[Proposed] Attorneys for Debtor and
Debtor in Possession*

Sallie B. Armstrong (NV Bar No. 1243)
DOWNEY BRAND LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile: 775/786-5443
Email: sarmstrong@downeybrand.com

*[Proposed] Attorneys for Debtor and
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY TRUST, INC., et al. | Case No. 10-51432-GWZ |
| ☐ Affects this Debtor<br>☑ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Jointly Administered<br><br>**INTERIM ORDER (A) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; AND (B) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001** |

1078081.1

1   Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession
2   (the "Debtors") (a) seeking this Court's authorization pursuant to sections 105 and 363 of title 11 of
3   the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6003, 6004, and 9014 of the
4   Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001 to use any
5   and all cash and cash equivalents which are currently and/or which will be in the Debtors'
6   possession or control during the cases (the "Cash") if and to the extent that such Cash constitutes
7   cash collateral as defined in section 363(a) of the Bankruptcy Code ("Cash Collateral"), (b) seeking
8   an interim hearing (the "Interim Hearing") on the Motion to consider entry of this interim order
9   pursuant to Bankruptcy Rule 4001 (the "Interim Order") pending the Final Hearing referred to
10  below, and (c) requesting that a final hearing (the "Final Hearing," and collectively with the Interim
11  Hearing, the "Hearings") be scheduled, and that notice procedures in respect of the Final Hearing be
12  established, by this Court to consider entry of a final order (the "Final Order") authorizing on a final
13  basis the use of the Cash Collateral; and due and sufficient notice of the Motion and the Interim
14  Hearing having been given; and it appearing that the requirements of Rule 4001 of the Federal Rules
15  of Bankruptcy Procedure and Local Rule 4001, have been satisfied; and upon the entire record made
16  at the Interim Hearing and this Court having found good and sufficient cause appearing therefor,

   **IT IS HEREBY FOUND** that:

   A.   On April 20, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to manage their properties and operate their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

   B.   This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

   C.   The Debtors do not have sufficient available sources of working capital or funding to carry on the operation of their business without use of the Cash Collateral. The Debtors' ability to fund postpetition operations is essential to the Debtors' continued viability and the maximization of

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

value for the estates. In addition, the Debtors' critical need for use of the Cash Collateral is immediate. In the absence of the use of the Cash Collateral, the continued operation of the Debtors' business would not be possible, and serious and irreparable harm to the Debtors and the estates would occur.

D. Subject to the provisions of this Interim Order, and pending the next hearing on the Motion (whether an additional interim hearing or the Final Hearing), to the extent that it is found to have an interest in Cash Collateral as that term is defined in 11 U.S.C. § 363(a), U.S. Bank National Association (as administrative agent under that certain Second Amended and Restated Credit Agreement dated as of February 1, 2010) ("U.S. Bank") has consented to the use of its Cash Collateral.

E. Subject to the provisions of this Interim Order, pending the Final Hearing, and to the extent it is found to have an interest in Cash Collateral as that term is defined in 11 U.S.C. section 363(a), Deutsche Bank National Trust Company, in its capacity as Indenture Trustee, (the "Indenture Trustee" and, together with U.S. Bank, the "Prepetition Secured Lenders") is found to be adequately protected for purposes of Bankruptcy Code sections 361 and 363 by reason of the existence of an equity cushion in that the value of the collateral securing the obligations for which they act exceeds the amount of those obligations.

F. Notice of the Interim Hearing and the relief requested in the Motion has been given to (i) the Office of the United States Trustee, (ii) the Prepetition Secured Lender, (iii) the creditors holding the twenty (20) largest unsecured claims against the Debtors, (iv) all other known secured creditors; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). Sufficient and adequate notice of the Interim Hearing and the relief requested in the Motion has been given pursuant to all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including, without limitation, section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6003, and 6004(a), to the extent applicable.

G. The permission granted herein as to the Debtors' use of the Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtors. This Court concludes that entry of this Interim Order is in the best interest of the Debtors' estates and creditors as its implementation

1078081.1

will, among other things, allow for the continued operation of the Debtors' existing business and enhance the Debtors' prospects for reorganization.

Based upon the foregoing findings and conclusions, and upon the record made before this Court at the Interim Hearing, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted on an interim basis, subject to the terms and conditions set forth in this Interim Order.

2. The Debtor is authorized to use the Cash Collateral consistent with the Budget attached as Exhibit A to the *Notice of Errata Regarding Exhibit A to the Declaration of Nello Gonfiantini, III in Support of Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (Docket No. 62 in Case No. 10-51432) through June 4, 2010, subject to the following variances:

   (a) expenditures budgeted to be spent during a certain week, but not actually spent in such week, may be spent in later weeks;

   (b) as to each line item in the Budget, total actual expenditures may exceed total budgeted expenditures by up to 10%;

   (c) the variance between total actual and total budgeted expenditures may not exceed 10% in the aggregate; and

   (d) notwithstanding sections b. and c. above, actual expenditures relating to foreclosure costs and maintenance of the REO property in Sedona, Arizona may exceed budgeted expenditures by a maximum amount of $250,000.

