

**Entered on Docket
June 09, 2010**


_____
**Hon. Gregg W. Zive
United States Bankruptcy Judge**

Ira D. Kharasch (CA Bar No. 109084)
Ellen M. Bender (CA Bar No. 116987)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: *ikharasch@pszjlaw.com*
        *ebender@pszjlaw.com*
        *vnewmark@pszjlaw.com*

*[Proposed] Attorneys for Debtor and
Debtor in Possession / Petitions to Practice
in Nevada are Pending*

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile:  775/786-5443
Email:  *sarmstrong@downeybrand.com*

*[Proposed] Attorneys for Debtor and
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY TRUST, INC., et al. | **Jointly Administered under Case No. 10-51432-GWZ** |
| ☐ Affects this Debtor<br>☑ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Case Nos.<br>10-51432<br>10-51437<br>10-51440<br>10-51441 |
| | **SECOND INTERIM ORDER (A) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; AND (B) SCHEDULING A FURTHER INTERIM HEARING PURSUANT TO BANKRUPTCY RULE 4001** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Upon the continued motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "Debtors") (a) seeking this Court's authorization pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001 to use any and all cash and cash equivalents which are currently and/or which will be in the Debtors' possession or control during the cases (the "Cash") if and to the extent that such Cash constitutes cash collateral as defined in section 363(a) of the Bankruptcy Code ("Cash Collateral"), (b) seeking an interim hearing on the Motion to consider entry of an interim order pursuant to Bankruptcy Rule 4001 pending the Final Hearing referred to below, and (c) requesting that a final hearing (the "Final Hearing") be scheduled, and that notice procedures in respect of the Final Hearing be established, by this Court to consider entry of a final order (the "Final Order") authorizing on a final basis the use of the Cash Collateral; and upon the entire record made at the interim hearings on May 13, 2010 and June 2, 2010 (the "Interim Hearings" and, collectively with the Final Hearing, the "Hearings"); and this Court having found good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND** that:

A.    On April 20, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code.  The Debtors are continuing to manage their properties and operate their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

B.    This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C.    Due and sufficient notice of the Motion and the Interim Hearings have been given.

D.    The requirements of Rule 4001 of the Federal Rules of Bankruptcy Procedure and Local Rule 4001 have been satisfied.

E.    The Debtors do not have sufficient available sources of working capital or funding to carry on the operation of their business without use of the Cash Collateral.  The Debtors' ability to

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   fund postpetition operations is essential to the Debtors' continued viability and the maximization of

2   value for the estates.  In addition, the Debtors' critical need for use of the Cash Collateral is

3   immediate.  In the absence of the use of the Cash Collateral, the continued operation of the Debtors'

4   business would not be possible, and serious and irreparable harm to the Debtors and the estates

5   would occur.

6          F.      Subject to the provisions of this second interim Order (the "Second Interim Order"),

7   and pending the next hearing on the Motion (whether an additional interim hearing or the Final

8   Hearing), to the extent that it is found to have an interest in Cash Collateral as that term is defined in

9   11 U.S.C. § 363(a), U.S. Bank National Association (as administrative agent under that certain

10  Second Amended and Restated Credit Agreement dated as of February 1, 2010) ("U.S. Bank") has

11  consented to the use of its Cash Collateral.

12         G.      Subject to the provisions of this Second Interim Order, pending the Final Hearing,

13  and to the extent it is found to have an interest in Cash Collateral as that term is defined in 11 U.S.C.

14  section 363(a), Deutsche Bank National Trust Company, in its capacity as Indenture Trustee under

15  those certain indentures dated July 1, 2005 and March 1, 2009, (the "Indenture Trustee" and,

16  together with U.S. Bank, the "Prepetition Secured Lenders") is found to be adequately protected for

17  purposes of Bankruptcy Code sections 361 and 363 by reason of the existence of an equity cushion

18  in that the value of the collateral securing each of the obligations for which it acts exceeds the

19  amount of those obligations.

