**Entered on Docket
June 17, 2010**

Hon. Gregg W. Zive
United States Bankruptcy Judge

Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Steven J. Kahn (CA Bar No. 076933)
Victoria A. Newmark (CA Bar No. 189301)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: ikharasch@pszjlaw.com
smcfarland@pszjlaw.com
sjkahn@pszjlaw.com
vnewmark@pszjlaw.com
*Attorneys for Debtors
and Debtors in Possession*

Sallie B. Armstrong (NV Bar No. 1243)
DOWNEY BRAND LLP
427 West Plumb Lane
Reno, NV 89509
Telephone: (775) 329-5900
Facsimile: (775) 786-5443
Email: reno@downeybrand.com
*Nevada Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC., et al.[1]<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>Bankruptcy Case Nos.:<br><br>Specialty Trust, Inc.: 10-51432<br>Specialty Acquisition Corp.: 10-51437<br>SAC II: 10-51440<br>SAC D-1, LLC: 10-51441<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, FED. R. BANKR. P. 2016 AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>Hearing Date: June 2, 2010<br>Hearing Time: 2:00 p.m. |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Specialty Trust, Inc. (2463); Specialty Acquisition Corp. (3680); SAC II (2463); and SAC D-1, LLC (1858).

1078036.4

Upon the *Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 Authorizing and Establishing Procedures for Interim Compensation and Reimbursement for Expenses for Professionals* ("Motion") filed by Specialty Trust, Inc. and its affiliated debtors and debtors in possession (collectively the "Debtors"); this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; due and proper notice of the Motion having been provided; it appearing that no other or further notice need be provided; the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all other parties in interest subject to the modifications set forth herein; and good cause appearing therefor;

IT IS HEREBY ORDERED that the Motion is granted, subject to the following modifications:

a. Paragraph C is modified to provide that: If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, put such objection in writing (an "Objection") and serve such Objection on such Professional and each other Notice Party so that the Objection is received on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are able to resolve the Objection, the Debtors shall then be authorized to pay 80% of the fees and 100% of the expenses of the resolved amount. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the maximum monthly payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court

will consider and dispose of the Objection if requested by the parties.

b. Paragraph E is modified to provide: Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every 120 days or at such other intervals as the Court deems appropriate.

IT IS FURTHER ORDERED that except as otherwise provided this Order or an order of this Court authorizing the retention of a particular professional, Professionals shall be and hereby are permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the Compensation Procedures set forth in the Motion.

IT IS FURTHER ORDERED that each member of the Equity Committee or other committee appointed in these chapter 11 cases shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to counsel for the Equity Committee or other committee appointed in these chapter 11 cases, which counsel shall collect and submit the committee members' request for reimbursement in accordance with the Compensation Procedures set forth in the Motion.

IT IS FURTHER ORDERED that Debtors shall include all payments made to Professionals in accordance with the Motion in their monthly operating report, identifying the amount paid to each of the Professionals.

///
///
///
///
///
///
///
///
///

1  IT IS FINALLY ORDERED that this Court shall retain jurisdiction to hear and determine
2  all matters arising from the implementation and/or interpretation of this Order.

# # #

Submitted by:

DOWNEY BRAND LLP

By: *[signature]*
Sallie B. Armstrong
*Attorneys for Debtors and Debtors in Possession*

Approved:

OFFICE OF THE UNITED STATES TRUSTEE

By: *[signature]*
**WILLIAM B. COSSITT**
Trial Attorney for Acting United States Trustee Sara L. Kistler