Jennifer A. Smith (NV Bar No. 610)
jsmith@lionelsawyer.com
LIONEL SAWYER & COLLINS
1100 Bank of America Plaza
50 West Liberty Street
Reno, Nevada 89501
(775) 788-8624 (Telephone)
(775) 788-8682 (Fax)

Richard W. Esterkin (CA Bar No. 70769)
resterkin@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, 22nd Fl.
Los Angeles, CA 90071-3132
(213) 612-1163 (Telephone)
(213) 612-2501 (Fax)

Attorneys for Deutsche Bank National
Trust Company, as Indenture Trustee

E-Filed on June 21, 2010

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC.,<br>                       Debtor. | Case No.: 10-51432-GWZ<br>Chapter 11 |
| In re:<br><br>SPECIALTY ACQUISITION CORP,<br>                       Debtor. | Case No.: 10-51437-GWZ<br>Chapter 11 |
| In re:<br><br>SAC II,<br>                       Debtor. | Case No.: 10-51440-GWZ<br>Chapter 11 |
| In re:<br><br>SAC D-1, LLC,<br>                       Debtor. | Case No.: 10-51441-GWZ<br>Chapter 11<br><br>**DEUTSCHE BANK NATIONAL TRUST COMPANY'S STATUS REPORT RE CASH COLLATERAL MOTION**<br><br>**Hearing Date:** June 22, 2010<br>**Hearing Time:** 11:00 a.m. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21766278.1

Deutsche Bank National Trust Company, solely in its capacity as indenture trustee under those certain indentures dates July 1, 2005 and May 1, 2008 related to Specialty Trust, Inc, each as amended and restated, (the "Indenture Trustee") respectfully submits the following status report in relation to the June 22, 2010 hearing on the *Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* ( Docket No. 36) (the "Motion"):

1. As noted in the *Preliminary Limited Objection of Deutsche Bank National Trust Company, as Indenture Trustee to Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Utilize Cash Collateral Pusuant to 11 U.S.C. § 363 and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (Docket No. 77):

(a) The Indenture Trustee serves as indenture trustee for notes aggregating approximately $37 million that, according to the *Declaration of Nello Gonfiantini in Support of the Following: (1) Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases Pursuant to Fed. Rule Bankr. P. 1015(b) and Local rule 1015(b); (2) Motion of Specialty Trust for Order Limiting Scope of Notice; and (3) Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (Docket No. 37), are secured by ten parcels of real property and five loans secured by interests in real property or equity interests in entities owning real property;

(b) The Debtors have not carried its burden of demonstrating that the Indenture Trustee's interest in the cash collateral that the Debtors propose to use is adequately protected by an equity cushion; and

(c) As a result, the Debtors ought to be required to grant the Indenture Trustee a replacement lien to provide the Indenture Trustee with adequate protection for the Debtors' proposed use of its cash collateral.

2. This Court has previously found, on two occasions, on a preliminary basis, that, notwithstanding the Indenture Trustee's objections, the Indenture Trustee's interest in the

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

DB2/21766278.1

Debtors' cash collateral is adequately protected by an equity cushion.

3. On May 12, 2010, the Indenture Trustee served the Debtors with a *Notice of Deposition with Document Request re Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "Notice") requesting that the Debtors designate an individual to testify regarding certain matters and produce certain documents. A copy of the Notice is attached hereto as Exhibit 1.

4. Since May 12, 2010, counsel for the Indenture Trustee, the Debtors and the Equity Committee have engaged in a number of conversations, and exchanged a number of e-mails, regarding the production of the documents requested in the Notice and the scheduling of the deposition referred to in the Notice. At present, it is expected that the Debtors' will complete their production of the documents requested in the Notice on June 21, 2010 (subject to certain limitations on the scope of the documents requested that have been agreed to among counsel) and that the deposition requested in the Notice will commence on June 28, 2010 at the law offices of Morgan, Lewis & Bockius LLP in Los Angeles, California. As a result, it is clear that the discovery that the Indenture Trustee requested on May 12, 2010 will not be complete in time to present the evidence disclosed by that discovery to the Court at the June 22, 2010 hearing on the Motion. In addition, at the June 2, 2010 hearing on the Motion, this Court indicated that it would not have sufficient time on June 22, 2010 to conduct an evidentiary hearing.

