Bruce T. Beesley, Esq. (NV Bar No. 1164) bbeesley@lrlaw.com
LEWIS AND ROCA LLP
Bank of America Plaza
50 W. Liberty Street, Ste. 410
Reno, NV 89501
(775) 823-2900

and

Jordan A. Kroop (AZ Bar No. 018825) jkroop@ssd.com
Kelly Singer (AZ Bar No. 022024) ksinger@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
(602) 528-4000
Counsel for U.S. Bank National Association

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY TRUST, INC., et al. | Case No. 10-51432-GWZ |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Jointly Administered<br><br>Chapter 11<br><br>**OBJECTION TO EQUITY COMMITTEE'S APPLICATION TO RETAIN FTI CONSULTING AS FINANCIAL ADVISORS**<br><br>HEARING DATE: June 22, 2010<br>HEARING TIME: 11:00 am |

U.S. Bank National Association, in its own capacity and as agent bank ("**US Bank**"), a secured creditor in the above-captioned Debtors' bankruptcy cases, respectfully submits this objection to the *Application Pursuant To Fed. R. Bankr. P. 2014(a) For Order Under Section 1103 Of The Bankruptcy Code Authorizing The Employment And Retention Of FTI Consulting, Inc. As Financial Advisors To The Official Committee Of Equity Holders Nunc Pro Tunc To June 11, 2010* (the "**Application**").

This Court on more than one occasion has cautioned the Debtors and interested parties about the amount of administrative expenses being incurred in these cases. US Bank shares the Court's concern. Administrative expenses incurred on account of professionals, like FTI Consulting ("**FTI**"), must be paid, at least in part, from US Bank's cash collateral. In this regard, this Court should deny the Official Committee of Equity Holders' (the "**Committee**") proposed retention of FTI. The services of a separate financial advisor are needlessly duplicative of those to be provided by the Debtors' proposed financial advisor, Imperial Capital. US Bank believes that the Debtors have offered the Committee considerable access to Imperial Capital and invited the Committee to participate in substantive discussions. One financial advisor should suffice for these cases as the Debtors' and the Committee's interests are aligned. Accordingly, FTI's services would unnecessarily add to the administrative burdens in these cases to the detriment of US Bank, its cash collateral, and the interests of all creditors.

## OBJECTION

### Imperial Capital Will Be Performing The Same Tasks As FTI

1. A review of the Application demonstrates that FTI would perform exactly the same tasks for which the Debtors propose to hire Imperial Capital. FTI is expected to do the following:

   a) assist in the review of financial-related disclosures, including the statement and schedules and the monthly operating reports;
   b) assist with debtor-in-possession financing;
   c) assist in the review of the Debtors' short-term cash management procedures;
   d) assist in the review of the management fee and related employee compensation;
   e) strategize the disposition of assets and operations;
   f) assist in analyzing executory contracts;
   g) assist in identifying cost-saving measures;
   h) assist in the review of financial information distributed by the Debtors;
   i) attend meetings;
   j) assist with plan confirmation issues;
   k) assist with analyzing avoidance actions;
   l) perform litigation advisory services; and
   m) render such other general consulting and financial advisory services.

Application, ¶9, pages 3-4.  Likewise, Imperial Capital will undertake the following duties if retained in these cases:

    a)     analyze the Debtors' business operations, properties, financial condition, competition, forecast, prospects and management;
    b)     perform a financial valuation of the ongoing operations of the Debtors;
    c)     assist the Debtors in developing, evaluation, structuring and negotiating the terms and conditions of a potential restructuring;
    d)     assist the Debtors in preparing restructuring offering materials;
    e)     advise the Debtors on a proposed purchase price for a "Transaction" (which may be a merger, consolidation, or sale);
    f)     advise the Debtors in developing and evaluating the conditions of a Transaction;
    g)     assist the Debtors in preparing transaction offering materials;
    h)     identify buyers for a Transaction and assisting with due diligence;
    i)     assist the Debtors in a financing;
    j)     assist the Debtors with preparing financing offering materials;
    k)     identify possible purchasers for a financing;
    l)     render expert testimony; and
    m)     provide other financial advisory services that may be agreed on by the Debtors and Imperial Capital.

Debtors' Application To Retain Imperial Capital, ¶16, pages 6-8.

    2.     There are no tasks contained in the Application to retain FTI that will not, or cannot, be performed by Imperial Capital.  Indeed, all of FTI's duties are captured under (a) above (analyze the Debtors' business operations, properties, financial condition, competition, forecast, prospects and management).  Items (b) and (c) above also overlap with FTI's proposed services.  US Bank believes that Imperial Capital is a well-respected financial consulting firm that is fully capable of providing sound financial and investment banking advice for these cases.  The Committee has offered no reason why an additional consulting firm is necessary.

    3.     Additionally, the Debtors' and the Committee's interests are inherently aligned.  The Debtors and their management want to maintain these cases for the benefit of their creditors and ultimately their equity holders.  It is against this backdrop that the Debtors offered the Committee access to Imperial Capital and the Debtors' discussions with them.  Under these

circumstances, the Committee cannot learn anything from FTI that it could not obtain from Imperial Capital.

**The Court Should Scrutinize FTI's Fee Applications If They Are Retained**

4.  If the Committee is authorized to retain FTI, this Court should review any of their fee applications with strict scrutiny. It is highly likely that FTI and Imperial Capital will be performing identical duties with respect to the same Debtor entities, so a heightened standard for FTI's fee applications is especially warranted.

5.  Indeed, FTI may already be performing unnecessary services. In the motion for an expedited hearing on the Application, the Committee stated the following:

> The Committee seeks a hearing on this Application, as soon as possible, as there are urgent matters happening that require FTI's attention, including the Deutsche Bank deposition set for June 28th and the thousands of pages of documents to be produced in connection with the deposition.

