Ira D. Kharasch (CA Bar No. 109084)
Ellen M. Bender (CA Bar No. 116987)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: ikharasch@pszjlaw.com
       ebender@pszjlaw.com
       vnewmark@pszjlaw.com

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile: 775/786-5443
Email: *sarmstrong@downeybrand.com*

*Attorneys for Debtor and Debtor in Possession*

*Attorneys for Debtor and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC., et al.[1]<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>**Jointly Administered under Case No. 10-51432-GWZ**<br><br>Case Nos.<br>10-51432<br>10-51437<br>10-51440<br>10-51441<br><br>**STATUS REPORT REGARDING USE OF CASH COLLATERAL**<br><br>**Hearing Date: June 22, 2010**<br>**Hearing Time: 11:00 a.m.** |

TO THE HONORABLE BANKRUPTCY COURT AND INTERESTED PARTIES:

The Debtors hereby file this *Status Report Regarding Use of Cash Collateral* (the "Status Report"). In support of this Status Report, the Debtors respectfully state as follows:

///

///

///

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Specialty Trust, Inc. (2463); Specialty Acquisition Corp. (3680); SAC II (2463); and SAC D-1, LLC (1858).

# I.

## Background

On May 3, 2010, the debtors and debtors in possession (the "Debtors") in the captioned chapter 11 cases filed the *Motion for Interim and Final Orders (A) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Scheduling A Final Hearing Pursuant to Bankruptcy Rule 4001; Memorandum of Points and Authorities In Support Thereof* (the "Cash Collateral Motion") (Docket No. 36) and the *Declaration of Nello Gonfiantini, III In Support of Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Scheduling A Final Hearing Pursuant to Bankruptcy Rule 4001* (the "Gonfiantini Declaration") (Docket 37) and Exhibits A & B thereto, including a proposed DIP operating budget setting forth the proposed utilization of cash collateral by the Debtors for the period April 26, 2010 through August 27, 2010.

On May 7, 2010, the Debtors submitted the *Notice of Errata Regarding Declaration of Nello Gonfiantini, III In Support of Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Scheduling A Final Hearing Pursuant to Bankruptcy Rule 4001* (Docket No. 62), together with an amended DIP operating budget for the period April 26, 2010 through October 1, 2010 (the "First Amended Budget").

On May 24, 2010, the Court entered its *Interim Order (A) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "First Interim Order") (Docket No. 113) authorizing the Debtors to use cash collateral in accordance with the First Amended Budget and First Interim Order through and including June 4, 2010 and setting a further interim hearing for June 2, 2010.

On May 28, 2010, the Debtors submitted the *Notice of Second Amended Budget*, together with an amended DIP operating budget for the period April 26, 2010 through October 1, 2010 (the "Second Amended Budget") (Docket No. 150).

On June 9, 2010, the Court entered its *Second Interim Order (A) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (B) Scheduling a Further Interim Hearing Pursuant to Bankruptcy Rule 4001* (the "Second Interim Order") (Docket No. 174) authorizing the

80662-001\DOCS_LA:221339.1
1084185.1

Debtors to continue to use cash collateral in accordance with the Second Amended Budget and Second Interim Order through and including June 25, 2010 and setting a further interim hearing and status conference for June 22, 2010.

## II.

## Recent Developments

Concurrently herewith, the Debtors submit the *Notice of Third Amended Budget*, together with a further amended budget for the period April 26, 2010 through October 1, 2010 (the "Third Amended Budget").

Since the June 2nd hearing, the Debtors have continued to use cash collateral in accordance with the Second Amended Budget. As set forth in the Notice of Third Amended Budget, certain additional line items have been added to the budget reflecting estimates for the Equityholders' Committee and U.S. Bank. In addition, the Third Amended Budget eliminates from the income received by the Debtors the cash generated by the real property owned by non-debtor 5th & Lincoln, LLC, which had been included in prior budgets.

## III.

## Corrected Collateral Valuation Summary for the Secured Notes

Since filing the Cash Collateral Motion, the Debtors have discovered two errors in the valuation summary for certain collateral pledged to the holders of the Secured Notes (as defined in the Cash Collateral Motion) that was appended as Exhibit B to the Gonfiantini Declaration in support of the Cash Collateral Motion. As set forth below, the errors impact the equity cushion calculations for the Old Notes and the New Notes issued pursuant to the indentures under which Deutsche Bank Trust Company is the trustee. A corrected valuation summary is appended hereto as Exhibit A.

In the original valuation summary that was submitted to the Court, the loans[2] pledged to the secured noteholders that are secured by real properties located in Phoenix, Arizona referred to in the valuation summary as the "Symphony" and "5th & Lincoln" properties were valued at $3.44 million

---

[2] Though the two pieces of collateral pledged to the secured noteholders at issue are in the form of loans, they are listed as "REOs" in the collateral summary because the borrowers on the pledged loans and owners of the real properties are two wholly owned subsidiaries of the Debtors, 5th & Lincoln, LLC and Oak Creek Condominiums, LLC.

3

and $6.4 million, respectively, which values were 100% of the fair market value of the underlying real properties as appraised on April 12, 2010. However, the valuation summaries neglected to reflect that, in both cases, the pledged notes are subordinated to liens granted by the borrowers to La Jolla Bank that exceed the value of the real properties based on the recent appraisals. Thus, since the Debtors' liens are subordinated to La Jolla Bank, the actual fair market value of each of the Symphony collateral and the 5th & Lincoln collateral pledged to the secured noteholders is $0, not $3.44 million and $6.4 million.

