Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)
Scotta E. McFarland (CA Bar No. 165391)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

Email: ikharasch@pszjlaw.com
       vnewmark@pszjlaw.com
       smcfarland@pszjlaw.com

*Attorneys for Debtor and Debtor in Possession*

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile:  775/786-5443
Email: *sarmstrong*@downeybrand.com

*Attorneys for Debtor and Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC., et al.<br><br>☐ Affects this Debtor<br>☑ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>**Jointly Administered under<br>Case No. 10-51432-GWZ**<br><br>Case Nos.<br>10-51432<br>10-51437<br>10-51440<br>10-51441<br><br>**REPLY OF DEBTORS TO OBJECTION OF LEDGEMONT TO EMPLOYMENT OF IMPERIAL CAPITAL**<br><br>Hearing Date:   June 22, 2010<br>Hearing Time:   11:00 a.m.<br>Place:          300 Booth Street<br>                Reno, NV 89509 |

## I.

### LEDGEMONT'S ALLEGATIONS ARE COMPLETELY UNFOUNDED AND DELIBERATELY MISLEADING

1.      As set forth in the accompanying Declaration of Nello Gonfiantini III, Ledgemont was one of three firms considered by the Debtors to be its investment banker post-petition. The Debtors and its Board of Directors also held extensive interviews with Alvarez & Marsal and Imperial Capital, which were also attended by the Shareholders' Committee and its counsel.

80662-002\DOCS_LA:221489.1
1084232.1

1   After extensive deliberations, the Debtors chose Imperial Capital as its investment banker/financial advisors.

2.  Although Ledgemont's pre-petition engagement with the Debtors has expired, Ledgemont is a contingent creditor under the "tail" of its pre-petition engagement letter. Ledgemont has certain claims against the Debtors if "any prospective Investor which we introduced to the Company or with which we have discussions or negotiations during the Term on behalf of the Company, purchases securities from the Company . . . ." As set forth below, other than Equifin, there are no other potential investors that Ledgemont introduced to the Debtors or had discussions or negotiations with during the term of the engagement on behalf of the Debtors.

3.  Apparently, Ledgemont did not take the news of the Debtors' decision to go with a different investment banking firm very well. In a desperate bid to force the Debtors to employ Ledgemont, Ledgemont has filed an inflammatory and deliberately misleading objection (the "Objection").

4.  In the Objection, Ledgemont alleges that the application to employ Imperial Capital (the "Application") contains "numerous omissions of material facts" in that it "does not disclose to the Court that Ledgemont has introduced other potential investors to Specialty Trust, aside from Equifin . . . ." [Objection, ¶ 10] The Objection goes on to repeat this same alleged failure to disclose, and even goes on to state that the Debtors "seek to slip the potential double fee and damages exposure past the Court . . . ." [Objection, ¶ 16]

5.  First, as set forth in the Gonfiantini Declaration, Ledgemont never introduced any other potential investors to the Debtors other than Equifin. Also, Ledgemont has never informed Mr. Gonfiantini of the names of any other potential investors which Ledgemont contends it has introduced to the Debtors. Moreover, the Objection itself does not provide any names whatsoever of any alleged potential investors that Ledgemont introduced to the Debtors during the term of its engagement. As noted by Mr. Gonfiantini, Ledgemont has recently informed him that it did send out a mailing to potential investors that one day might express interest in doing

///

1  some kind of deal with the Debtors, which clearly does not come within the ambit of the terms of the tail.

2. 

3        6. More importantly, however, is that the Objection does not disclose a critical conversation that Ledgemont's counsel had with Ira D. Kharasch, counsel to the Debtors, in the morning of June 17, 2010, wherein Ledgemont's counsel articulated the concern that there may have been other potential investors introduced to the Debtors. Mr. Kharasch specifically informed Ledgemont's counsel that the Debtors did not believe that there were any other potential investors introduced to them by Ledgemont other than Equifin. Also, when Mr. Kharasch requested that Ledgemont's counsel send him a list of such potential investors, Ledgemont's counsel would not agree to do so, but only agreed to consider such request. Ledgemont then forwarded its Objection to Debtors' co-counsel in the late afternoon of June 18, 2010.

      7. The reason for the Objection's omission to disclose the conversation with Mr. Kharasch is obvious. Mr. Kharasch's conversation with Ledgemont's counsel clearly put Ledgemont on notice that the Debtors believed that there were no other potential investors introduced to them by Ledgemont, and that Ledgemont had refused to produce a list or disclose any other names of potential investors that Ledgemont claims to have introduced to the Debtors. Such disclosure would have rendered meaningless and ineffective Ledgemont's inflammatory allegations to this Court.

///
///
///
///
///
///
///
///
///

## II.

## CONCLUSION

Based on the foregoing, the Debtors respectfully request that the Court enter an order authorizing the employment and retention of Imperial Capital LLC as investment banker.

Dated: June 21, 2010

DOWNEY BRAND LLP

*/s/ Sallie B. Armstrong*

Sallie B. Armstrong (Bar N. 1243)
Michelle N. Kazmar (Bar No. 10098)
DOWNEY BRAND LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329/5900
Facsimile: 775/786-5443
E-mail: sarmstrong@downeybrand.com
mkazmar@downeybrand.com

PACHULSKI STANG ZIEHL & JONES LLP

Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)
Scotta E. McFarland (CA Bar No. 165391)
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: 310/277/6910
Facsimile: 310/201/0760
E-mail: ikharasch@pszjlaw.com
vnewmark@pszjlaw.com
smcfarland@pszjlaw.com

Proposed Counsel for the Debtors and Debtors in Possession