Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: ikharasch@pszjlaw.com
       smcfarland@pszjlaw.com
     : vnewmark@pszjlaw.com

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile: 775/786-5443
Email: sarmstrong@downeybrand.com

E-File: _____

[Proposed] Attorneys for Debtor and
Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In re:

SPECIALTY TRUST, INC., et al.

☐ Affects this Debtor
☑ Affects all Debtors
☐ Affects Specialty Acquisition Corp.
☐ Affects SAC II
☐ Affects SAC D-1, LLC

Chapter 11

**Jointly Administered under
Case No. 10-51432-GWZ**

Case Nos.
10-51432
10-51437
10-51440
10-51441

**DECLARATION OF IRA D. KHARASCH IN SUPPORT OF DEBTORS' REPLY TO LEDGEMONT OBJECTION TO EMPLOYMENT OF IMPERIAL CAPITAL**

Hearing Date:   June 22, 2010
Hearing Time:   11:00 a.m.
Place:          300 Booth Street
                Reno, NV 89509

80662-002\DOCS_LA:221486.1

I, Ira D. Kharasch, declare:

1. I am the primary attorney at Pachulski Stang Ziehl & Jones LLP representing Specialty Trust, Inc., et al. (the "Debtors"). I have personal knowledge of the following, and if called upon to be a witness, could testify competently thereto..

2. In the morning of June 17, 2010, I had a telephonic conversation with Lauren McEvoy, counsel to Ledgemont Capital Group LLC ("Ledgemont").

3. During my conversation with Ms. McEvoy, we discussed her concerns about the Debtors' application to employ Imperial Capital. One of those concerns Ms. McEvoy articulated was that Ledgemont believed that there were other investors that may have been introduced to the Debtors other than Equifin. I informed Ms. McEvoy that my client was very clear that Equifin was the only investor introduced by Ledgemont to the Debtors. I also requested Ms. McEvoy to provide us with a list of such potential investors so that we could review that list and respond to Ledgemont about its position. Ms. McEvoy said there might be problems with providing us with such a list given confidentiality concerns, but that Ledgemont would consider that request.

4. I also discussed with Ms. McEvoy her concern that the application to employ Imperial Capital was attempting to prejudice any rights of Ledgemont. I explained to her that if she read the application carefully, such application does not prejudice the rights of Ledgemont at all, but only allows the Debtors to enter into an agreement with Ledgemont about a potential Equifin fee, but only if Ledgemont consents to such agreement. Ms. McEvoy, after reading the paragraph in question more carefully, indicated that she now understood what the application was attempting to do.

5. To my surprise, Ms. McEvoy did not call me back to follow up on our discussion, but instead sent the Objection to my co-counsel, Sallie Armstrong, on June 18, 2010, at 4:05 PST.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 21st day of June, 2010 at Los Angeles, California.

*Ira D. Kharasch*