McDONALD CARANO WILSON LLP
KAARAN E. THOMAS (NV Bar No. 7193)
100 West Liberty St., 10th Floor
Reno, Nevada 89501
Telephone Number: (775) 788-2000
Facsimile Number: (775) 788-2020
E-mail Address: kthomas@mcdonaldcarano.com

*Electronically filed on June 22, 2010*

*Proposed Counsel for Official Committee of Equity Security Holders*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

In re:

SPECIALTY TRUST, INC., et al.

Debtors.

Case No. 10-51432-GWZ
Jointly Administered

Chapter 11

**DECLARATION OF KAARAN THOMAS, ESQ. IN SUPPORT OF OMNIBUS RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO OBJECTIONS TO APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS NUNC PRO TUNC TO JUNE 11, 2010**

(AFFECTS ALL DEBTORS)

**Hearing Date:** June 22, 2010
**Hearing Time:** 11:00 a.m.

I, Kaaran Thomas, Esq. declare under penalty of perjury:

I am an attorney licensed to practice before this court and the head of the bankruptcy group of McDonald Carano Wilson LLP ("MCW"). MCW has been selected as proposed counsel for the Official Committee of Equity Security Holders (the "Committee") and has been involved

287002

with the Committee since its formation. I have personal knowledge of the matters set forth below and am competent to swear or affirm to these matters if called to testify under oath.

1. On May 24, 2010, an Equity Committee was appointed by the Office of the United States Trustee and made up of five shareholders who were willing to serve. MCW met with Committee members on or about May 24 and was involved with the Committee from and after that date.

2. The Committee began the process of interviewing financial advisors immediately upon its formation. The Committee interviewed Alix Partners, Mesirow Financial and FTI. In addition, at Debtors' invitation, Committee members attended Debtors' interviews with Debtors' potential advisors, Alvarez and Marsal and Imperial Capital. The Debtor eventually selected Imperial Capital. Upon the Committee's selection of FTI the two firms, FTI and Imperial Capital began the task of coordinating the work between the two firms. The Committee and the Debtors had discussed the limited budget and the need for coordination during the entire interview process, and the firms were selected, in part, on the basis of their ability to coordinate their respective expertise to the benefit of the Debtors' estates and parties in interest.

3. FTI made its presentation to members of the Committee and their Counsel on June 9, 2010 and was notified that they had been selected on June 11, 2010.

4. The Committee's position is to some extent aligned with that of the Debtors and with all parties in interest, including the objecting parties, in that all parties will benefit if the Debtors' going concern value is preserved and maximized. On the other hand, the Committee's interests also diverge from the Debtors'. The Debtors have only one employee. Their business is conducted, and financial decisions are made, by Specialty Financial Corp, a separate corporation. [Declaration of Nello Gonfiantini III Doc 37 par 6]. By way of example, and without limiting the scope of the Committee's divergent interests, three of Debtors' largest loans have been made to

entities affiliated with Specialty Financial Corp. These loans and the relationship between Specialty Trust, Inc. and Specialty Financial Corp. must be examined. Specialty Financial Corp. has a potential conflict of interest with respect to the review and analysis of it's (and its affiliates) relationship with the Debtors. The Committee is charged with the fiduciary duty to investigate this relationship.

5. Both FTI and the Committee are aware that this Court and the office of the United States Trustee, as well as the Committee members, will carefully scrutinize the compensation applications of all professionals.

6. The Deutsche Bank document request, which will constitute part of the Deutsche Bank deposition of the Debtors on June 28, seeks information regarding the origination and management of all of the Debtor's loans pledged to secure the $36.9 million allegedly owed to Deutsche Bank [Declaration of Nello Gonfiantini III, doc. 37 para 9]. These loans, and the REO property that resulted from foreclosure on certain of the loans, constitute a significant portion of Debtor's assets. Debtor has asserted that the value of the property securing the loans is $66.29 million [Declaration of Nello Gonfiantini III Docket No.37 par 11]. The Committee and FTI are not in a position to determine, at this point, what time periods might be "relevant" to their inquiries regarding these loans and the collateral securing them By way of example, however, the look-back period for certain types of avoidance actions extends to four years after the transfer [NRS Chapter 112.230]. Neither USB nor Taberna has submitted any declarations supporting their assertion that the investigation of these documents might be unnecessary. The Committee must also understand the collateral securing the Deutsche Bank loans in order to be prepared to appropriately respond to any actions Deutsche Bank may seek to take regarding this collateral. The Committee should not be required to limit the scope of its inquiry into Debtors' affairs at this early stage merely in order to save expenses. FTI has the ability to research large document

productions using cost-efficient computer programs. These tools are not available to the Committee or its counsel.

7. The Committee has, from the outset of this case, discussed sharing information with unsecured creditors. These discussions have been held between myself and Taberna counsel following the June 2 hearings in this case. They have not been pursued by Taberna counsel. The Committee remains, and will remain, willing to share information to the extent permitted by its agreements with the Debtors. In addition, the Debtors are obliged to provide information to parties in interest under appropriate circumstances. Taberna has not demonstrated that it has either sought or been deprived of any information by either the Committee, the Debtors or their proposed financial advisors.

DATED this 22nd day of June, 2010.

_____
Kaaran E. Thomas (NV Bar No. 7193)