Lauren M. McEvoy, Esq.
(NY Bar No. 4635751)
THOMPSON HINE LLP
335 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (212) 344-5680
Facsimile: (212) 344-6101
Email: lauren.mcevoy@thompsonhine.com

*Counsel for Ledgemont Capital Group LLC*

Lance P. Maiss, Esq.
(NV Bar No. 4683)
ARMSTRONG TEASDALE, LLP
50 West Liberty Street, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049
Email: lmaiss@armstrongteasdale.com

Nevada Counsel for Ledgemont Capital Group, LLC

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC., *et al.*,<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects SPECIALTY ACQUISITION CORP.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>**Jointly Administered under Case No. 10-51432-GWZ**<br><br>Case Nos:<br>10-51432-GWZ<br>10-51437-GWZ<br>10-51440-GWZ<br>10-51441-GWZ<br><br>**DECLARATION OF THOMAS L. FERGUSON, ON BEHALF OF LEDGEMONT CAPITAL GROUP LLC, IN RESPONSE TO DEBTORS' REPLY, AND IN FURTHER SUPPORT OF OBJECTION TO APPLICATION FOR AN ORDER, PURSUANT TO 11 U.S.C.§§327(a) AND 328(a), AUTHORIZING EMPLOYMENT AND RETENTION OF IMPERIAL CAPITAL, LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER, EFFECTIVE JUNE 14, 2010.**<br><br>Hearing Date: June 22, 2010<br>Hearing Time: 11:00 a.m.<br>Place: 300 Booth Street<br>Reno, Nevada 89509 |

[RECEIVED AND FILED 2010 JUN 22 AM 10:53 U.S. BANKRUPTCY, MARY A. SCHOTT, CLERK]

I, Thomas L. Ferguson, declare:

1. I am a Managing Director of Ledgemont Capital Group LLC ("Ledgemont"). Except as otherwise indicated, the statements made herein are based on my personal knowledge.

2. I have carefully reviewed the following: (i) the Application ("the "Application") of Specialty Trust, Inc. ("Specialty Trust"), and its affiliated debtors and debtors in possession in the above captioned Cases (collectively, the "Debtors" and the "Cases"), for an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to employ and retain Imperial Capital, LLC ("Imperial"), as their financial advisor and investment banker effective as of June 14, 2010; (ii) the Reply of Debtors to Objection of Ledgemont to Employment of Imperial Capital [Docket No. 237], (the "Debtors' Reply"); (iii) the Declaration of Nello Gonfiantini III in Support of the Debtors' Reply (the "Gonfiantini Declaration"); and (iv) the Declaration Ira D. Kharasch in Support of the Debtors' Reply (the "Kharasch Declaration").

3. As set forth in the Objection of Ledgemont to the Application, filed on June 18, 2010 (the "Objection"), Specialty Trust engaged Ledgemont as its financial advisor in connection with a proposed Private Placement (as defined therein) of equity, equity-linked securities, debt or any combination thereof, with accredited investors, in accordance in with that certain letter agreement, dated as of November 19, 2009 (the "Ledgemont Agreement"). The Ledgemont Agreement is attached to the Application as Exhibit A.

4. The Application does not disclose to the court that Ledgemont has introduced several potential investors to Specialty Trust, and that Ledgemont had discussions or negotiations with several potential investors in behalf of Specialty Trust during the Term of the Ledgemont Agreement.

5. Contrary to the statements in the Gonfiantini Declaration, Ledgemont contacted, sent information packages to, and held discussion with several potential investors on behalf of Specialty Trust during the Term of the Ledgemont Agreement. During Mr. Gonfiantini's two trips to New York, he met with at least 6 principals of Ledgemont who were actively pursuing discussions with potential investors on behalf of Specialty Trust. Ledgemont contacted at least 17 investors seeking to discuss a potential financing transaction during the several weeks prior to the filing of the Debtors' Bankruptcy Cases. Mr. Gonfiantini was notified on several occasions that although Equifin, LLC had progressed the furthest in the due diligence process, several other potential investors had been contacted and were in various stages of evaluation of Specialty Trust. As the Gonfiantini Declaration indicates, Specialty Trust was aware that Ledgemont was continuing to conduct negotiations and discussions during the Term of the Ledgemont Agreement on behalf of Specialty Trust.

6. In return for its diligence in seeking potential investors for Specialty Trust, Ledgemont negotiated certain protections in the Ledgemont Agreement, including the following "tail" provision:

> [D]uring the eighteen (18) months following termination of this Agreement, *any prospective Investor which [Ledgemont] introduced to the Company or with which [Ledgemont] ha[d] discussions or negotiations during the Term* [of the Ledgemont Agreement] on behalf of the Company, purchases securities from the Company (other than through a underwritten public offering), [Specialty Trust] agree[s] to pay [Ledgemont] upon the closing a Cash Fee and Placement Agent Warrants equal to the amount that would otherwise have been payable to Ledgemont had such transaction occurred during the Term.

[Ledgemont Agreement, para.3](emphasis added).

7. The amount that would have otherwise been payable to Ledgemont during the term of the Ledgemont Agreement (the "Ledgemont Fee Obligation"), is (i) a cash fee (the "Ledgemont Cash Fee") equal to a percent of the aggregate purchase price of the securities sold, which amount shall be five percent (5%) for equity, four percent (4%) for convertible debt, and

1  three percent (3%) for non-convertible debt; and (ii) warrants issued by Specialty Trust to Ledgemont for the purchase of three percent (3%) of the number of shares of common stock (on an as converted basis if convertible securities are sold) sold.

8.  I did not learn of Specialty Trust's intention to seek authority to compromise Ledgemont's material rights under the Ledgemont Agreement, as set forth in the Application, until I received notice that the Application had been filed on June 16, 2009 – two (2) days before the deadline to respond.

9.  Ledgemont did not file the Objection to disturb the Debtors' selection of a financial advisor in this Case; rather, Ledgemont seeks to protect its material rights, with respect to which Specialty Trust agreed to be obligated in the Ledgemont Agreement.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 22nd day of June, 2010, in New York, New York.

Dated: June 22, 2010
       New York, New York

_____
Thomas L. Ferguson