**Entered on Docket**
**July 01, 2010**

Honorable John L. Peterson
United States Bankruptcy Judge

McDONALD CARANO WILSON LLP
KAARAN E. THOMAS (NV Bar No. 7193)
100 West Liberty St., 10th Floor
Reno, Nevada 89501
Telephone Number: (775) 788-2000
Facsimile Number: (775) 788-2020
E-mail Address: kthomas@mcdonaldcarano.com

*Proposed Counsel for Official Committee of Equity Security Holders*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>SPECIALTY TRUST, INC., et al.<br><br>Debtor. | Chapter 11<br>Case No. BK-N-10-51432-GWZ<br>Jointly Administered<br><br>**ORDER GRANTING MOTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3) AND 1103(c), FOR *NUNC PRO TUNC* ORDER CLARIFYING REQUIREMENTS TO (1) PROVIDE ACCESS TO INFORMATION, AND (2) SOLICIT AND RECEIVE COMMENTS FROM EQUITY SECURITY HOLDERS**<br>Hearing Date: June 22, 2010<br>Hearing Time: 11:00 a.m. |

Upon the motion (the "Motion"; capitalized terms used but not defined herein shall have the meanings given them in the Motion) filed on June 11, 2010 by the Official Committee of Equity Security Holders (the "Committee"), pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(c) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for an order,

1 of 6

1  *nunc pro tunc* to May 25, 2010, clarifying the Committee's obligation to (1) provide access to
2  information to Equity Security Holders, and (2) solicit and receive comments from Equity
3  Security Holders; this Court having considered the Motion, and being fully advised of the
4  grounds for entry of an order set forth therein; appropriate notice and opportunity for a hearing on
5  the Motion having been given; the relief requested in the Motion being in the best interest of the
6  Debtors, their estates and their Equity Security Holders; this Court having jurisdiction to grant the
7  relief requested pursuant to 28 U.S.C. §§ 157 and 1334; venue before this Court is proper
8  pursuant to 28 U.S.C. §§ 1408 and 1409(a); this matter constituting a core proceeding pursuant to
9  28 U.S.C. § 157(b); and after due deliberation and sufficient cause appearing therefor,

10      IT IS HEREBY ORDERED THAT:

11      1.      The Motion is granted, as modified hereby.

12      2.      Notwithstanding anything contained in Section 1102(b)(3)(A) of the Bankruptcy
13 Code, the Committee, including its individual members, and their respective representatives,
14 advisors, agents, employees and counsel (the "Representatives"), shall not be authorized or
15 required, without an order of this Court or consent of the Debtors, which consent shall not be
16 unreasonably withheld, conditioned or delayed, to disseminate to any entity (as defined by
17 Section 101(15) of the Bankruptcy Code, "Entity"), including any Equity Security Holders that
18 are not members of the Committee ("Non-Committee Equity Security Holders"): (i) any non-
19 public information concerning the Debtors or the Committee, including, but not limited to, any
20 confidential, proprietary, or other non-public materials of the Debtors or the Committee and
21 documents, mental impressions, strategy, memoranda, expert reports, legal analysis, interview
22 memoranda or summaries, factual summaries, communications and other information and
23 materials relevant to the acts, conduct, assets, liabilities and financial condition of the Debtors,
24 the operation of the Debtors' businesses and the desirability of the continuance of such
25 businesses, any other matter relevant to these cases or to the formulation of a chapter 11 plan or
26 the Debtors' bankruptcy cases, whether provided voluntarily or involuntarily by or on behalf of
27 the Debtors or by any third party or prepared by or for the Committee, including any information
28

1  designated as "Confidential" by the Debtors pursuant to any Confidentiality Agreement (collectively, the "Confidential Information"), provided, however, that Confidential Information shall not include any information or portion of information that (i) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors, or (ii) was in the possession of the Committee prior to its disclosure by or on behalf of the Debtors or by any third party and is not subject to any other duty or obligation to maintain confidentiality; or (ii) any other information if the effect of such disclosure would constitute a general waiver of the attorney-client, work-product, or other applicable privilege possessed by the Debtors or the Committee (collectively, "Privileged Information" and together with Confidential Information, the "Confidential/Privileged Information").

