Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: ikharasch@pszjlaw.com
       smcfarland@pszjlaw.com
       vnewmark@pszjlaw.com

*Attorneys for Debtors and Debtors in Possession*

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile: 775/786-5443
Email: *sarmstrong@downeybrand.com*

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC., et al.<br><br>☑ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>**Jointly Administered under Case No. 10-51432-GWZ**<br><br>Case Nos.<br>10-51432<br>10-51437<br>10-51440<br>10-51441<br><br>**DECLARATION OF CHARLES E. JACK IV, MAI IN SUPPORT OF DEBTOR'S MOTION FOR ORDER (I) AUTHORIZING THE SALE OF CERTAIN REAL PROPERTY LOCATED AT N. DURANGO DRIVE AND DEER SPRINGS WAY IN LAS VEGAS, NEVADA, FREE AND CLEAR OF LIENS, AND (II) WAIVING THE 14-DAY STAY UNDER F.R.B.P. 6004(h)**<br><br>**Date:** July 19, 2010<br>**Time:** 11:00 a.m. |

I, Charles E. Jack IV, declare:

1.  I am a Member of the Appraisal Institute and the founder and President of Charles E. Jack Appraisal & Consulting, Inc. I have approximately 20 years of experience as an appraiser and real estate consultant in Southern Nevada. Except as otherwise indicated, the statements made herein are based on my personal knowledge and experience valuing and consulting with respect to real estate in the Las Vegas Valley and surrounding areas.

2.  I make this declaration in support of the *Debtor's Motion for Order (i) Authorizing the Sale of Certain Real Property Located at N. Durango Drive and Deer Springs Way in Las Vegas, Nevada, Free and Clear of Liens, and (ii) Waiving the 14-Day Stay Under F.R.B.P. 6004(h)* (the "Motion"). Each capitalized term not otherwise defined herein shall have the meaning ascribed in the Motion.

3.  I prepared an appraisal of the Property in October 2009, wherein I stated that the fair market value of the Property was approximately $3.63 million. The comparable sales that I utilized in the fall of 2009 for my prior valuation were derived from sales that ranged from September of 2008 to September of 2009. Most of these acquisitions were special circumstance acquisitions, as the volume of relevant comparable sale transactions that closed in 2009 were at all time lows in my memory as an appraiser in the Las Vegas Valley. This statement includes arm's length transactions and does not account for non-arm's length transactions such as Deed-in-Lieu-of-Foreclosure transactions or Trustee's Sales.

4.  In recent months in 2010, I have seen transactions from pressured banks and/or credit unions (those with capital issues and/or TARP recipient status) or other challenged sellers being closed at levels significantly below the level of the sales I witnessed at the end of 2008 and during 2009.

5.  Buyers that were end users of acquired properties, such as Walgreens, CVS, and Chase Bank, were one of the few buyer types that one saw operating in the market in 2009 given the very low volume of closed sales transactions during 2009. These buyer types were also prevalent in the previous time frame when better market conditions prevailed and remained in the market when many other buyers exited.

80662-001\DOCS_LA:221894.1

6. We have seen fewer "strategic" purchases by well-capitalized buyers in 2010. More of the transactions this year appear now to be geared towards investors and speculators with all-cash terms looking to purchase land comparable to the subject property at market bottom prices. This has generally led to a material decline of varying degrees in different markets when I compare properties I appraised in 2009 to properties I have subsequently appraised in 2010.

7. In my experience, a 30-day close is a relatively quick time-frame and generally would impact the price any property would command in this presently challenging market. In my prior appraisal, I opined at a market exposure time of 12 months or 360+/- days as being the requisite time of hypothetical market exposure that would have been required prior to achieving the valuation in the appraisal.

*[Balance of page intentionally blank]*

80662-001\DOCS_LA:221894.1

1  I declare under penalty of perjury that the foregoing is true and correct and that this
2  declaration was executed this __1st__ day of July, 2010 at Las Vegas, Nevada.

*[Signature]*

Charles E. Jack IV, MAI

*[Signature]* Digitally signed by Charles E Jack IV
DN: cn=Charles E Jack IV, o=CEJAC,
ou=Appraisal & Consulting, Inc.,
email=cejack@appraiser.net, c=US
Date: 2010.07.01 16:22:12 -07'00'

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

80662-001\DOCS_LA:221894.1