Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: *ikharasch@pszjlaw.com*
*smcfarland@pszjlaw.com*
*vnewmark@pszjlaw.com*

*Attorneys for Debtors and Debtors in Possession*

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile: 775/786-5443
Email: *sarmstrong@downeybrand.com*

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

In re:

SPECIALTY TRUST, INC., et al.

☑ Affects this Debtor
☐ Affects all Debtors
☐ Affects Specialty Acquisition Corp.
☐ Affects SAC II
☐ Affects SAC D-1, LLC

Chapter 11

**Jointly Administered under Case No. 10-51432-GWZ**

Case Nos.
10-51432
10-51437
10-51440
10-51441

**DECLARATION OF NELLO GONFIANTINI III IN SUPPORT OF DEBTOR'S MOTION FOR ORDER (I) AUTHORIZING THE SALE OF CERTAIN REAL PROPERTY LOCATED AT N. DURANGO DRIVE AND DEER SPRINGS WAY IN LAS VEGAS, NEVADA, FREE AND CLEAR OF LIENS, AND (II) WAIVING THE 14-DAY STAY UNDER F.R.B.P. 6004(h)**

Date: July 19, 2010
Time: 11:00 a.m.

I, Nello Gonfiantini III, declare:

1. I am the current chairman and chief executive officer of the above-captioned debtors and debtors in possession Specialty Trust, Inc., *et al.* (the "Debtors"). Except as otherwise indicated, the statements made herein are based on my personal knowledge.

2. I make this declaration in support of the *Debtor's Motion for Order (i) Authorizing the Sale of Certain Real Property Located at N. Durango Drive and Deer Springs Way in Las Vegas, Nevada, Free and Clear of Liens, and (ii) Waiving the 14-Day Stay Under F.R.B.P. 6004(h)* (the "Motion"). Each capitalized term not otherwise defined herein shall have the meaning ascribed in the Motion.

3. As of the Petition Date, Specialty Trust, Inc. ("Specialty Trust") owned approximately 3.62 acres of undeveloped real property located at the northwest corner of N. Durango Drive and Deer Springs Way in the City of Las Vegas, Nevada (the "Property"). The Property is situated across the street from the Centennial Hills Hospital Center approximately two miles west of the Interstate 95 freeway.

4. Specialty Trust acquired the Property on April 20, 2010 at the public sale of the Property upon the foreclosure of Specialty Trust's lien on the Property for a credit bid in the amount of $1,800,000. There were no competing bids at the foreclosure sale.

5. On May 20, 2010, Specialty Trust entered into an exclusive broker's agreement with Colliers International ("Colliers") to list the Property for sale. The Property was listed for sale on www.propertyline.com and on Colliers' website, www.colliers.com. In addition, I am advised that Colliers sent out an email broadcast to approximately 4,400 brokers and potential buyers nationwide.

6. Specialty Trust received three bids for the Property, all from non-insiders. Of the three bids that were received, the initial bid of the Purchaser was significantly higher. After arms-length negotiation with the Purchaser and in consultation with Colliers and real estate and bankruptcy counsel, Specialty Trust entered into that certain *Purchase and Sale Agreement* dated June 29, 2010 (the "Purchase Agreement"), pursuant to which the Purchaser agrees to purchase the Property for $1,900,000 in cash.

7. There are no known encumbrances against the Property. It is anticipated that the brokerage commission to be paid in connection with the sale will be 5-6% of the purchase price.

80662-001\DOCS_LA:221893.1

8. It is my belief that the proposed sale of the Property is supported by a sound business justification. Due to the impact of the economic downturn on the Debtors' business, the Debtors are experiencing severe liquidity issues. Since the Property has not been pledged to any of the holders of the Debtors' secured debt, the sale proceeds will be unencumbered cash that the Debtors plan to use for operations and to pay expenses of administration of the Cases. If the Property is not sold, the estate will run out of cash by the end of August. In addition, selling the Property now will also reduce expenses of the estate. The Property is undeveloped and thus is not generating any income to pay for its holding costs such as property taxes.

9. It is my belief that the transaction was negotiated in good faith and at arm's length. The Purchaser is not an "insider" or "affiliate" of the Debtors, and has no other connections with Specialty Trust or its principals. The terms and conditions of the transaction were negotiated by me in consultation with Colliers and the Debtor's real estate and bankruptcy counsel.

10. Based on my statements herein and the *Declaration of Charles E. Jack IV, MAI* filed concurrently herewith, it is my belief that, under the circumstances of this case, consummating the transaction is in the best interest of the estate.

*[Balance of page intentionally blank]*

80662-001\DOCS_LA:221893.1

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 1st day of July, 2010 at Reno, Nevada.

_____
Nello Gonfiantini III

4

80662-001\DOCS_LA:221893.1