Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: ikharasch@pszjlaw.com
       smcfarland@pszjlaw.com
       sjkahn@pszjlaw.com
       vnewmark@pszjlaw.com
*Attorneys for Debtors
and Debtors in Possession*

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand, LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile: 775/786-5443
Email: sarmstrong@downeybrand.com
*Nevada Attorneys for Debtor and
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

In re:

SPECIALTY TRUST, INC., et al.[1]

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Specialty Acquisition Corp.
☐ Affects SAC II
☐ Affects SAC D-1, LLC

Chapter 11

**Jointly Administered under
Case No. 10-51432-GWZ**

Case Nos:

10-51432-GWZ
10-51437-GWZ
10-51440-GWZ
10-51441-GWZ

**PACHULSKI STANG ZIEHL & JONES LLP'S FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD ENDING SEPTEMBER 30, 2010**

Hearing Date: December 14, 2010
Hearing Time: 2:00 p.m.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Specialty Trust, Inc. (2463); Specialty Acquisition Corp. (3680); SAC II (2463); and SAC D-1, LLC (1858).

1118045.3
DOCS_LA:227979.4

## SUMMARY OF INTERIM APPLICATION INFORMATION

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | The Debtors and Debtors in Possession |
| Date of Retention: | April 20, 2010 |
| Period for which Compensation And Reimbursement is sought: | April 20, 2010 – September 30, 2010 |
| Amount of Fees requested for approval and Allowance as actual, reasonable, and necessary: | $1,093,940.00 |
| Amount of Expense Reimbursement requested for approval and allowance as actual, reasonable, and necessary: (net of write-offs) | $42,157.95 |
| Total Compensation requested: | $1,136,097.95 |
| Voluntary Fee Reductions taken prior to filing Monthly Applications | $59,490.50 + 50% of non-working travel expenses |

This is a(n):   ☒ interim application   ☐ final application

## MONTHLY FEE STATEMENT SUBMISSIONS

| Application Period | Fees Incurred (100%) | Fees Incurred (80%) | Expenses Incurred (100%) | Total Fees & Costs (100% Fees + 100% Costs) | Amount Requested in Monthly Fee Statements (80% Fees + 100% Costs) | Amounts Received from Debtors to Date |
|---|---|---|---|---|---|---|
| 04/20/10 – 04/30/10 | 74,355.00[2] | 59,484.00 | 733.83 | 75,088.83 | 60,217.83 | 60,217.83 |
| 05/01/10 – 05/31/10 | 230,667.00[3] | 184,533.60 | 17,919.75 | 248,586.75 | 202,453.35 | 185,620.95 |
| 06/06/10 – 06/30/10 | 274,154.00 | 219,323.20 | 4,027.15 | 278,181.15 | 223,350.35 | 223,350.35 |
| 07/01/10 – 07/31/10 | 184,563.50 | 147,650.80 | 9,095.95 | 193,659.45 | 156,746.75 | 156,746.03 |
| 08/01/10 – 08/31/10 | 221,929.50 | 177,543.60 | 9,164.50 | 231,094.00 | 186,708.10 | 186,708.10 |

---

[2] This amount represents a reduction of fees of $3,016.50 pursuant to an agreement with the US Trustee to resolve its informal dispute of PSZJ's April fees.

[3] The US Trustee has informally disputed $21,040.50 of fees requested in May. This dispute has yet to be resolved, therefore, the disputed amount has not been deducted from this fee amount.

