Ira D. Kharasch (CA Bar No. 109084)
Ellen M. Bender (CA Bar No. 116987)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: *ikharasch@pszjlaw.com*
 *ebender@pszjlaw.com*
 *smcfarland@pszjlaw.com*
 *vnewmark@pszjlaw.com*

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile:  775/786-5443
Email: *sarmstrong@downeybrand.com*

*Attorneys for Debtors and Debtors in Possession*

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY TRUST, INC., et al. | **Jointly Administered under Case No. 10-51432-GWZ** |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Case Nos.<br>10-51432<br>10-51437<br>10-51440<br>10-51441 |
| | **DECLARATION OF RAYMOND L. DOZIER IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF ORDER (1) AUTHORIZING POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105; 363(c) AND 364(c) AND (d); (2) AUTHORIZING USE OF CASH COLLATERAL; (3) GRANTING SECURITY INTERESTS AND SUPERPRIORITY CLAIMS; AND (4) GRANTING RELATED RELIEF** |
| | Date:   Fgego dgt '9, 2010<br>Time:   4<22't.m. |

I, Raymond L. Dozier, declare as follows:

1. I am a certified commercial real estate appraiser licensed in the state of California, and a member of the Appraisal Institute ("MAI"). I have been a commercial real estate appraiser for over thirty five years. I am the owner and principal of Dozier Appraisal Company, an independent real estate appraisal firm founded by me in 1980, which is located in Palm Desert California and specializes in the appraisal of resort and urban properties.

2. I make this declaration on behalf of Specialty Trust, Inc. ("Specialty Trust") and its debtor and debtor in possession affiliates (the "Debtors" or the "Company") in connection with the above-captioned bankruptcy case, in support of *Debtors' Motion For Entry Of Order (1) Authorizing Postpetition Financing Pursuant To 11 U.S.C. §§ 105; 363(c) And 364(c) And (d); (2) Authorizing Use Of Cash Collateral; (3) Granting Security Interests And Superpriority Claims; And (4) Granting Related Relief* (the "Motion"). This declaration is based upon my own personal knowledge, unless otherwise stated, and if called as a witness, I could and would testify competently as to the matters contained herein.

3. Within the past two years I have been retained on a number of occasions by one or more of the Debtors to perform real estate appraisals with respect to various commercial and resort real estate parcels in which the Debtors, or some of them, hold an interest. These include the following:

    (a) A development consisting of 32 fractional homes located in La Quinta, California, referred to by the Debtors as "Nadador". A true and correct copy of the most recent appraisal report completed by me on this property, dated as of December 1, 2009, with an appraised value of $23,577,000, is attached hereto as Exhibit "A" and incorporated herein by reference. The portion of the property in which the Debtors have an interest does not include a model home in the project; the parcel without the model home has an appraised value of $21,528,996;

    (b) A parcel of 640 acres of vacant land located in Pinal County, Arizona, referred to by the Debtors as "Ecco Holdings, LLC". A true and correct copy of the most

        recent appraisal report completed by me on this property, dated as of January 20, 2010, with an appraised value of $14,450,000, is attached hereto as Exhibit "B" and incorporated herein by reference;

(c)   189 partially developed acres located in Eloy, Arizona consisting of finished residential lots, planned lots and commercial usage, referred to by the Debtors as "Esperanza". A true and correct copy of the most recent appraisal report completed by me on this property, dated as of February 8, 2010, with an appraised value of $5,886,000, is attached hereto as Exhibit "C" and incorporated by reference;

(d)   2300 acres of undeveloped residential land located in Coachella, California, referred to by the Debtors as "Vero Desert Lakes". A true and correct copy of the most recent appraisal report completed by me on this property, dated as of December 7, 2009, with an appraised value of $51,450,000, is attached hereto as Exhibit "D" and incorporated by reference;

(e)   113 acres of vacant residential land located in Stockton, California, referred to by the Debtors as "Duck Creek". A true and correct copy of the most recent appraisal report completed by me on this property, dated as of January 7, 2010, with an appraised value of $9,450,000, is attached hereto as Exhibit "E" and incorporated by reference;

