NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar # CA 117234
WILLIAM B. COSSITT, #3484
OFFICE OF THE UNITED STATES TRUSTEE
300 Booth Street, Room 3009
Reno NV 89509
USTPRegion17.RE.ECF@usdoj.gov
Telephone: (775) 784-5335
Fax: (775) 784-5531

Attorney for Acting United States Trustee
August B. Landis

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Chapter 11 |
|---|---|
| SPECIALTY TRUST, INC., et al. | **Jointly Administered under Case No. 10-51432** |
| ☐ Affects this Debtor<br>X Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Case Nos:<br><br>10-51432-GWZ<br>10-51437-GWZ<br>10-51440-GWZ<br>10-51441-GWZ |
| | Hearing Date: December 14, 2010<br>Hearing Time: 2:00 p.m.<br>Est. Time Req.: 30 min. |

**US TRUSTEE'S OBJECTION TO PACHULSKI STANG ZIEHL & JONES LLP'S FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD ENDING SEPTEMBER 30, 2010**

The Acting United States Trustee, August B. Landis (hereinafter "US Trustee"), hereby files his Opposition to the first fee application for Pachulski Stang Ziehl & Jones, LLP ("Applicant") ("Application").

This Opposition is made and based upon 11 U.S.C. § 330, the Points and Authorities which follow, the pleadings and documents on file in the above jointly administered cases and any argument or evidence offered at the hearing. The US Trustee hereby requests the Court take judicial notice of the pleadings and documents on file in the above jointly administered cases.

## POINTS AND AUTHORITIES

## LEGAL AUTHORITIES

Pursuant to Sections 327, 330(a), 331, and 1107 of the Bankruptcy Code, the Court may approve interim "reasonable compensation for actual, necessary services rendered" by a professional hired by debtors-in-possession. The applicant has the burden of proof to show the reasonableness of the fees sought. In re Ginji Corp., 117 B.R. 983, 990 (Bankr. D. Nev. 1990).

> (3) In determining the amount of reasonable compensation to be awarded ... a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including ---
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> (4)(A) ... [T]he court shall not allow compensation for--
> (i) unnecessary duplication of services; or
> (ii) services that were not--
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

11 U.S.C. § 330(a)(3) and (4)(A).

The Court's duty to review fees "cannot be lightly exercised because of the very fact that the client may have little concern over the amount of the fees paid as the fees are being paid" from other parties' assets. Ginji, at 989. "The beleaguered debtor may not wish to strain his relationship with their life-rope" and "opposition from others may be tempered by the fact they too, expect to be paid from estate assets." Id.

The Court must also take into consideration whether the professional exercised reasonable billing judgement. In re Mednet, 251 B.R. 103, 108 (9th Cir. BAP 2000).

> (a) Is the burden of the probable cost of legal services disproportionately large in relation to the size of the estate and maximum probable recovery?
> (b) To what extent will the estate suffer if the services are not rendered?
> (c) To what extent may the estate benefit if the services are rendered and what is

the likelihood of the disputed issues being resolved successfully?
...
Absent unusual circumstances, an attorney must scale his or her fee at least to the reasonably expected recovery.

Unsecured Creditors' Comm. V. Puget Sound Plywood, Inc., 924 F2d 955, 959-61 (9th Cir. 1991).

**ANALYSIS**

From the beginning of these cases, all professionals were aware that a limited number of assets, perhaps declining in value, were available to pay claims and equity, and that each dollar incurred as an administrative claim, in all probability, would result in one dollar less for unsecured creditors or equity. All professionals are required to exercise reasonable billing judgment, based on the facts of the case. For these reasons, proper billing judgement by the professionals required a limited and measured approach to these cases. In re Mednet, 251 B.R. 103, 108 (9th Cir. BAP 2000).

Applicant's request for $1,088,391 in fees, plus $42,157.95 for costs is for one thousand six hundred ninety hours (1,690) with a blended rate of $644.02.

The US Trustee objects to the Application as follows:

**1. Unnecessary time spent on the attempted employment of New West/Terry Manley.**

Starting on April 27, 2010 and continuing through May 2010, Applicant has billed a total of approximately 23.2 hours for $12,702.50, for work regarding Authorizing Employment And Retention Of New West Development As Real Estate Consultant And Assumption Of Prepetition Consulting Agreement As Amended Post-Petition *Nunc Pro Tunc* To The Petition Date. Docket #103. The US Trustee, among others, objected to the employment because New West/Terry Manley were not disinterested, and would duplicate the services of Specialty Financial Corp. and Specialty Mortgage Corp.. Docket #132. The application to employ New West/Terry Manley was eventually withdrawn.

Applicant billed approximately 5.5 hours for $1,934.50 in April 2010 for work regarding the New West/Terry Manley employment. Docket #289, pgs 23-24. Applicant and the US Trustee agreed to reduce these amounts by 50%. However, Applicant has billed approximately 17.7 hours for $10,768 in May 2010 for work related to the New West/Terry Manley

- 3 -

employment. Docket #316, pgs. 35-40.