3. The Debtors must timely file all reports, pleadings, and papers they are required to file with this Court or the United States Trustee, including, without limitation, monthly operating reports, and must provide counsel to the Prepetition Secured Lenders with copies of all pleadings, papers, and reports the Debtors file in connection with these cases when filed. Without limiting the foregoing, the Debtors must prepare and deliver to the Prepetition Secured Lenders: (i) a weekly cash-on-cash reconciliation and comparison of actual results versus the Budget (the "Weekly Cash

1078081.1

Report"), which Weekly Cash Report shall be delivered each Friday, by no later than 2:00 p.m. Pacific time, following the immediately-preceding week for which the Weekly Cash Report pertains; (ii) the real estate reports described in Section B.3 of the Debtors' omnibus reply in support of the Motion; and (iii) copies of minutes from any risk rating meetings held by the Debtors which implicate the Prepetition Collateral.

4. The amount of each of the Prepetition Secured Lenders' Cash Collateral used by the Debtors during the period covered by this Interim Order shall conclusively be deemed to be an amount equal to: (a) a fraction equal to the amount of that lender's Cash Collateral received by the Debtors during the period covered by this Interim Order divided by the total Cash Collateral received by the Debtors during the period covered by this Interim Order times (b) the total Cash Collateral used by the Debtors during the period covered by this Interim Order.

5. The Debtors must also provide to the Prepetition Secured Lenders and R.W. and A.R. Capurro Family Trust (the "Capurro Family Trust") no later than May 21, 2010, an itemized list of Specialty Financial Corp.'s actual out of pocket costs of rendering services to the Debtors pursuant to its management agreement with the Debtors (the "Confidential Management Fee Information"), subject to the conditions set forth herein. Only persons with a need to review the Confidential Management Information in relation to the bankruptcy case shall be provided access to such information, and only after executing a Confidentiality Agreement in a form that is reasonably acceptable to the Debtors. Persons authorized to review the Confidential Management Information on behalf of the Pre-Petition Lenders may include officers and employees of, and professional advisors and/or expert witnesses retained by the Prepetition Secured Lenders, and/ or their legal counsel. Only professional advisors and/or expert witnesses of the Capurro Family Trust, and/or their legal counsel, shall be entitled to review the Confidential Management Fee Information. The Debtors reserve the right to restrict access to the Confidential Management Information to those persons whom the Debtors reasonably believe have a "need to know" basis for reviewing the same in connection with the bankruptcy case. Any disputes regarding who shall have access to such Confidential Management Fee Information which cannot be informally resolved between the parties

1078081.1

shall be determined by the Bankruptcy Court. Any party that intends to file such information with any court must seek to do so under seal.

6. Nothing in this Interim Order is intended to acknowledge, recognize or allow any putative prepetition security interest in the Debtors' Cash Collateral and/or any other assets of the Debtors. The Debtors, their estates, and the Prepetition Secured Lenders expressly reserve all rights with respect to the validity, enforceability, and priority of any putative prepetition security interests in any property of the Debtors' estates.

7. A second interim Hearing on the Motion shall be held on June 2, 2010 at 2:00 p.m. (the "Continued Interim Hearing"). The issues to be considered at the Continued Interim Hearing shall be limited to whether or not the Debtors may use alleged Cash Collateral to pay all, or some portion of, the budgeted management fees to Specialty Financial Corp. Any and all supplemental briefs directed to that issue shall be filed with the Court and served so as to be received by no later than 4:00 p.m. Pacific time on May 28, 2010, by (i) the Debtors' proposed counsel, (ii) the Office of the United States Trustee, (iii) counsel for the Prepetition Secured Lenders, and (iv) counsel for the Capurro Family Trust. Such service may be made via e-mail to the counsel of record for the foregoing parties..

8. A further continued hearing on the Motion shall be held on June 22, 2010 at 10:30 a.m. The Court will establish a briefing schedule for such hearing at the June 2, 2010 hearing referred to at paragraph 7 of this Interim Order.

9. The Debtors shall serve a copy of this Interim Order via U.S. mail (or in their discretion, by any expedited means, including email, facsimile, messenger, or overnight delivery) on the Notice Parties within two (2) business days after entry of this Interim Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or other rules, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

12. Nothing contained in this Interim Order prejudices any of the parties' rights to object to the entry of an additional interim or final order on any grounds.

13. All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

### # # #

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

☐ The court has waived the requirement of approval under LR 9021.

☐ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☒ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

| | |
|---|---|
| Deutsche Bank National Trust Company | Approved |
| R. W. and A. W. Capurro Family Trust | Approved |
| U. S. Bank National Association | Approved |
| U.S. Trustee | Approved |

☐ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

Submitted by:

DOWNEY BRAND LLP

By: /s/ Sallie B. Armstrong
Sallie B. Armstrong
*Attorneys for Debtors and Debtors in Possession*

1078081.1