20         H.      Notice of the Interim Hearings and the relief requested in the Motion has been given

21  to (i) the Office of the United States Trustee, (ii) the Prepetition Secured Lenders, (iii) the creditors

22  holding the twenty (20) largest unsecured claims against the Debtors, (iv) all other known secured

23  creditors; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002.  Sufficient and

24  adequate notice of the Interim Hearings and the relief requested in the Motion has been given

25  pursuant to all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including,

26  without limitation, section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6003,

27  and 6004(a), to the extent applicable.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

I.      The permission granted herein as to the Debtors' use of the Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtors.  This Court concludes that entry of this Second Interim Order is in the best interest of the Debtors' estates and creditors as its implementation will, among other things, allow for the continued operation of the Debtors' existing business and enhance the Debtors' prospects for reorganization.

J.      Based upon the foregoing findings and conclusions, and upon the record made before this Court at the Interim Hearings, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.      The Motion is granted on an interim basis, subject to the terms and conditions set forth in this Second Interim Order.

2.      The Debtors are authorized to use the Cash Collateral consistent with the Budget attached as Exhibit A to the *Notice of Second Amended Budget* (Docket No. 150 in Case No. 10-51432) through June 25, 2010, subject to the following variances:

(a)      expenditures budgeted to be spent during a certain week, but not actually spent in such week, may be spent in later weeks;

(b)      as to each line item in the Budget, total actual expenditures may exceed total budgeted expenditures by up to 10%;

(c)      the variance between total actual and total budgeted expenditures may not exceed 10% in the aggregate; and

(d)      notwithstanding sections b. and c. above, actual expenditures relating to foreclosure costs and maintenance of the REO property in Sedona, Arizona may exceed budgeted expenditures by a maximum amount of $250,000.

3.      The Debtors must timely file all reports, pleadings, and papers they are required to file with this Court or the United States Trustee, including, without limitation, monthly operating reports, and must provide counsel to the Prepetition Secured Lenders with copies of all pleadings, papers, and reports the Debtors file in connection with these cases when filed.  Without limiting the foregoing, the Debtors must prepare and deliver to the Prepetition Secured Lenders:  (i) a weekly cash-on-cash reconciliation and comparison of actual results versus the Budget (the "Weekly Cash

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Report"), which Weekly Cash Report shall be delivered each Friday, by no later than 2:00 p.m.

2    Pacific time, following the immediately-preceding week for which the Weekly Cash Report pertains;

3    (ii) the real estate reports described in Section B.3 of the Debtors' omnibus reply in support of the

4    Motion (Docket No. 80 in Case No. 10-51432); and (iii) copies of minutes from any risk rating

5    meetings held by the Debtors which implicate the Prepetition Collateral.

6        4.    The amount of each of the Prepetition Secured Lenders' Cash Collateral used by the

7    Debtors during the period covered by this Interim Order shall conclusively be deemed to be an

8    amount equal to: (a) a fraction equal to the amount of that lender's Cash Collateral received by the

9    Debtors during the period covered by this Interim Order divided by the total Cash Collateral

10   received by the Debtors during the period covered by this Interim Order times (b) the total Cash

11   Collateral used by the Debtors during the period covered by this Interim Order.

12       5.    The Debtors must also provide to the Prepetition Secured Lenders and R.W and A.R.

13   Capurro Family Trust (the "Capurro Family Trust") no later than May 21, 2010, an itemized list of

14   Specialty Financial Corp.'s actual out of pocket costs of rendering services to the Debtors pursuant

15   to its management agreement with the Debtors (the "Confidential Management Fee Information"),

16   subject to the conditions set forth herein. Only persons with a need to review the Confidential

17   Management Information in relation to the bankruptcy case shall be provided access to such

18   information, and only after executing a Confidentiality Agreement in a form that is reasonably

19   acceptable to the Debtors. Persons authorized to review the Confidential Management Information

20   on behalf of the Pre-Petition Lenders may include officers and employees of, and professional

21   advisors and/or expert witnesses retained by the Prepetition Secured Lenders, and/ or their legal