5. As a result of the foregoing, without waiving its objection to the evidentiary showing made by the Debtors in relation to the Motion or its objection to the Motion on the basis that, absent a replacement lien, it lacks adequate protection, the Indenture Trustee believes that it would be appropriate for this Court to authorize the Debtors to continue to use cash collateral on the same terms as the Court's prior orders (Docket Nos. 113 and 174), to set this matter for a continued hearing at a date convenient to the Court in mid-August 2010 and to set a briefing schedule in relation to that hearing. In addition, the Indenture Trustee respectfully requests that the Court set a Status Conference in relation to the Motion in advance of the foregoing hearing so

that the parties can inform the Court whether or not they will be prepared to proceed with an evidentiary hearing at such time as the Court may have scheduled that hearing.

Dated this 21st day of June, 2010.

                                          LIONEL SAWYER & COLLINS

                                        By:  /s/ Jennifer A. Smith
                                                 Jennifer A. Smith

                                        MORGAN, LEWIS & BOCKIUS LLP

                                        By:  /s/ Richard W. Esterkin
                                                 Richard W. Esterkin

                                        Attorneys for Deutsche Bank National Trust Company, as Indenture Trustee

# EXHIBIT "1"

# EXHIBIT "1"

1  Jennifer A. Smith (NV Bar No. 610)
   jsmith@lionelsawyer.com
2  LIONEL SAWYER & COLLINS
   1100 Bank of America Plaza
3  50 West Liberty Street
   Reno, Nevada 89501
4  (775) 788-8624 (Telephone)
   (775) 788-8682 (Fax)
5
   Richard W. Esterkin (CA Bar No. 70769)
6  resterkin@morganlewis.com
   MORGAN, LEWIS & BOCKIUS LLP
7  300 South Grand Avenue, 22nd Fl.
   Los Angeles, CA 90071-3132
8  (213) 612-1163 (Telephone)
   (213) 612-2501 (Fax)
9
   Attorneys for Deutsche Bank National
10 Trust Company, as Indenture Trustee

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEVADA

| In re: | Case No.: 10-51432-GWZ<br>Chapter 11 |
|---|---|
| SPECIALTY TRUST, INC.,<br>  Debtor. | |
| In re: | Case No.: 10-51437-GWZ<br>Chapter 11 |
| SPECIALTY ACQUISITION CORP,<br>  Debtor. | |
| In re: | Case No.: 10-51440-GWZ<br>Chapter 11 |
| SAC II,<br>  Debtor. | |
| In re: | Case No.: 10-51441-GWZ<br>Chapter 11 |
| SAC D-1, LLC,<br>  Debtor. | **NOTICE OF DEPOSITION WITH DOCUMENT REQUEST RE DEBTORS' MOTION FOR INTERIM ORDERS (A) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND (B) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21713055.1                1                                ()

TO THE PARTIES HERETO AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Bankruptcy Rules 9014 and 7030, and Federal Rule of Civil Procedure 30 Deutsche Bank National Trust Company, solely in its capacity as indenture trustee under those certain Indentures dated July 1, 2005 and May 1, 2008 related to Specialty Trust, Inc., each as amended and restated, (the "**Indenture Trustee**"), will take the depositions of Specialty Trust, Inc. on May 28, 2010, commencing at 10:00 a.m. at the law offices of Morgan, Lewis & Bockius, LLP 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California with respect to the matters described on Exhibit A hereto. If not completed on said date, said deposition will be continued from day to day, Saturdays, Sundays and holidays excluded, untile completed, or at such other time or times as may be agreed upon by counsel at the foregoing deposition. Said deposition will be taken before an officer authorized to administer oaths and recorded by stenographic means.