Committee's Motion For An Expedited Hearing, ¶4, page 2. It is unclear why FTI is needed to review "thousands of pages" of discovery turned over on account of Deutsche Bank's Rule 2004 requests. US Bank understands that this discovery involves documents dated several years ago, which likely have nothing to do with the Debtors' current financial situation. Equally mysterious is the reason FTI would need to attend a deposition of the Debtors, let alone one noticed by Deutsche Bank.

6.  Furthermore, FTI's fees—like Imperial Capital's fees—should be subject to a cap. The Application suggests that FTI can incur more than $50,000 per month in fees (with those amounts in excess of $50,000 being carried over to the next month). This is an egregious amount of money to be sucked from these estates, especially if there are two financial advisors depleting US Bank's cash collateral and other estate assets.

7.  The Application also suggests that FTI should be retained with a general retainer, but the Committee fails to explain the amount or parameters of any retainer. *See* Application,

¶15, page 5. There is no reason for a retainer because FTI's fees are budgeted and paid under a cash collateral budget.

## CONCLUSION

US Bank respectfully requests that the Court enter an order denying the Application. Should the Court authorize the Committee to retain FTI, US Bank respectfully requests that a heightened standard should be applied in reviewing FTI's fee applications, that the Court apply a cap to their fees, and that there be no retainer for FTI.

Dated: June 21, 2010

SQUIRE, SANDERS & DEMPSEY L.L.P.

By:   */s/ Jordan A. Kroop*
     Jordan A. Kroop
     Kelly Singer
Two Renaissance Square, Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004
(602) 528-4000
jkroop@ssd.com

Bruce T. Beesley, Esq.
LEWIS AND ROCA LLP
Bank of America Plaza
50 W. Liberty Street, Ste. 410
Reno, NV   89501

Counsel for U.S. Bank National Association

# CERTIFICATE OF SERVICE

1.   On the 21st day of June, 2010, I served the following document(s):

- **OBJECTION TO EQUITY COMMITTEE'S APPLICATION TO RETAIN FTI CONSULTING AS FINANCIAL ADVISORS**

2.   I served the above-named document(s) by the following means to the persons as listed below:

(Check all that apply)

☒ xx    a.    ECF System

SALLIE B ARMSTRONG on behalf of Debtor SAC D-1 LLC
sarmstrong@downeybrand.com, reno@downeybrand.com

BRUCE THOMAS BEESLEY on behalf of Creditor U.S. BANK
bbeesley@lrlaw.com, rmaples@lrlaw.com;jmoulian@lrlaw.com;mburns@lrlaw.com

JAMES R CAVILIA on behalf of Creditor THE BALLARDINI FAMILY TRUST
jcavilia@allisonmackenzie.com, voneill@allisonmackenzie.com

JANET L. CHUBB on behalf of Creditor JORDANELLE IMPROVEMENT DISTRICT
tbw@jonesvargas.com

ANGELIQUE L. M. CLARK
aclarkttee@hotmail.com, NV12@ecfcbis.com

RICHARD W. ESTERKIN on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE
resterkin@morganlewis.com

LUCAS GJOVIG on behalf of Creditor TABERNA CAPITAL MANAGEMENT, LLC
lmgjovig@duanemorris.com, jldailey@duanemorris.com

CHRISTOPHER D JAIME on behalf of Creditor MAUPIN, COX & LEGOY PSP&T
cjaime@mclrenolaw.com, kbernhardt@mclrenolaw.com

IRA D KHARASCH on behalf of Debtor SAC D-1 LLC
ikharasch@pszjlaw.com

JORDAN A KROOP on behalf of Creditor U.S. BANK
jkroop@ssd.com, kgraves@ssd.com;ksinger@ssd.com

SCOTTA E. MCFARLAND on behalf of Debtor SAC D-1 LLC
smcfarland@pszjlaw.com

VICTORIA A. NEWMARK on behalf of Debtor SAC D-1 LLC
vnewmark@pszjlaw.com

MICHAEL J PANKOW on behalf of Creditor Taberna Preferred Funding VII, Ltd.
mpankow@bhfs.com

C DAVID RUSSELL on behalf of Creditor SUSAN BOWLUS
drussell@grgflaw.com, dcalhoun@grgflaw.com

HEATHER E. SCHELL on behalf of Creditor Taberna Preferred Funding VII, Ltd.
hschell@bhfs.com

JENNIFER A. SMITH on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE
bklscr@lionelsawyer.com, cobrien@lionelsawyer.com

KAARAN E. THOMAS on behalf of Stockholder OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
kthomas@mcdonaldcarano.com, mmorton@mcdonaldcarano.com

U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

ARTHUR A. ZORIO on behalf of Creditor PIERO ZORIO
azorio@watsonrounds.com, kmetcalf@watsonrounds.com

☐    **b.**    **United States mail, postage fully prepaid**

☐    **c.**    **Personal Service**

I personally delivered the document(s) to the person(s) at these address(es):

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place with someone of suitable age and discretion residing there.

☐    **d.**    **By direct email (as opposed to through the ECF System)**

1

2  Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

3

4

☐ **e.** **By Fax transmission**

5

6  Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of fax transmission is attached.

7

8  ☐ **f.** **By Messenger**

9

10  I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

11  I declare under penalty of perjury that the foregoing is true and correct.

12  Dated this 21st day of June, 2010.

13  By: Roxanne H. Maples                    /s/ Roxanne H. Maples

14                                                                  Signature

15

16

17

18

19

20

21

22

23

24

25

26

Lewis and Roca LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501

121100.1