The 5th & Lincoln loan was pledged to secure the Old Notes and is the only piece of collateral securing the Old Notes at this time. In turn, the Symphony loan was pledged to secure the New Notes along with several other pledged loans and REOs. Based on the corrected valuations, the equity cushion for the Old Notes is 0%, and the equity cushion for the New Notes is approximately 37.2%.

The Debtors do not believe that the corrected valuation of the Symphony and 5th & Lincoln loans should affect the Debtors' ability to continue to use cash collateral. With respect to the Symphony loan, the New Notes are still protected by an ample equity cushion of more than 37%. Additionally, expenditure of cash collateral will maintain and preserve the value of the real property that constitutes the New Notes' collateral.

With respect to the 5th & Lincoln loan, the fact that 5th & Lincoln loan has a fair market value of $0 leaves no equity cushion for the Old Notes. However, the approximately $2,130 per month in rent being generated by the real property which was formerly up-streamed to the Debtors

///
///
///
///
///
///
///
///

4

for use by the enterprise is now being retained by 5th & Lincoln to be used exclusively for taxes, insurance and other maintenance of the real property. The 5th & Lincoln loan itself is non-performing and thus is not generating any cash collateral.

Dated: June 22, 2010

DOWNEY BRAND LLP

*/s/ Sallie B. Armstrong*

Sallie B. Armstrong (Bar No. 1243)
Michelle N. Kazmar (Bar No. 10098)
DOWNEY BRAND LLP
427 West Plumb Lane
Reno, Nevada  89509
Telephone:  775/329-5900
Facsimile:  775/786-5443
E-mail:  sarmstrong@downeybrand.com
         mkazmar@downeybrand.com

PACHULSKI STANG ZIEHL & JONES LLP

Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100
Telephone:  310/277-6910
Facsimile:  310/201-0760
E-mail:  ikharasch@pszjlaw.com
         smcfarland@pszjlaw.com
         vnewmark@pszjlaw.com

Counsel for the Debtors and Debtors in Possession

80662-001\DOCS_LA:221339.1
1084185.1

# Exhibit A

# Exhibit A

Deutsche Bank
Secured Investment Notes

## REOs

| Debtor Owner | Development | Real Property Description | Real Property Current Appraised Value | Date of Appraisal | Appraiser | Prior Lien | Percent Owned | Book Value of Real Property Collateral (where appraised value is less than face value of the note, 5% deducted from appraised value) |
|---|---|---|---|---|---|---|---|---|
| SAC II | Symphony | 100 Acres vacant Residential land in Sierra Vista, CA | $ 1,800,000.00 | 1/19/2010 | NAI Horizon | | 100% | $ 1,710,000.00 |
| Specialty Acquisition | Consolidated | 54 Partially improved residential lots in Sparks, NV | $ 2,430,000.00 | 12/17/2009 | J. Campbell, MAI | | 100% | $ 2,308,500.00 |
| SAC II and Specialty Trust *** | Duck Creek | 113 acres vacant residential land in Stockton, CA | $ 9,450,000.00 | 1/7/2010 | R. Dozier MAI | | 100% | $ 8,977,500.00 |
| SAC II | Coolidge 140 | 140 acres farm land in Coolidge, AZ | $ 3,500,000.00 | 10/29/2009 | NAI Horizon | | 100% | $ 3,325,000.00 |
| Specialty Acquisition | Cotton Lane | 15 acres Commercial zoned in Goodyear, AZ | $ 1,350,000.00 | 12/2/2009 | NAI Horizon | | 100% | $ 1,282,500.00 |
| SAC II | Prime West Jordanelle * | 400 acres in master planned community in Park City, UT | $ 15,350,000.00 | 2/10/2010 | R. Dozier MAI | | 100% | $ 12,017,908.83 |
| Specialty Trust | Mohave Vista ** | 73 acres vacant land zoned recreation in Havasu City, AZ | $ 1,690,000.00 | 8/20/2009 | LS Appraisal Services | | 100% | $ 1,240,478.69 |
| SACII | 2522 Properties | residential undeveloped land entitled for 4 lots | $ 615,000.00 | 3/19/2010 | M. Frauenthal & Assoc. | | 100% | $ 584,250.00 |
| SACII | Symphony **** | .98 acres unimproved multifamily land in Phoenix, AZ | $ 3,440,000.00 | 4/12/2010 | R. Dozier MAI | $3,840,000.00 | 100% | $ - |
| Specialty Acquisition | 5th & Lincoln, LLC ***** | 1.60 acres vacant multifamily land in Phoenix, AZ | $ 6,400,000.00 | 4/12/2010 | R. Dozier MAI | $6,400,000.00 | 100% | $ - |
| Total: | | | $ 46,025,000.00 | | | | | $ 31,446,137.52 |

* Prime West Jordanelle book value is the loan amount plus an assessment owed.
** Mohave Vista book value is the loan amount plus accrued interest
*** Specialty Trust purchased small parcel in the middle of the collateral for the Duck Creek loan to create contiguous project.
**** This asset is pledged as a loan to Deutsche Bank for the "new indenture"
***** This asset is pledged as a loan to Deutsche Bank for "old indenture"

80662-002\DOCS_LA:21924v2