3.  The Debtors shall assist the Committee in identifying any Confidential/Privileged Information concerning the Debtors that is provided by the Debtors, their agents or professionals, or by any third party, to the Committee, its agents and professionals.

4.  If an Equity Security Holder that is not a member of the Committee (the "Requesting Holder") submits a written request (the "Information Request") for the Committee to disclose information, the Committee shall immediately forward such request to the Debtors and as soon as practicable, but no more than ten (10) business days after receipt of the Information Request, provide a written response to the Information Request (the "Response") that (i) attaches this Order; (ii) provides any non-confidential, non-proprietary, and non-privileged information in the Committee's possession, which shall be determined in consultation with the Debtors, that is responsive to the Information Request, unless the Committee determines, in its sole discretion, that such request is unduly burdensome; and (iii) further informs the Requesting Holder that the Committee is not permitted to share Confidential/Privileged Information with Non-Committee Equity Security Holders. Under no circumstances shall the Committee share or disseminate

3-19-99; 1:52AM;usbc chambers Butte ;4067821178 # 28/ 52
Case 10-51432-gwz    Doc 259    Entered 07/01/10 14:19:11    Page 4 of 16
07/01/2010  09:31   7753262185         U.S.B.C RENO,NV              PAGE   28/52

Confidential/Privileged Information of the Debtors to any third parties, including, but not limited to, the Requesting Holder, unless the Court expressly orders otherwise.

5. If the Requesting Holder still wishes to obtain Confidential/Privileged Information after receiving the Response, the Requesting Holder may, after a good faith effort to meet and confer with the Debtors and/or the Debtors' authorized representatives and professionals to request that such information be provided, seek to compel such disclosure for cause pursuant to a motion filed in this Court. Such motion shall be served and the hearing on such motion shall be noticed and scheduled pursuant to the Federal Rules of Bankruptcy Procedure and applicable local rules. The Court may provide that the motion be heard on shortened time. Any material that the Committee believes is confidential that has been withheld shall be filed in camera with the Court pursuant to Local Rule of bankruptcy Procedure 9018.

6. Nothing in the Order requires the Committee to provide access to any information (regardless of whether such information constitutes Confidential Information or Privileged Information) or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or the Court, that it is an Equity Security Holder.

7. Neither the Committee nor its Representatives, shall have or incur any liability to the Debtors and their affiliates for acts taken or omitted to be taken as long as the Committee or its Representatives have acted in compliance with the Procedures, any Confidentiality Agreement or any other provisions of this Order, provided, however, that the foregoing shall not preclude or abridge the right of any equity holder to move before the Court for an order requiring the production of other or further information, to the extent available.

8. Nothing herein shall diminish the qualified immunity under applicable law of the Committee or its Representatives, or any of their respective agents, advisors or counsel.

9. If the Committee, including its Representatives, (i) disputes any person's designation of any information as Confidential Information or (ii) seeks to disclose Confidential Information otherwise prohibited, including, without limitation, in a Court proceeding related to the Debtors' chapter 11 case, the Committee or its Representatives shall give the person

designating such information as "confidential" (the "Protected Person")as much notice as reasonably practicable under the circumstances, and in all events shall give the Protected Person two days prior written notice of its intent to use or disclose such Confidential Information so as to provide the Protected Person the opportunity to seek an order of the Court requiring that the Confidential Information not be disclosed to any third party or shall only be disclosed to the Court either in camera and/or under seal. In the event the Protected Person is not successful with such motion, then a Committee and its Representatives shall be entitled to utilize the Confidential Information nonetheless.

10. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access, or not to provide access, to any Confidential Information to any party except as explicitly herein. The entry of this Order is (a) without prejudice to the rights of the Committee to seek a further order of this Court addressing any additional relief relevant to its functionality and compliance with section 1102(b)(3)(A) of the Bankruptcy Code and (b) subject to further order of this Court.

11. If the Committee, including its Representatives, seeks to use any Confidential Information in a pleading or hearing, the Committee may submit such information under seal, and parties-in-interest may challenge the sealing of such Confidential Information with the ultimate burden of maintaining such information under seal borne by the Debtors.