2

DOCS_LA:227979.4

| 09/01/10 – 09/30/10 | 108,271.00 | 86,616.80 | 1,788.34 | 110,059.34 | 88,405.14 | 0.00 |
|---|---|---|---|---|---|---|
| Totals | 1,093,940.00 | 875,152.00 | 42,729.52[4] | 1,136,669.52 | 917,881.52 | 812,643.26 |

## SUMMARY OF PROFESSIONALS[5]
### April 20, 2010 through September 30, 2010

| Attorney | Hourly Rate | Application Hours | Total Fees |
|---|---|---|---|
| Elissa A. Wagner | 495.00 | 87.10 | $ 43,114.50 |
| Ellen M. Bender | 347.50 | 5.00 | $ 1,737.50 |
| Ellen M. Bender | 695.00 | 435.50 | $302,672.50 |
| Gillian N. Brown | 515.00 | 0.30 | $50.90154.5 |
| Ira D. Kharasch | 41.50 | 1.50 | $ 62.25 |
| Ira D. Kharasch | 412.50 | 16.60 | $ 6,847.50 |
| Ira D. Kharasch | 750.00 | 1.60 | $ 1,200.00 |
| Ira D. Kharasch | 825.00 | 505.20 | $416,790.00 |
| Jonathan J. Kim | 575.00 | 6.30 | $ 3,622.50 |
| Robert M. Saunders | 550.00 | 8.00 | $ 4,400.00 |
| Scotta E. McFarland | 575.00 | 197.20 | $113,390.00 |
| Stephen J. Kahn | 347.50 | 4.10 | $ 1,424.75 |
| Stephen J. Kahn | 695.00 | 10.30 | $ 7,158.50 |
| Victoria A. Newmark | 625.00 | 250.40 | $156,500.00 |
| Subtotal | | 1,529.10 | $1,058,971.40 |
| Blended Rate (Attorneys only) | 692.61 | | |

| Paraprofessional | Hourly Rate | Application Hours | Total Fees |
|---|---|---|---|
| Beth D. Dassa | 235.00 | 50.90 | $11,961.50 |
| Felice S. Harrison | 235.00 | 0.50 | $ 117.50 |
| Patricia J. Jeffries | 235.00 | 109.40 | $25,709.00 |
| Shawn A. Quinlivan | 235.00 | 0.40 | $ 94.00 |
| Subtotal | | 161.20 | $37,882.00 |
| TOTAL | | 1,690.30 | $1,096,956.50 |
| Combined Blended Rate (Attorneys and Paraprofessionals) | 648.97 | | |

## SUMMARY OF DISBURSEMENTS
### April 20, 2010 through September 30, 2010

| EXPENSES | RATE | TOTAL EXPENSE |
|---|---|---|
| Air Fare | Actual Rate | $3,129.90 |
| Airport Parking | Actual Rate | $ 317.83 |
| Auto Travel Expense | Actual Rate | $ 196.36 |
| Conference Call | Actual Rate | $ 392.94 |
| Federal Express | Actual Rate | $4,267.87 |
| First Legal Atty/Messenger | Actual Rate | $ 95.50 |
| Guest Parking | Actual Rate | $ 79.15 |

---

[4] This amount does not reflect write-offs applied herein.
[5] These amounts do not reflect any fee reductions as a result of US Trustee disputes.

DOCS_LA:227979.4

3

| EXPENSES | RATE | TOTAL EXPENSE |
|---|---|---|
| Hotel Expense | Actual Rate | $1,273.91 |
| Lexis/Nexis - Legal Research | Actual Rate | $ 611.07 |
| Outside Reproduction Expense | Actual Rate | $5,471.87 |
| Outside Services | Actual Rate | $4,553.29 |
| Overtime* | Actual Rate | $ 444.53 |
| Pacer - Court Research | Actual Rate | $ 350.96 |
| Postage | Actual Rate | $3,125.87 |
| Reproduction Expense | @ $.20 per page | $9,828.60 |
| Reproduction/ Scan Copy | @ $.10 per page | $1,953.60 |
| Research | Actual Rate | $ 166.00 |
| Transcript | Actual Rate | $2,682.75 |
| Travel Expense | Actual Rate | $ 619.15 |
| Westlaw - Legal Research | Actual Rate | $3,041.33 |
| Working Meals* | Actual Rate | $ 127.04 |
| Subtotal | | $42,729.52 |
| *Less Write-Offs | | < $571.57 > |
| TOTAL | | $42,157.95 |

Pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 Authorizing and Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on June 17, 2010 [Docket No. 217] (the "Compensation Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or "Applicant"), general bankruptcy counsel for the above-captioned debtors and debtors in possession (the "Debtors"), hereby files this application (the "First Interim Fee Application" or "Application") seeking entry of an order approving the allowance and authorizing payment of interim compensation in the amount of $1,088,391.00 in fees and $42,157.95[6] in expenses, totaling $1,130,548.95 (the "Requested Compensation"). The Requested Compensation reflects the following reductions to PSZJ's fees: (1) approximately $59,490.00 in voluntary reductions as reflected in certain of PSZJ's monthly interim fee and expense statements filed with the Court (the "Monthly Fee Statements") [Docket Nos. 316, 325, 410, 417, and 452]; (2) a $3,016.50 reduction pursuant to an agreement with the United States Trustee (the "UST") as set forth in the *Certificate Regarding Pachulski Stang Ziehl & Jones' Monthly Fee Applications for the Period April 20, 2010 Through April 30, 2010* [Docket No. 320]; and (3) a $5,549 reduction offered by PSZJ to resolve the UST's informal

---

[6] This amount reflects a write-off of $571.57 in expenses billed in the Applicant's monthly billing statements.

objection to PSZJ's May, 2010 fees as set forth in the *Amended Certificate Regarding Notice of Second Monthly Interim Fee and Expense Statement for the Period May 1, 2010 Through May 31`, 2010 of Pachulski Stang Ziehl & Jones LLP* [Docket No. 449]. The fees and expenses covered by this First Interim Fee Application were incurred from April 20, 2010 through September 30, 2010 (the "First Interim Fee Period").

Pursuant to the Compensation Order, Debtors were previously authorized to pay eighty percent (80%) of the undisputed fees and one hundred percent (100%) of the undisputed expenses requested by Applicant in the Monthly Fee Statements filed with the Court [Docket Nos. 289, 316, 325, 410, 417 and 452]. To date, Applicant has received a total of $812,643.26 from Debtors, as detailed in the chart set forth above. This First Interim Fee Application seeks an order approving all fees and expenses as set forth herein and allowing and authorizing payment of the Requested Compensation, including $15,491.50 of the $21,040.50 amount of the May fees disputed by the UST, the remaining twenty (20%) of the undisputed fees that have not yet been paid, and 100% of September's monthly fees and costs, totaling $317,905.69 (the "Disputed and Holdback Amount").

This First Interim Fee Application is based upon the Monthly Fee Statements, and the Declaration of Ira Kharasch (the "Kharasch Declaration") in support hereof and incorporated for all purposes herein by this reference, the Compensation Order, all other papers and pleadings filed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and upon the following representations.

**GENERAL BACKGROUND**

1. On April 20, 2010 (the "Petition Date"), the Debtors commenced the above-captioned cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Various professionals have been retained and their employment has been approved by this Court. On May 24, 2010, the Committee was appointed. On September 17, 2010, the Court appointed Grant Lyon as Chief Restructuring Officer ("CRO") of the Debtors.

DOCS_LA:227979.4

5

2. May 21, 2010 Debtors filed their *Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed.R.Bankr.P. 2016 Authorizing and Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Compensation Motion") that was heard by the Court on June 2, 2010. The Compensation Order was entered June 17, 2010 and reflects certain limited modifications to the Compensation Motion. As set forth in the Compensation Order, professional in these Chapter 11 Cases could file with the Court and submit to Debtors monthly billing statements, defined above as the "Monthly Fee Statements". The Debtors were authorized to pay eighty percent (80%) of the undisputed fees and 100% of the undisputed disbursements requested in such monthly billing statements subject to certain provisions contained in the Compensation Order.