(f)   400 acres which are part of a master planned community located in Park City, Utah, referred to by the Debtors as "Prime West Jordanelle". A true and correct copy of the most recent appraisal report completed by me on this property, dated as of February 10, 2010, with an appraised value of $15, 350,000, is attached hereto as Exhibit "F" and incorporated by reference;

(g)   .98 acres of unimproved land zoned for multi-family use located in Phoenix, Arizona, referred to by the Debtors as "Oakcreek Condo". A true and correct copy of the most recent appraisal report completed by me on this property, dated

as of April 12, 2010, with an appraised value of $3,440,000, is attached hereto as Exhibit "G" and incorporated herein by reference;

(h)  1.60 acres of vacant land zoned for multi-family use located in Phoenix, Arizona, referred to by the Debtors as "5th & Lincoln". A true and correct copy of the most recent appraisal report completed by me on this property, dated as of April 12, 2010, with an appraised value of $6,400,000, is attached hereto as Exhibit "H" and incorporated herein by reference;

(i)  1.04 acres of vacant land zoned for multifamily use located in Phoenix, Arizona, referred to by the Debtors as ""JFP 1330, LLC". A true and correct copy of the most recent appraisal report completed by me on this property, dated as of April 12, 2010, is attached hereto as Exhibit "I" and incorporated herein by reference;

(j)  103.93 acres of land, including 201.65 acre feed of water, located in a master planned development located in Pahrump, Nevada, referred to by the Debtors as "PV Land Investments, LLC". A true and correct copy of the most recent appraisal report completed by me on this property, dated as of March 10, 2010, is attached hereto as Exhibit "J" and incorporated herein by reference.

4.  Each of the aforementioned appraisals represents my professional opinion of the "As-Is" Market Value of the specific properties, as that term is commonly agreed upon and used by federal financial institutions in the United States of America. The appraisals were prepared following a personal inspection of each of the properties and a review of all available market data as of the effective date of each appraisal. I am currently aware of no additional facts which would alter my opinion as to the values ascribed to these properties as of the respective appraisal effective dates.

5.  Nearly all of these properties are comprised of undeveloped or partially developed land, the highest and best use for which would be to hold the properties for between 3-5 years to allow a reasonable marketing period and to allow for the real estate market to recover from the current economic recession, which has significantly affected demand for such properties. In my professional opinion, a forced liquidation of these properties at this time would substantially

1  diminish their value and significantly reduce any ultimate recovery for the Debtors and their
2  creditors in this case.

3      6.    I have no present or prospective interest in any of the subject properties, in any of
4  the Debtors, or, to the best of my knowledge and belief, any other person or entity holding an
5  interest, either direct or indirect, in any of the properties.

6      7.    Upon information and belief, each of the appraisal reports was prepared for the
7  Debtors in connection with their ongoing business needs, in the ordinary course of their business,
8  and not in contemplation of any litigation. My engagement was not contingent upon developing or
9  reporting predetermined results, and my compensation was not contingent upon the reporting of a
10 predetermined value or direction in value. My analyses, opinions, and conclusions were
11 developed, and this report has been prepared, in conformity with the Uniform Standards of
12 Professional Appraisal Practice.

13     8.    Attached hereto as Exhibit "K" is a true and correct copy of my current professional
14 curriculum vitae, including a list of all publications authored by me in the previous ten years.

15     9.    Attached hereto as Exhibit "L" is a true and correct copy of the Company Profile for
16 my firm, Dozier Appraisal Company.

17     10.    The compensation received by my company for preparation of each of the attached
18 appraisals was as follows: (a) Nadador: $7,500; (b) Ecco Holdings, LLC: $8,500; (c) Esperanza:
19 $8,500; (d) Vero Desert Lakes: $22,500; (e) Duck Creek: $8,500; (f) Prime West Jordanelle:
20 $11,000; (g) Oakcreek Condo: $4,100; (h) 5th & Lincoln: $4,100; (i) JFP 1330, LLC: $4,100; (j)
21 PV Land Investments, LLC: $8,500.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11. Any testimony provided by me in connection with this matter will be paid according to the following general terms: $350 per hour with a daily minimum of $2,800 per day, plus costs and expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on this 16 day of November, 2010, at Palm Desert, CA

/s/ Raymond L. Dozier
Raymond L. Dozier