The exercise of reasonable billing judgment required that Applicant terminate its efforts to obtain employment of New West/Terry Manley after it became informed that Terry Manley did not qualify for employment. Terry Manley is the managing member of New West, is a shareholder of Specialty Trust, Inc., and owes Specialty Trust, Inc. $400,000. Manley Decl., Docket #104, pg. 1, lls. 21-25. Further, Terry Manley and Mr. Gonfiantini are "partners or co-managers" of several land investments. Manley Decl., Docket #104, pg. 4, lls. 25-28.

Applicant's billing entries reflect knowledge of the New West/Terry Manley consulting agreement and problems with the same no later than April 29, 2010. Docket #289, pg. 24. Therefore, the approximately 17.7 hours for $10,768 billed in May 2010, is not reasonable and should not be allowed.[1] Applicant has already reduced its fees by $5,490 for this work, pursuant to the Application, leaving an additional **$5,278** in dispute. Docket # 492, pg. 18, lls. 4-6.

**2. Excessive time or rate for form or routine pleadings or matters.**

Part of the justification for billing rates of $825, $695, and $625 is that the professionals have expertise from prior experience. Many matters and issues in bankruptcy cases repeat in case after case, allowing the experienced professional to work more efficiently and thereby justify the higher billable rate.

However, in these cases, despite Applicant's relatively high blended billable rates ($692.61 and $648.97), efficiency is not reflected in the billings for the preparation and presentation of some form or routine pleadings. In particular, too much time was spent on the preparation, review, re-review, modification, re-review, and presentation of the following:

1) motion to limit notice, approximately 10 hours for **$5,783.50**;[2]

2) confidentiality agreement(s): approximately 27.2 hours for **$19,788**, in May 2010.

---

[1] The voluntary reduction of approximately $967.25 for the April 2010 work is still appropriate because the first inquiry that should have been made was to Terry Manley's connections with the Debtors, prior to spending time drafting the application and supporting declaration of Terry Manley.

[2] To the extent the Court reduces these fees, credit should be given for the voluntary reduction of $2,049.25 already made by Applicant.

- 4 -

1  Docket #316, pg. 6, 5/1/10 through 5/5/10; and pages 7-16, especially 5/18/10 through 5/25/10

2  under Bankruptcy Litigation [L430].  Applicant has additional hours in June 2010 negotiating

3  confidentiality with Deutsche Bank over terms of agreement and providing information to note

4  holders.  Docket #325, pgs. 7-10.  Applicant has an additional 8.9 hours for $5,750 in June 2010

5  for negotiating an agreement with the Committee to limit the information the Committee shares

6  with its members and professionals.  Docket #325, pgs. 28-30.  Applicant has an additional 2.2

7  hours for $1,515 for confidentiality agreement matters in July 2010.  Docket #410, pgs. 29-30.

8  Applicant has an additional 5.6 hours for $3,508 in August 2010.  Docket #417, pgs. 30-32.;

9      3) basic bankruptcy law research:

10         (i) 6.6 hours at $575 per hour for **$3,622.50**, for having JJK, very early in these

11  cases, "Review cases and work on memo on 327/professionals issues," regarding a "managing

12  agent".  Docket #289, pg. 23, 4/26/10 entry; pg. 20, 4/26/10 and 4/27/10 entries; and

13         (ii) 8.80 hours at $625 per hour for **$5,500**, for having VAN research and write a

14  memorandum regarding "cram down standards."  Docket #325, pg. 31.; and

15      4) extension of plan exclusivity: 7.9 hours for **$5,277.50**, not including any time for

16  stipulations on extensions, or attendance in Court.  Docket #410, pgs. 33-34; Docket #417, pg.

17  35.

18  **3.  Miscellaneous matters.**

19      No disclosure is made regarding the pre-petition retainer ($100,000) and post petition

20  services retainer ($180,000) received by Applicant.  Employment Application, Docket #48, pg. 7,

21  lls. 5-22.

22      It is not clear that all of the travel time has been billed at 50%.  Docket #410, pg. 21,

23  7/28/10 entry; Docket #417, pg. 11, 8/18/10 entry.

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28

## CONCLUSION

The US Trustee respectfully requests that the Court deny the Application in the amount of approximately **$27,000**, for the reasons stated above, and for such other relief as is proper.

Dated this 6th day of December, 2010.