22   counsel. Only professional advisors and/or expert witnesses of the Capurro Family Trust, and/or

23   their legal counsel, shall be entitled to review the Confidential Management Fee Information. The

24   Debtors reserve the right to restrict access to the Confidential Management Information to those

25   persons whom the Debtors reasonably believe have a "need to know" basis for reviewing the same in

26   connection with the bankruptcy case. Any disputes regarding who shall have access to such

27   Confidential Management Fee Information which cannot be informally resolved between the parties

28   shall be determined by the Bankruptcy Court. Any party that intends to file such information with

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   any court must seek to do so under seal.  The Indenture Trustee's request to be permitted to disclose

2   "Confidential Management Fee Information" to the noteholders for which it serves as Indenture

3   Trustee is denied without prejudice.

4       6.      Nothing in this Interim Order is intended to acknowledge, recognize or allow any

5   putative prepetition security interest in the Debtors' Cash Collateral and/or any other assets of the

6   Debtors.  The Debtors, their estates, and the Prepetition Secured Lenders expressly reserve all rights

7   with respect to the validity, enforceability, and priority of any putative prepetition security interests

8   in any property of the Debtors' estates.

9       7.      Nothing in this Second Interim Order shall prejudice the rights of the Office of the

10  United States Trustee, U.S. Bank, the Indenture Trustee, and the Equity Security Holders'

11  Committee (the "Equity Committee") to (i) seek disgorgement with respect to the Debtors' payment

12  of the management fee to Specialty Financial Corp. scheduled for mid-June (through set-off of

13  future management fees or otherwise) as excessive; and/or (ii) contest any payment of future

14  management fees, or the Debtors' rights to contest disgorgement and to support payment of future

15  management fees, all of which rights are hereby reserved.

16      8.      A third interim Hearing on the Motion shall be held on June 22, 2010 at 11:00 a.m.

17  (the "Continued Interim Hearing") to address the status of the Debtors' use of Cash Collateral.  Any

18  parties may, but are not required, to file and serve on (i) the Debtors, (ii) the Prepetition Lenders,

19  (iii) the Equity Committee, and (iv) the United States Trustee, status reports by no later than 12:00

20  p.m. Pacific time on June 21, 2010.  Service of such status reports may be made via e-mail to the

21  counsel of record for the foregoing parties.

22      9.      The Debtors shall serve a copy of this Second Interim Order via U.S. mail (or in their

23  discretion, by any expedited means, including email, facsimile, messenger, or overnight delivery) on

24  (i) the Office of the United States Trustee, (ii) the Prepetition Secured Lenders, (iii) the creditors

25  holding the twenty (20) largest unsecured claims against the Debtors, (iv) all other known secured

26  creditors; (v) all parties requesting notice pursuant to Bankruptcy Rule 2002; and (vi) the Equity

27  Committee, within two (2) business days after entry of this Second Interim Order.

28

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Second Interim Order.

11.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or other rules, the terms and conditions of this Second Interim Order shall be immediately effective and enforceable upon its entry.

12.     Nothing contained in this Second Interim Order prejudices any of the parties' rights to object to the entry of an additional interim or final order on any grounds.

13.     All time periods set forth in this Second Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

# # #

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

☐     The court has waived the requirement of approval under LR 9021

☐     This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☑     This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

|  |  |
|---|---|
| Deutsche Bank National Trust Company | Approved |
| U.S. Bank National Association | Approved |
| Equity Holders Committee | Approved |
| Office of the United States Trustee | Approved |

☐     I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2  Submitted by:

DOWNEY BRAND LLP

3
4  By: _____
      Sallie B. Armstrong
5     *Proposed Counsel for Debtors and*
      *Debtors in Possession*
6
   Approved:
7
   OFFICE OF THE UNITED STATES TRUSTEE
8
9  By: _____
      E

10    **WILLIAM B. COSSITT**
      Trial Attorney for Acting United States
11    Trustee Sara L. Kistler

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

80662-001\DOCS_LA:220835.3                    8