To the best of the Indenture Trustee's knowledge, the current address for Specialty Trust, Inc. is 6160 Plumas Street, Suite 200, Reno, Nevada 89519.

Pursuant to the provisions of Bankruptcy Rules 9014 and 7030 and Federal Rules of Civil Procedure 30 and 34, Specialty Trust is hereby requested to produce the documents described on Exhibit B hereto at or before the time of the foregoing deposition.

Dated this 12th day of May, 2010.

LIONEL SAWYER & COLLINS

By: /s/ Jennifer A. Smith
    Jennifer A. Smith

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Richard W. Esterkin
    Richard W. Esterkin

Attorneys for Deutsche Bank National Trust Company, as Indenture Trustee

**Exhibit A**

1. The status of the loans described on Exhibit C hereto.

2. Communications by or on behalf of Specialty Trust, Inc. with the borrowers under the loans described on Exhibit C hereto.

3. Due diligence conducted by or on behalf of Specialty Trust, Inc. with respect to the loans described on Exhibit C hereto.

4. The efforts by Specialty Trust, Inc. to enforce its rights with respect to the loans described on Exhibit C hereto.

5. The determination by Specialty Trust, Inc. to enforce, or to refrain from enforcing, its rights with respect to the loans described on Exhibit C hereto.

6. The authenticity of the documents produced by Specialty Trust, Inc. in response to this notice.

**Exhibit B**

1. Any and all loan ledgers recording the status of payments received by or on behalf of Specialty Trust, Inc. with respect to the loans described on Exhibit C hereto.

2. Any and all documents referring to, or constituting, communications between: (a) Specialty Trust, Inc. or any entity or person on behalf of Specialty Trust, Inc., on the one hand and (b) any of the borrowers under the loans described on Exhibit C hereto, or any person or entity on behalf of such borrower or borrowers.

3. Any and all title reports with respect to the real estate securing the loans described on Exhibit C hereto.

4. Any and all reports respecting the environmental condition of the real estate securing the loans described on Exhibit C hereto.

5. Any and all documents referring or relating to any governmental permits or licenses for the development of any of the real estate securing the loans described on Exhibit C hereto.

6. Any and all documents referring or relating to any acts taken by or on behalf of Specialty Trust, Inc. to enforce its rights with respect to the loans described on Exhibit C hereto including, without limitation, notices of default and documents relating to the foreclosure of any security for such loans.

7. Any and all appraisals of the real estate securing the loans described on Exhibit C hereto, other than such appraisals as may have previously been provided to the Indenture Trustee.

8. Any and all documents referring or relating to the financial condition of the borrowers under the loans described on Exhibit C hereto.

9. Any and all documents evidencing obligations to Specialty Trust, Inc. in relation to the loans described on Exhibit C hereto including, without limitation, promissory notes, deeds of trust, mortgages, security agreements, pledge agreements, guaranties and loan agreements.