12. After providing as much advance notice to the Protected Person and their counsel as is possible under the circumstances, if, in the absence of a protective order or the receipt of a waiver hereunder subsequent to such notice, the Committee and its Representatives are nonetheless compelled to disclose any Confidential Information to any tribunal or governmental authority or else stand liable for contempt or suffer other censure or penalty, then the Committee and its Representatives may disclose that portion of the Confidential Information which counsel advises is legally required to be disclosed to such tribunal or governmental authority without liability hereunder.

13. This Order shall be effective as of May 25, 2010.

3-19-99; 1:52AM;uspc chambers Butte ;4067821178 # 30/ 52
Case 10-51432-gwz    Doc 259    Entered 07/01/10 14:19:11    Page 6 of 16
07/01/2010  09:31   7753262185          U.S.B.C RENO,NV                    PAGE   30/52

14. Consistent with the Committee's obligations and in aid of fulfilling its duties with respect to the Debtors' bankruptcy cases, the By-Laws of Official Committee of Equity Security Holders which are attached hereto as "Exhibit A," are hereby approved.

15. In satisfaction of its statutory obligations under Section 1102(b)(3)(B), the Committee is authorized to hold periodic meetings open to all Equity Security Holders represented by the Committee. Consistent with this obligation, the Committee shall provide notice of the periodic meetings by posting the date and time of such meetings, along with dial-in information, on the website of counsel for the Official Committee of Equity Security Holders (http://www.mcdonaldcarano.com [link to Specialty Trust Equity Information]) no later than fifteen (15) days before such meeting. Any Equity Security Holder wishing to participate in the periodic meetings may elect to do so by calling in to participate at the designated date and time of such meeting. For the avoidance of doubt, the Committee shall not provide any Confidential/Privileged Information of the Debtors to any Non-Committee Equity Security Holders attending in-person or appearing telephonically at the periodic meetings described it this paragraph. If such Non-Committee Holder wishes to obtain additional information, such Non-Committee Holder must submit a written Information Request to the Committee pursuant to paragraph 5 of this Order. If the information sought constitutes Confidential/Privileged Information of the Debtors, the Requesting Holder must comply with the procedures set forth in paragraph 6 of this Order.

16. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

RESPECTFULLY SUBMITTED
MCDONALD CARANO WILSON LLP

By: /s/ Kaaran E. Thomas
   Kaaran E. Thomas   (NV Bar No. 7193)
   100 West Liberty St., 10th Floor
   Reno, Nevada 89505-2670
   *Proposed Counsel for Official Committee of Equity Security Holders*

XXX

# EXHIBIT A

# EXHIBIT A

3-19-99; 1:52AM;usbc chambers Butte ;4067821178 # 32/ 52
Case 10-51432-gwz    Doc 259    Entered 07/01/10 14:19:11    Page 8 of 16
07/01/2010  09:31   7753262185            U.S.B.C RENO,NV                    PAGE   32/52

Case 10-51432-gwz    Doc 210    Entered 06/16/10 11:52:10    Page 2 of 8

# BYLAWS
## OF
### OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF SPECIALTY TRUST, INC., SPECIALTY ACQUISITION CORP., SAC II AND SAC D-1, LLC Jointly administered under Case Number: 10-51432-gwz

## MEMBERSHIP

A. Membership on the Official Committee of Equity Security Holders (the "Committee") shall consist of those holders of equity securities of SPECIALTY TRUST, INC., SPECIALTY ACQUISITION CORP., SAC II AND SAC D-1,LLC in the jointly administered Chapter 11 case no. 10-51432-GWZ filed in the United States Bankruptcy Court for the District of Nevada (the "Debtor"). Except as otherwise expressly set forth herein, each member of the Committee at a meeting shall be entitled to cast one vote. Questions brought before the Committee shall be decided by the vote of the members of the Committee entitled to vote as set forth below.

B. As of the date hereof, the Committee members/representatives are as follows:

Ballardini Family Trust/ James R. Cavilla, Esq.

Hotel-Casino Management, Inc. and Raymond J. Poncia, Jr. Family Trust/ Raymond J. Poncia, Jr.

Auspex, LLC and Kudu, LLC/ Peter Cladianos, Jr.