3. Pachulski Stang Ziehl & Jones LLP was retained effective as of April 20, 2010 by this Court's *Order on Application of Debtors and Debtors in Possession to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel* [Docket No. 220] dated June 17, 2010 (the "<u>PSZJ Retention Order</u>"). The PSZJ Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary costs and expenses incurred in connection with these Chapter 11 Cases in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, applicable Local Rules, and any applicable regulations and orders with respect to the foregoing that may be applicable to these Chapter 11 Cases.

**COMPENSATION PAID AND ITS SOURCE**

4. All services for which PSZJ requests compensation were performed for or on behalf of the Debtors in furtherance of the duties and functions of the Debtors.

5. Except for the payments received pursuant to the terms of the Compensation Order, as set forth in the chart above, during the First Interim Fee Period, PSZJ has received no payment and no promises for payment from any source for services rendered or yet to be rendered in any capacity whatsoever in connection with the matters covered by this First Interim Fee Application. Further, there is no agreement or understanding between PSZJ and any other person for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

DOCS_LA:227979.4

6

## FEE STATEMENTS

6. PSZJ's Monthly Fee Statements are attached for the Court's convenience collectively as Exhibit 1 to the Kharasch Declaration. The compensation requested by PSZJ is based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code, and PSZJ respectfully submits that this First Interim Fee Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, and the Compensation Order.

## ACTUAL AND NECESSARY EXPENSES

7. The Monthly Fee Statements attached to the Kharasch Declaration contain a breakdown of the actual and necessary expenses paid by PSZJ during the First Interim Fee period.

8. In connection with the reimbursement of actual, reasonable and necessary expenses, it is PSZJ's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to PSZJ's clients include, among other things, conference calls and fax machine charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, charges for use of PACER, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

9. PSZJ customarily charges $0.20 per page for photocopying expenses and $0.10 per page for scanning and printing charges. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis. Whenever feasible, PSZJ sends large copying projects to an outside copy service that charges a reduced rate for photocopying.

10. PSZJ charges $1.00 per page for out-going facsimile transmissions. Fax receipts are charged at $0.20 per page, the same cost as PSZJ charges for photocopies.

11. PSZJ does not charge for local or long distance calls placed by attorneys from their offices. PSZJ only bills its clients for the actual costs charged to PSZJ by teleconferencing services in the event that a multiple party teleconference is initiated through PSZJ.

12 Regarding providers of on-line legal research (e.g., LEXIS and Westlaw), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amount charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

13. PSZJ believes the foregoing rates are the market rates that the majority of law firms charge their clients for such expenses. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## SUMMARY OF SERVICES RENDERED

14. PSZJ has generally advised and assisted the Debtors in connection with, but not limited to, the following:

(a) obtaining approval of emergency motions filed the first day of these Chapter 11 Cases, including, but not limited to, the interim approval of the contested cash collateral motion;

(b) preparation of post-petition budgets,

(c) litigation with Deutsche Bank over the use of its cash collateral and the interim resolution of same, including a massive discovery project;

(d) preparation of schedules, statements of financial affairs and monthly operating reports;

(e) the sale of certain property;

(f) the employment of various professionals, including a financial advisor, real estate brokers, special counsel and accountant;

(g) general business matters;

(h) disputes with the Committee and lenders over the management fee paid to a non-debtor affiliate;

DOCS_LA:227979.4

8

(i) negotiations with the Committee over the extension of the exclusive period in which only the Debtors may file a plan of reorganization;

(j) the appointment of a CRO;

(k) working with the Debtors' financial advisor regarding the valuation of their loan and REO portfolio and identifying sources of new capital;

(l) development and negotiation of the terms of a plan of reorganization with the Committee and other key parties in these Chapter 11 Cases;

(m) preparation of a disclosure statement;

(n) creditor and investor relations;

(o) the preparation of other various papers and pleadings in these Chapter 11 Cases on behalf of the Debtors;

(p) general discussions and negotiations regarding matters in these Chapter 11 Cases with the Committee as well as other constituents; and

(q) such other legal services as requested or directed by the Debtors.