        Respectfully submitted,

        Nicholas Strozza, State Bar # CA 117234
        William B. Cossitt, State Bar #3484
        300 Booth Street, #3009
        Reno NV 89509
        (775) 784-5335

**/s/ WILLIAM B. COSSITT**
_____
Attorneys for Acting United States Trustee
August B. Landis

CERTIFICATE OF SERVICE

I, ROBBIN LITTLE, under penalty of perjury declare:  That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on December 6, 2010, I served a copy of the foregoing **US TRUSTEE'S OBJECTION TO PACHULSKI STANG ZIEHL & JONES LLP'S FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD ENDING SEPTEMBER 30, 2010** on the following parties:

☐    a. ECF System:

SALLIE B ARMSTRONG sarmstrong@downeybrand.com, reno@downeybrand.com

BRUCE THOMAS BEESLEY bbeesley@lrlaw.com, rmaples@lrlaw.com;jmoulian@lrlaw.com;mburns@lrlaw.com

LOUIS M. BUBALA lbubala@armstrongteasdale.com, bsalinas@armstrongteasdale.com

JAMES R CAVILIA jcavilia@allisonmackenzie.com, voneill@allisonmackenzie.com

JANET L. CHUBB bsalinas@armstrongteasdale.com;twaldo@armstrongteasdale.com

ANGELIQUE L. M. CLARK aclarkttee@hotmail.com, NV12@ecfcbis.com

NATALIE M. COX ncox@klnevada.com, bankruptcy@klnevada.com;awhite@klnevada.com

RICHARD W. ESTERKIN resterkin@morganlewis.com

LUCAS GJOVIG lmgjovig@duanemorris.com, jldailey@duanemorris.com;bsrudolph@duanemorris.com

ALVIN J HICKS ajhicks@mcdonaldcarano.com, ssmithson@mcdonaldcarano.com

CHRISTOPHER D JAIME cjaime@mclrenolaw.com, kbernhardt@mclrenolaw.com

MICHELLE N. KAZMAR mkazmar@downeybrand.com, reno@downeybrand.com

IRA D KHARASCH ikharasch@pszjlaw.com

JORDAN A KROOP jkroop@ssd.com, kgraves@ssd.com;ksinger@ssd.com

SHERRI B LAZEAR slazear@bakerlaw.com

NILE LEATHAM nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

SCOTTA E. MCFARLAND smcfarland@pszjlaw.com

VICTORIA A. NEWMARK vnewmark@pszjlaw.com

MICHAEL J PANKOW mpankow@bhfs.com

C DAVID RUSSELL drussell@grgflaw.com, dcalhoun@grgflaw.com

HEATHER E. SCHELL hschell@bhfs.com, cwindholz@bhfs.com;dkscott@bhfs.com

JENNIFER A. SMITH cobrien@lionelsawyer.com, bklscr@lionelsawyer.com

KAARAN E. THOMAS kthomas@mcdonaldcarano.com, mmorton@mcdonaldcarano.com

U.S. TRUSTEE - RN - 11 USTPRegion17.RE.ECF@usdoj.gov

MICHAEL C. VAN michael@shumwayvan.com, sandy@shumwayvan.com;erica@shumwayvan.com;ashley@shumwayvan.com

ARTHUR A. ZORIO azorio@watsonrounds.com, kmetcalf@watsonrounds.com

☐    b. U.S. Mail, postage fully prepaid (list persons and addresses):

SPECIALTY TRUST, INC.
6160 PLUMAS STREET, STE 200
RENO, NV 89519

ELLEN M. BENDER
PACHULSKI STANG ZIEHL & JONES LLP
10100 SANTA MONICA BLVD, 11TH FLR
LOS ANGELES, CA 90067-4100

R.W. AND A.R. CAPURRO FAMILY TRUST
MCDONALD CARANO WILSON LLP
C/O KAARAN E. THOMAS, ESQ.
P.O. BOX 2670
RENO, NV 89505

JOSHUA J. HICKS
BROWNSTEIN HYATT FARBER SCHRECH
9210 PROTOTYPE DRIVE, STE 250
RENO, NV 89521

STEVEN J. KAHN
PACHULSKI STANG ZIEHL & JONES LLP
10100 SANTA MONICA BLVD, 11TH FLR
LOS ANGELES, CA 90067-4100

MARICOPA COUNTY
C/O BARBARA LEE CALDWELL
7333 E. DOUBLETREE RANCH RD., STE 255
SCOTTSDALE, AZ 85258

LAUREN M. MCEVOY
335 MADISON AVE
NEW YORK, NY 10017

LAWRENCE P. MEYERS
DEPUTY COUNTY COUNSEL COURTHOUSE RM 711
222 EAST WEBER AVENUE
STOCKTON, CA 95202

PHILLIP R. POLLOCK
TOBIN & TOBIN
500 SANSOME ST. 8TH FLR
SAN FRANCISCO, CA 94111

HARLAN R. ROBINS
65 EAST STATE ST., STE 2100
COLUMBUS, OH 43215

KELLY SINGER
SQUIRE, SANDERS & DEMPSEY LLP
40 NORTH CENTRAL AVE
PHOENIX, AZ 85004

I declare under penalty of perjury that the foregoing is true and correct.

Signed: December 6, 2010

/s/ Robbin Little
ROBBIN LITTLE