Exhibit C

Deutsche Bank
Secured Investment Notes

REOs

| Debtor Owner | Development | Real Property Description | Real Property Current Appraised Value | Date of Appraisal | Appraiser | Percent Owned | Book Value of Real Property Collateral (where appraised value is less than face value of the note, 5% deducted from appraised value) |
|---|---|---|---|---|---|---|---|
| SAC II | Symphony | 100 Acres vacant Residential land in Sierra Vista, CA | $ 1,800,000.00 | 1/19/2010 | NAI Horizon | 100% | $ 1,710,000.00 |
| Specialty Acquisition | Consolidated | 54 Partially improved residential lots in Sparks, NV | $ 2,430,000.00 | 12/17/2009 | J. Campbell, MAI | 100% | $ 2,308,500.00 |
| SAC II and Specialty Trust *** | Duck Creek | 113 acres vacant residential land in Stockton, CA | $ 9,450,000.00 | 1/7/2010 | R. Dozier MAI | 100% | $ 8,977,500.00 |
| SAC II | Coolidge 140 | 140 acres farm land in Coolidge, AZ | $ 3,500,000.00 | 10/29/2009 | NAI Horizon | 100% | $ 3,325,000.00 |
| Specialty Acquisition | Cotton Lane | 15 acres Commercial zoned in Goodyear, AZ | $ 1,350,000.00 | 12/2/2009 | NAI Horizon | 100% | $ 1,282,500.00 |
| SAC II | Prime West Jordanelle * | 400 acres in master planned community in Park City, UT | $ 15,350,000.00 | 2/10/2010 | R. Dozier MAI | 100% | $ 12,017,908.83 |
| Specialty Trust ** | Mohave Vista | 73 acres vacant land zoned recreation in Havasu City, AZ | $ 1,690,000.00 | 8/20/2009 | LS Appraisal Services | 100% | $ 1,240,478.69 |
| SACII | 2522 Properties | .98 acres residential undeveloped land entitled for 4 lots | $ 615,000.00 | 3/19/2010 | M. Frauenthal & Assoc. | 100% | $ 584,250.00 |
| SACII | Oakcreek Condo LLC | .98 acres unimproved multifamily land in Phoenix, AZ | $ 3,440,000.00 | 4/12/2010 | R. Dozier MAI | 100% | $ 3,268,000.00 |
| Specialty Acquisition | 5th & Lincoln, LLC **** | 1.60 acres vacant multifamily land in Phoenix, AZ | $ 6,400,000.00 | 4/12/2010 | R. Dozier MAI | 100% | $ 6,080,000.00 |
| Total: | | | $ 46,025,000.00 | | | | $ 45,794,137.52 |

Exhibit C

Deutsche Bank
Secured Investment Notes

Pledged Loans

| Borrower | Loan Balance | ST Participation | Loan Type | Real Property Description | Appraised Value | Date of Appraisal | Appraiser | Senior Encumbrances | lower of appraisal or loan amount (net of senior encumbrances) | Book Value of Loan |
|---|---|---|---|---|---|---|---|---|---|---|
| Vero Desert Lakes | $ 7,500,000.00 | $ 7,500,000.00 | Mezz | 2300 acres undeveloped residential land in Coachella, Ca | $ 51,450,000.00 | 12/7/2009 | R. Dozier, MAI | $ 37,757,500.00 | $ 7,500,000.00 | $ 7,947,145.00 |
| Waterfront Partners LLC | $ 6,860,000.00 | $ 6,860,000.00 | 2nd d/t | 3.5 acres vacant land zoned mixed use in Downtown, Reno, NV | $ 18,000,000.00 | 1/11/2010 | J. Campbell, MAI | $ 4,060,000.00 | $ 6,860,000.00 | $ 6,860,000.00 |
| Nadador, LLC | $ 5,036,318.00 | $ 5,036,318.00 | 2nd d/t | 32 Home Fractional project in LaQuinta CA | $ 23,557,000.00 | 12/1/2009 | R. Dozier, MAI | $ 14,800,000.00 | $ 5,036,318.00 | $ 2,792,669.00 |
| Nadador, LLC | $ 5,200,000.00 | $ 5,200,000.00 | Mezz | 32 Home Fractional project in LaQuinta CA | $ 23,557,000.00 | 12/1/2009 | R. Dozier, MAI | $ 27,146,968.00 | $ - | $ - |
| Desert Land LLC | $ 5,000,000.00 | $ 871,000.00 | 1st d/t | 3.35 acres vacant com'l land in Las Vegas, NV | $ 60,300,000.00 | 6/1/2009 | The DeFederico Group | | $ 871,000.00 | $ 871,000.00 |
| | $ 29,596,318.00 | $ 25,467,318.00 | | | $ 176,864,000.00 | | | $ 83,704,468.00 | $ 20,267,318.00 | $ 18,470,814.00 |

5