Art and Cindy Hinckley/ Art and Cindy Hinckley

Warren W. & Carol A. Tripp Family Trust/ Deric Debenedetti

Additional members may be added to the Committee after the date hereof, if such member (1) is either designated by the U.S. Trustee assigned to the Debtors' bankruptcy cases to serve as an additional or replace an existing official member of the Committee and/or voted by a majority of the existing Committee members to serve in an *ex officio* capacity; (2) executes, agrees and consents to the Committee representation letter with Committee counsel; and (3) elects to be a member of the Committee.

C. Every member of the Committee may designate a representative and alternate to attend Committee meetings, provided such representative and alternate is an employee or retained professional of, or an attorney or attorney-in-fact for, such member. Any alternative designation must be made to the Chair prior to the relevant meeting. An alternate may represent a member of the Committee for all purposes at a meeting in the absence of the primary representative.

286635                                    1

3-19-99; 1:52AM;usbc chambers Butte ;4067821178 # 33/ 52
Case 10-51432-gwz    Doc 259    Entered 07/01/10 14:19:11    Page 9 of 16
07/01/2010 09:31 7753262165 U.S.B.C RENO,NV PAGE 33/52

Case 10-51432-gwz    Doc 210    Entered 06/16/10 11:52:10    Page 3 of 8

## OFFICERS

A. Raymond J. Poncia, Jr. has been selected to serve as Chair of the Committee.

B. Unless the Chair waives the requirement for his presence in writing, which may include electronic mail, and circulates the waiver to all Committee members prior to a Committee meeting, the Chair shall be present at any regular or special meeting of the Committee in order to conduct Committee business and/or vote on particular matters. In any event, a quorum of Committee members must be present in order to conduct a regular Committee meeting.

## QUORUM

A. A quorum shall consist of the number of members of the Committee necessary to constitute a simple majority of all official members of the Committee (i.e., the simple majority necessary to constitute a quorum shall be exclusive of any *ex officio* members of the Committee) at any given time, present in person (or telephonically) or represented by proxy.

B. Members of the Committee may only vote by their designated representative or designated alternates. Votes may be made by electronic mail.

C. Proxies in respect of specific meetings will be permitted, provided such proxy vote shall be confirmed in writing to the Chair by such voting member prior to the relevant meeting. Voting by a designated representative or alternate will not be deemed to be voting by proxy.

## MEETINGS

A. No meeting shall be held unless a quorum is present at the beginning of the meeting.

B. Regular meetings shall be held by telephone and shall not be held on less than twenty-four (24) hours prior notice.

C. Special meetings may be held by telephone and may be called by the Chair on at least twelve (12) hours prior notice by telephone, electronic mail, or telecopy to each member, provided in an emergency the Chair may call a meeting on shorter notice. The primary purpose of the special meeting shall be set forth in the notice.

D. The Chair and/or Committee Counsel shall call all meetings and shall call special meetings whenever the Chair deems it appropriate or whenever requested to do so by any other member of the Committee. Notice of all regular meetings shall be given by electronic mail, overnight mail, regular mail, telecopy or telephone.

E. Because of the potentially sensitive, nonpublic nature of subjects that may be discussed by the Committee, meetings of the Committee shall not be open to persons

286635                                   2

3-19-09; 1:52AM;usbc chambers Butte ;4067821178 # 34/ 52
Case 10-51432-gwz    Doc 259    Entered 07/01/10 14:19:11    Page 10 of 16
07/01/2010 09:31    7753262185    U.S.B.C RENO,NV    PAGE 34/52
Case 10-51432-gwz    Doc 210    Entered 06/16/10 11:52:10    Page 4 of 8

other than members of the Committee, their designated representatives, alternates and designated counsel, and professionals employed by the Committee, provided, however, the Committee, by affirmative vote of a majority of its voting interest, may, for special, limited purposes, permit other persons to attend. Notwithstanding the aforementioned nonpublic nature of certain subjects discussed by the Committee and without limiting the generality of the foregoing, the members of the Committee acting in such capacity and the Committee itself shall at all times act pursuant to their fiduciary duties to act in the best interest of unsecured creditors of the Debtors.