15. Specifically, PSZJ has performed all necessary professional services described and identified in detail in the Monthly Fee Statements.

## SUMMARY OF SERVICES BY CATEGORY

16. To provide an orderly and meaningful summary of the services rendered by PSZJ on behalf of the Debtors, PSZJ has established the following separate project billing categories in connection with these cases:

| TASK CODE | DESCRIPTION |
|---|---|
| AA | Asset Analysis |
| AD | Asset Disposition |
| BL | Bankruptcy Litigation |
| CA | Case Administration |
| CF | Committee Formation |
| CO | Claims Administration/Objection |

| TASK CODE | DESCRIPTION |
|---|---|
| CP | Compensation of Professionals |
| CPO | Compensation of Professionals (Other) |
| DBL | Deutsche Bank Litigation |
| EC | Executory Contracts |
| FF | Financial Filings |
| FN | Financing |
| GB | General Business Advice |
| GC | General Creditors' Committee |
| LN | Litigation (Non-Bankruptcy) |
| MC | Meeting of Creditors |
| OP | Operations |
| PC | Pachulski Compensation |
| PD | Plan and Disclosure Statement |
| PR | Pachulski Retention |
| RP | Retention of Professionals |
| RPO | Retention of Professionals (Others) |
| TR | Travel |

17. The following summary is intended to highlight a number of the services rendered by PSZJ in the separate project billing categories where PSZJ expended a considerable number of hours on behalf of the Debtors. It is not meant to be a detailed description of all of the work performed by PSZJ during the First Interim Fee Period. Detailed descriptions of the day-to-day services provided by PSZJ and the time expended performing such services in each project billing category are fully set forth in the Monthly Fee Statements attached as Exhibit 1 to the Kharasch Declaration. Such detailed descriptions indicate the actual services performed and the attorneys and paraprofessionals who rendered services related to each of the task codes set forth above are identified. The descriptions also demonstrate that PSZJ was heavily involved in the performance of services for the Debtors on

DOCS_LA:227979.4

a regular basis, including late night/early morning, holiday, and weekend work that was often performed under extreme time pressure to meet the needs of the Debtors in these Chapter 11 Cases.

    A.    Asset Analysis

Fees: $9,927.00                Total Hours: 15.70

This category pertains to the identification and review of potential assets including causes of action and non-litigation recoveries. PSZJ collected and analyzed information regarding certain of the Debtor's loans and REO properties.

    B.    Asset Disposition

Fees: $25,030.00               Total Hours: 35.40

This category includes, but is not limited to, communications with the Debtors, brokers, potential purchasers, other of the Debtors' professionals and the Committee related to the marketing and sale of certain REO properties and the drafting of the sale motion.

    C.    Bankruptcy Litigation

Fees: $117,098.50              Total Hours: 161.80

This category includes, but is not limited to, preparation of the motions to limit notice, the joint admin motion and the motions to shorten notices on those motions as well as the cash collateral motion; the preparation of service lists; the preparation and attendance at the hearing on the "First Day" motions as well as hearings on June 2nd, June 22nd, July 19th, September 2nd and September 17th; work regarding disputes with US Bank, Deustsche Bank and the Committee regarding the management agreement and related confidentiality agreements; drafting of the confidentiality agreements; dealing with discovery related disputes; and communications, both written and oral, internally, with the Debtors, counsel for the Committee, counsel for Deustsche Bank and other interested parties.

    D.    Case Administration

Fees: $8,757.00                Total Hours: 28.20

This category includes administrative matters, including, without limitation, reviewing the docket; creating and maintaining service lists, maintaining a critical dates calendar for the case; communicating with the Court, the Trustee, the Debtors, other professionals and other case

constituents and interested parties regarding issues relating to the administration of the case; and performing other miscellaneous services related thereto.