F.   The Committee members shall each sign confidentiality agreements. A proposed form of confidentiality agreement drafted by the Debtor is attached.

G.   The Chair, or such other person as the Chair may designate, shall preside at all meetings of the Committee.

### AGENDA

A.   To the extent possible, matters shall be presented to the Committee upon written agenda prepared by the Chair and/or Committee Counsel and transmitted to the Committee members as expeditiously as possible in advance of Committee meetings.

B.   Any member may at any time place any matter before the Committee for its action, whether or not such matter is listed on the agenda.

### ACTION BY COMMITTEE

A.   Action by the Committee at a meeting shall require the affirmative vote of a simple majority of present members of the Committee, including any proxy votes but excluding abstentions, provided, however, the present members of the Committee constitute a quorum. The Chair, with the assistance of Committee Counsel and other Committee professionals, shall tally and record the votes of members of the Committee. The Chair's determination of the vote of the Committee with respect to any matter will be final.

B.   In emergencies, action may be taken by Committee vote without a special meeting provided that the Chair determines, upon consultation with Committee Counsel, that the situation requires emergency action. In such cases, votes may be obtained by polling members on the issue by telephone, electronic mail, or telecopier. Polling may be conducted by the Chair, Committee Counsel, or an agent or employee of such persons. Such a vote shall be effective if a good-faith effort is made to reach and consult with each representative of the members of the Committee or their designated alternates with respect to the proposed action, and if, prior to the taking of such action, a simple majority of the members of the Committee present to vote or represented by proxy, excluding abstentions, approve the action, which approval shall be confirmed in writing, which may include electronic mail, to the Chair. The Chair or his designee shall provide prompt written notice of any such emergency action to each member who has not given approval.

C.   The Chair and/or any designees selected by a simple majority of the

286635    3

3-19-99; 1:52AM;usbc chambers Butte ;4067821178 # 35/ 52
Case 10-51432-gwz   Doc 259   Entered 07/01/10 14:19:11   Page 11 of 16
07/01/2010  09:31   7753262185   U.S.B.C RENO,NV   PAGE   35/52

Case 10-51432-gwz   Doc 210   Entered 06/16/10 11:52:10   Page 5 of 8

members of the Committee shall speak for the Committee as authorized by the Committee, and shall at times on behalf of the Committee provide instructions to the Committee counsel, the Committee accountants, and other professionals retained by the Committee. Committee Counsel and other professionals retained by the Committee are authorized to act upon the advice and instructions of the Chair and/or the Committee issued in accordance with the Bylaws. Committee Counsel will not consent to or evidence a Committee position on any matter except with the Committee's authority pursuant to the Bylaws.

D. Upon request by a member of the Committee, such member's vote on any matter shall be recorded in the minutes of the appropriate meeting.

## INTER-ESTATE DISPUTES AND CONFLICTS OF INTEREST

If any matter under consideration by the Committee appears to involve a conflict of interest with, between, or among any member(s) serving on the Committee, the member(s) with the conflicting interest shall (1) disclose to the Committee the existence of any potential conflict of which it has knowledge and (2) abstain from voting on the matter being considered by the Committee if a conflict is deemed to exist. The existence of a conflict of interest shall be debated by the all members of the Committee present at such meeting (including the member with the apparent conflict) and shall be determined by the affirmative vote of a simple majority of the members of the Committee, provided, however, that the present members of the Committee constitutes a quorum. The decision of the voting members of the Committee on the particular issue shall be binding on the entire Committee, including the member(s) with the conflicting interest. To the extent the member(s) with the conflicting interest is dissatisfied for any reason with the decision of the Committee's vote, such member(s) may, but is not required to, immediately resign from the Committee.