D.  Committee Formation

Fees: $165.00.               Total Hours: .20

This category includes time spent regarding the formation of the committee.

E.  Claims Analysis/Objection

Fees: $21,741.00             Total Hours: 27.80

This category includes the review and analysis of various claims, including the potential Ledgemont claim; addressing the validity and priority of liens allegedly held by Deustsche Bank and others; and communications related thereto.

F.  Compensation of Professionals

Fees: $13,765.00             Total Hours: 19.80

This category includes time spent preparing an interim compensation procedures motion, reviewing and revising the monthly fee statements, drafting monthly fee applications, reconciling PSZJ's retainer and first monthly fee application, and addressing the UST's objections to the April and May fee applications.

G.  Compensation of Professionals (Others)

Fees: $386.00                Total Hours: ..60

This category includes internal communications regarding the interim fee procedures, review of fees of other professionals, communications with the UST and the Debtors regarding professional fees, and communications with the Debtors regarding the application of retainers.

H.  Deustsche Bank Litigation

Fess: $275,270.50            Total Hours: 418.60

This category includes, among other things, (1) handling and coordinating the massive document production request from Deustsche Bank regarding the use of its cash collateral, including, but not limited to, the development of an electronic discovery protocol, the review of thousands of documents, the preparation of a privilege log, drafting an objection to certain of the requests, and communicating internally and with the Debtors, Nevada counsel for the Debtors, corporate counsel for the Debtors, counsel for Deustsche Bank, counsel for the Committee and

12

others regarding the production, (2) preparing for a three day deposition of the Debtors' CEO, attending the deposition, reviewing the rough and final transcripts of the deposition, and communicating internally and with the Debtors, Nevada counsel for the Debtors, corporate counsel for the Debtors, counsel for Deustsche Bank, and counsel for the Committee and others regarding the deposition, (3) dealing with confidentiality issues related to the discovery, (4) addressing the numerous concerns and complaints of Committee counsel related to the discovery, (5) analyzing the costs of the discovery and possible methods to curtail such costs, (6) dealing with discovery disputes, (7) analyzing the underlying reasons for the discovery and how to resolve those issues, (8) and reviewing the numerous documents produced by Deustsche Bank related to their alleged liens and collateral. The discovery conducted by Deutsche Bank substantially exceeded the issues specific to the Cash Collateral Motion. Deutsche Bank sought discovery regarding valuation of all of the assets pledged under its securitized note program; as well as how those assets were pledged and the perfection of their interests. All parties, and the Court, recognized that the discovery of these broader valuation issues was relevant to the ultimate issues in the case, and therefore discovery was allowed to proceed in this fashion.

I.     Executory Contracts

Fees: $420.00          Total Hours: .60

This category includes communications internally and with the Debtors regarding the deadline for assumption of real property leases.

J.     Financial Filings

Fees: $64,497.50       Total Hours: 168.10

This category includes time spent preparing the Debtors' schedules of assets and liabilities and statements of financial affairs, including amendments thereto, as well as the review of the Debtors' monthly operating reports.

K.     Financing

Fees: $203,248.50      Total Hours: 293.30

This category includes work performed with respect to the use of cash collateral and financing issues, including, but not limited to, analysis of the validity and priority of liens; review and extensive communications with the Debtors, the secured lenders and others related to

DOCS_LA:227979.4

the budget and the revisions thereto; gathering and analysis of facts for the motion to use cash collateral and the preparation of the motion; analysis of the objections to the cash collateral motion and drafting the replies to those objections; research various issues related to the use of cash collateral and drafting memos related thereto; analysis of collateral valuations and preparation of charts related thereto; responding to the inquiries of the counsel for the secured lenders and the Committee regarding the cash collateral motion and the budgets and amended budgets; drafting the stipulation with US Banks; drafting the orders on the cash collateral motion; preparing the cash collateral settlement agreement with Deustsche Bank and the related partial withdrawal of the cash collateral motion; preparing status reports for the Court on the use of cash collateral; and analysis of and communications internally and with the Debtors, Imperial and Committee counsel regarding DIP financing and a motion to prime existing secured lenders.