## CONFIDENTIALITY OF INFORMATION

A. "Confidential Information" shall mean: (i) all deliberations of the Committee, discussions and votes on matters before the Committee at a meeting and the resolutions adopted by the Committee, (ii) all communications between or among any of the Committee, the Committee members, the members' designated representatives or alternates, the Committee's and the members' counsel and/or other professionals (it being further acknowledged that such communications also may be subject to the attorney-client privilege or other applicable privileges), and (iii) all information provided to the Committee by the Debtors, the Debtors' designated representatives, counsel and/or other professionals, and that is clearly marked by the Debtors or their professionals with the legend "Confidential" or with a similar legend, or if oral information, is clearly identified prior to being conveyed to the recipient as being "Confidential"; provided that with respect to each of subparagraphs (i), (ii) and (iii) the foregoing information is Confidential Information only to the extent that it relates directly to the Debtors' bankruptcy proceedings and/or the Committee's business relating thereto. Notwithstanding the foregoing, Confidential Information does not include information that: (a) is or becomes generally available to the public other than as a result of a

286635                                    4

3-19-09; 1:52AM;USBC chambers Suite ;4067821178 # 36/ 52
Case 10-51432-gwz Doc 259 Entered 07/01/10 14:19:11 Page 12 of 16
07/01/2010 09:31 7753262185 U.S.B.C RENO, NV PAGE 36/52
Case 10-51432-gwz Doc 210 Entered 06/16/10 11:52:10 Page 6 of 8

disclosure by the recipient member of the Committee in violation of these By-Laws; (b) is or becomes available to or in the possession of the recipient or the recipient's representatives or professionals on a non-confidential basis other than through membership on the Committee, provided that to the knowledge of the recipient the information source was not bound by a confidentiality obligation in favor of the disclosing entity; and/or (c) is independently developed by the recipient or its representatives or professionals.

    B.    Unless the Committee unanimously agrees otherwise, and subject to the requirements of Section 1102(b)(3) of the Bankruptcy Code or a final order of the Bankruptcy Court, and except as expressly provided in Paragraphs A through and including D, no member (including an ex officio member) of the Committee shall disclose Confidential Information.

    C.    Confidential Information may be disclosed by a member of the Committee to: (i) other members of the Committee, and those members' designated representatives, alternates and/or professionals, (ii) designated counsel and other professionals employed by the Committee (iii) potential debt or equity financing sources, which are involved in a transaction being evaluated by the Committee, (iv) any ex officio members or non-members of the Committee, to which the Committee elects to grant access to Confidential Information during periodic meetings arranged by the Committee (provided, however, that the ex officio members and/or non-member(s) gaining access to any Confidential Information shall provide written confirmation in advance of the meeting that such entitie(s) shall comply with the confidentiality provisions set forth herein); (v) that Committee member's affiliates and its directors, officers, employees, managers, members, partners, subsidiaries, affiliates, agents, advisors (including, without limitation, attorneys, accountants, consultants, bankers, appraisers and financial advisors), and/or potential debt or equity financing sources, provided in any event the member shall be responsible for any breach of the confidentiality provisions by such persons and/or entities; (vi) regulatory agencies where and to the extent required by law or regulation; (vii) that Committee member's outside auditors to the extent necessary for such outside auditor to conduct its audit of the Committee member, and/or (viii) such persons or entities as to which disclosure of such information is legally required in connection with a judicial or administrative proceeding.

    D.    The confidentiality provisions of Paragraphs A through D shall be binding upon the Committee and its members (including ex officio members and members that resign from the Committee prior to its dissolution) until six (6) months following the date of dissolution of the Committee (twelve (12) months for members following their resignation from the Committee if such resignation occurs prior to dissolution of the Committee) after which such confidentiality provisions shall no longer be binding upon the Committee and such members, ex officio members, and members that resign from the Committee prior to its dissolution.

286635      5

3-19-99; 1:52AM;usbc chambers Butte ;4067821178 # 37/ 52
Case 10-51432-gwz    Doc 259    Entered 07/01/10 14:19:11    Page 13 of 16
07/01/2010  09:31    7753262185    U.S.B.C RENO,NV    PAGE   37/52

Case 10-51432-gwz    Doc 210    Entered 06/16/10 11:52:10    Page 7 of 8

## SUBCOMMITTEES AND DESIGNEES

The Committee may create such subcommittees and/or designate particular members of the Committee as it deems appropriate and delegate to such subcommittees such powers and responsibilities as it deems necessary, as long as such appointment and delegation are approved by an affirmative vote of a simple majority of voting members present (exclusive of abstentions), provided, however, that such voting members constitute a quorum and the designee consents to serve in such capacity. The Chair shall be deemed members of each subcommittee.