  L. General Business Advice

  Fees: $167,318.00  Total Hours: 214.40

  This category includes, but is not limited to, time spent preparing task lists for internal calls and weekly calls with the Debtors; participation in weekly calls with the Debtors addressing various general business issues, discussing various strategies for upcoming hearings and attending board meetings; preparation for meetings with the board of directors; attending meetings with the board; preparing a confidentiality agreement to be used with potential investors or lenders and addressing issues related to same; internal discussions related to the status of various pending case matters and strategies related thereto; discussing various restructuring possibilities with the board; addressing various management matters, including, but not limited to, the possibility or restructuring the board and the appointment of a CRO.

  M. General Creditors' Committee

  Fees: $23,473.00  Total Hours: 33.30

  This category relates to addressing general issues raised by the Committee. PSZJ, among other things: (i) attended meetings with the Committee to address various issues and concerns; and (ii) participated in Committee status calls.

  N. Litigation (Non-Bankruptcy)

  Fees: $3,905.00  Total Hours: 5.80

DOCS_LA:227979.4

14

This category includes time spent responding to issues relating to various State Court actions and the potential removal of certain of those actions .

O.   Meeting of Creditors

Fees: $2,886.00          Total Hours: 3.60

This category includes time incurred in connection with preparation of and attendance at the 341(a) Meeting of Creditors.

P.   Operations

Fees: $37,463.00         Total Hours: 48.60

This category includes time spent advising the Debtors with respect to various day-to-day operations of its business, including, but not limited to issues related to their bank accounts, various assets, cash reports due to US Bank and other reporting issues, appraisal issues, the retention of a compensation consultant, Jordenelle issues, and budget inquires.

Q.   Pachulski Compensation

Fees: $70.50             Total Hours: .30

This category includes time spent relating to services provided in connection with PSZJ's monthly fee statements.

R.   Plan and Disclosure Statement

Fees: $22,273.00         Total Hours: 34.20

This category includes, but is not limited to, the analysis of various plan issues, drafting a memorandum on cram down, drafting a motion and order to extend exclusivity and addressing objections thereto, and drafting a disclosure statement.

S.   Pachulski Retention

Fees: $4,127.00          Total Hours: 8.80

This category includes time spent relating to the preparation of PSZJ's employment application.

T.   Retention of Professionals

Fees: $2,727.00          Total Hours: 4.60

This category includes time spent on the preparation PSZJs employment application and supplemental disclosures.

U.  Retention of Professionals (Others)

Fees: $82,336.000    Total Hours: 139.40

This category includes the preparation of applications to retain (i) Imperial Capital LLC to evaluate the Company's existing asset portfolio, future prospects as a going concern and strategic alternatives, (ii) Polis & Associates as special counsel, (iii) New West Development as Real Estate Consultant, (iv) various real estate brokers, and (v) Moss Adams LLP as Accountants, Auditors and Tax Return Preparers. PSZJ also spent time reviewing and addressing objections to various employment applications.

V.  Travel

Fees: $10,072.00    Total Hours: 27.20

This category relates to travel time to and from hearings. Travel time has been billed at ½ the regular hourly billing rate.

### VALUATION OF SERVICES

18.  PSZJ has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, including familiarity with the facts and circumstances surrounding these Chapter 11 Cases. As such, PSZJ is uniquely qualified to represent the Debtors' interests with respect to Debtors' businesses and financial affairs and the potential legal issues that may arise in these Chapter 11 Cases.