## RULES OF PROCEDURE

The Chair and Committee Counsel shall preside over all Committee meetings in a manner that promotes fairness, a full opportunity for analysis of all business coming before the Committee, and a full opportunity for each Committee member to express its views. Parliamentary procedure, such as "Robert's Rules of Order," need not be followed.

## AMENDMENT TO BYLAWS

These Bylaws may be amended or repealed, by the affirmative vote of a simple majority of all voting members of the Committee, excluding abstentions.

\* \* \* \* \* \* \* \* \* \*

286635 . 6

3-19-09; 1:52AM;usbc chambers Butte ;4067821178 # 38/ 52
Case 10-51432-gwz Doc 259 Entered 07/01/10 14:19:11 Page 14 of 16
07/01/2010 09:31 7753262185 U.S.B.C RENO,NV PAGE 38/52

Case 10-51432-gwz Doc 210 Entered 06/16/10 11:52:10 Page 8 of 8

The Committee, having reviewed these Bylaws and a quorum being present, adopted these Bylaws by the affirmative vote of a simple majority of all voting members of the Committee, excluding abstentions, at its meeting on May 25, 2010.

**Ballardini Family Trust**

/s/ James R. Cavilla, Esq.
By: James R. Cavilla, Esq.

**Hotel-Casino Management, Inc.**

/s/ Raymond J. Poncia, Jr.
By: Raymond J. Poncia, Jr.

**Raymond J. Poncia, Jr. Family Trust**

/s/ Raymond J. Poncia, Jr.
By: Raymond J. Poncia, Jr.

**Auspex, LLC and Kudu, LLC**

/s/ Peter Cladianos, Jr.
By: Peter Cladianos, Jr.

**Art Hinckley**

/s/ Art Hinckley
By: Art Hinckley

**Cindy Hinckley**

/s/ Cindy Hinckley
By: Cindy Hinckley

**Warren W. & Carol A. Tripp Family Trust**

/s/ Deric Debenedetti
By: Deric Debenedetti

286635                                7

McDONALD CARANO WILSON LLP  *Electronically filed on June 30, 2010*
KAARAN E. THOMAS (NV Bar No. 7193)
100 West Liberty St., 10th Floor
Reno, Nevada 89501
Telephone Number: (775) 788-2000
Facsimile Number: (775) 788-2020
E-mail Address: kthomas@mcdonaldcarano.com

*Proposed Counsel for Official Committee of Equity Security Holders*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| In re: | Case No. BK-N-10-51432-GWZ<br>Jointly Administered |
|---|---|
| SPECIALTY TRUST, INC., et al. | Chapter 11 |
| Debtor. | ORDER GRANTING MOTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3) AND 1103(c), FOR *NUNC PRO TUNC* ORDER CLARIFYING REQUIREMENTS TO (1) PROVIDE ACCESS TO INFORMATION, AND (2) SOLICIT AND RECEIVE COMMENTS FROM EQUITY SECURITY HOLDERS |

In accordance with LR 9021, counsel submitting this declaration certifies as follows (check one):

☒ The court has waived the requirement of approval under LR 9021, however, a copy of this proposed order was sent to Debtors' counsel as indicated below.

☐ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

285781

1 of 2

3-19-99; 1:52AM;usbc chambers Butte ;4067821178 # 40/ 52
Case 10-51432-gwz    Doc 259    Entered 07/01/10 14:19:11    Page 16 of 16
07/01/2010  09:31    7753262185    U.S.B.C RENO,NV    PAGE  40/52

☐ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

| Name | Date Contacted | Agree | Disagree | Failed to Respond |
|---|---|---|---|---|
| Ira Kharasch Counsel for Debtor | June 23 via email | X | | |

SUBMITTED June 30, 2010

McDONALD CARANO WILSON LLP

By: /s/ Kaaran E. Thomas
    Kaaran E. Thomas  (NV Bar No. 7193)
    100 West Liberty St., 10th Floor
    P.O. Box 2670
    Reno, Nevada 89505-2670
    Phone: (775) 788-2000

*Proposed Counsel for Official Committee of Equity Security Holders*

285781

2 of 2