19.  PSZJ believes that every professional employed on behalf of a debtor in a chapter 11 case has a responsibility to control fees and expenses by providing services in an efficient and effective manner. To this end, PSZJ diligently worked to coordinate and facilitate the efficient prosecution of the matters for which it was employed. Staffing of matters within these Chapter 11 Cases is done with the objective of providing the level of representation appropriate to the significance, complexity, or difficulty of the particular matter. On certain occasions, when more than one attorney attended a meeting or hearing, the attendance was necessary to adequately represent the interests of the Debtors and provide the context from which appropriate advice and counsel could be given. Moreover, given the nature of these

DOCS_LA:227979.4

16

Chapter 11 Cases, PSZJ has taken great care to coordinate with the other professionals to ensure there has been no duplication of effort on any task.

20. PSZJ reviews all client billings for reasonableness and makes adjustments so that the charges are consistent with the value of the services provided. As set forth above, PSZJ, prior to filing its Monthly Fee Statements, voluntarily reduced its fees during the First Interim Fee Period by $59,490.50.

21. The hourly rates charged are PSZJ's normal hourly rate for work of this type in chapter 11 cases. PSZJ charges hourly rates that are similar to those rates charged by comparable law firms for similar legal services. PSZJ's blended hourly rate, not including paraprofessionals, during this First Interim Fee Period was $692.61. PSZJ's combined blended hourly rate, including attorneys and paraprofessionals during this First Interim Fee Period was $648.97.

22. PSZJ's attorneys and paraprofessionals have expended a total of 1,690.30 hours rendering professional services to or on behalf of the Debtors in connection with these Chapter 11 Cases during the First Interim Fee Period, as detailed in Summary of Professionals charts set forth above. The nature of the work performed by these individuals is summarized above and fully set forth in the Monthly Fee Statements attached as Exhibit 1 to the Kharasch Declaration. The reasonable value of the professional services rendered by PSZJ to or on behalf of Debtors during the First Interim Fee Period is $1,093,940.00.

23. As mentioned above, however, the UST informed PSZJ that the UST objected to certain of PSZJ's May, 2010 fees related to the employment of New West, to the "First Day" motions related to limiting notice in these Chapter 11 Cases, and to the negotiation of certain confidentiality agreements. PSZJ and the UST discussed the objections and PSZJ believed all of the UST's questions related to the "First Day" motions were resolved, however, because the objections were informal, PSZJ requested that the UST indicate the specific time entries to which the UST objected. Upon receipt of that information from the UST, PSZJ noted that the UST had indicated only $11,098.00 of fees, all related to the employment of New West, as disputed Although PSZJ does not agree with the UST's assessment of the questioned time entries, PSZJ offered to discount its fees by $5,549 in order to resolve the

17

DOCS_LA:227979.4

UST's concerns. PSZJ did not received a response to its proposal. In preparing to file the certificate regarding the May fee application, the Debtors' Nevada counsel was informed by the UST that it disputed $21,040.50 of the May fees, however, it has never indicated to PSZJ what additional time entries are in dispute. PSZJ has discounted its May fees by $5,490.00 in this Application in an attempt to resolve any continuing issues the UST with those fees. The total fees being requested for the First Interim Fee Period are, therefore, $1,088,391.00

24. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the Requested Compensation is fair and reasonable given (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services in a case other than under this title and, therefore, should be approved.

**CONCLUSION**

**WHEREFORE,** PSZJ respectfully requests that the Court enter an order approving the allowance and authorizing Debtors' payment to PSZJ of the interim compensation in the amount of $1,088,391.00 in fees incurred for necessary professional services rendered and $42,157.95 (less write-offs) as reimbursement of actual, reasonable and necessary costs and expenses paid during the First Interim Fee Period from April 20, 2010 through September 30, 2010, for a total of $1,130,548.95 of which only the Disputed and Holdback Amount of $317,905.69 remains unpaid as not previously authorized under the Compensation Order, and for such other and further relief as the Court may deem just and proper.

DATED: November 16, 2010          PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ Ira D. Kharasch
Ira D. Kharasch
Counsel for the Debtors and Debtors in Possession

DOCS_LA:227979.4