Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: *ikharasch@pszjlaw.com*
       *smcfarland@pszjlaw.com*
       *vnewmark@pszjlaw.com*

Sallie B. Armstrong (NV Bar No. 1243)
Michelle N. Kazmar (NV Bar No. 10098)
Downey Brand LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile: 775/786-5443
Email: *reno@downeybrand.com*

*Local Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC., et al.[1]<br><br>☒ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>**Jointly Administered under**<br>**Case No. 10-51432-GWZ**<br><br>Case Nos.:<br>10-51432<br>10-51437<br>10-51440<br>10-51441<br><br>**DEBTOR'S MOTION FOR ORDER (I) AUTHORIZING THE SALE OF DEBTOR'S BENEFICIAL INTEREST IN PROMISSORY NOTE AND DEED OF TRUST FOR BORROWER CAVIATA 184, LLC, FREE AND CLEAR OF LIENS, AND (II) WAIVING THE 14-DAY STAY UNDER F.R.B.P. 6004(h)**<br><br>Hearing Date: May 17, 2011 (OST Requested)<br>Hearing Time: 2:00 p.m. |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Specialty Trust, Inc. (2463); Specialty Acquisition Corp. (3680); SAC II (2463); and SAC D-1, LLC (1858).

1158015.1

Above-captioned debtor and debtor in possession, Specialty Trust, Inc. ("Specialty Trust"), pursuant to sections 105, 362, and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004 of the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada (the "Local Rules"), hereby moves this Court for entry of an order substantially in the form of Exhibit 1 hereto (the "Sale Order"): (a) authorizing Specialty Trust to sell and assign its beneficial interest in a promissory note and deed of trust to borrower Caviata 184, LLC (the "Caviata Note and Deed of Trust"), free and clear of liens, to VCH Capital Investments, LLC, a Nevada limited liability company ("VCH Capital") or to such other bidder that submits the winning bid for the Caviata Note and Deed of Trust, and (b) waiving the 14-day stay under Bankruptcy Rule 6004(h) (the "Motion").

The relief sought in this Motion is based upon the facts and argument set forth herein, the proposed sale offer received from VCH Capital Investments, attached hereto as Exhibit 2, and the Assignment of Promissory Note and Related Loan Documents attached hereto as Exhibit 3. In support of this Motion, Specialty Trust represents as follows:

## I.

## BACKGROUND

### A. Jurisdiction and Venue

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for proceedings on this Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. General Background

On April 20, 2010 (the "Petition Date"), Specialty Trust and its affiliated debtors and debtors in possession (the "Debtors") commenced the above-captioned cases (the "Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Case.

1158015.1

C. **The Proposed Transaction**

As of the Petition Date, Specialty Trust held a beneficial interest in a promissory note executed by Caviata 184, LLC ("Caviata"), which was secured by a deed of trust on a 184 unit apartment complex located in Sparks, Nevada, which is commonly known as Caviata at Kiley Ranch ("Caviata Note and Deed of Trust"). Specialty Trust funded a loan to Caviata dated December 19, 2008, in the principal amount of $5,959,679.12. Caviata was the equity security holder, owner, and manager of Caviata Attached Homes, LLC ("Caviata Attached Homes"), an entity which filed for Chapter 11 bankruptcy protection in August 2009. The amount currently outstanding and due to Specialty Trust as of March 31, 2011 is $8,165,530.00.

The deed of trust held by Specialty Trust is in second position and is subject to a deed of trust in favor of US Bank. The amount outstanding on the US Bank Deed of Trust is approximately $27,476,633. According to US Bank, the property is only worth $25,000,000.00. Thus, the property is substantially underwater and Specialty Trust's interest in the Caviata Note and Deed of Trust may be worthless.

Moreover, Specialty Trust's claim against Caviata was provided for in the plan which was confirmed in the Caviata Attached Homes bankruptcy. That Plan provides that Specialty Trust's claim is treated as an unsecured claim to the extent that the value of the property does not exceed the amount owed to US Bank. Based on the value of the property according to US Bank, Specialty Trust's claim is unsecured. Nevertheless, Specialty Trust has received an offer from VCH Capital to purchase an assignment of Specialty Trust's beneficial interest in the Caviata Note and Deed of Trust. VCH Capital will pay the total sum of $125,000.00 to acquire all of Specialty Trust's beneficial interest in the Caviata Note and Deed of Trust.

Specialty Trust believes that this transaction is within its ordinary course of business; however, because the title company has requested a court order, Specialty Trust is requesting authority to sell all of its right, title and interest in the Caviata Note and Deed of Trust. Pursuant to section 363(f) of the Bankruptcy Code, Specialty Trust is also seeking authority to sell its interest in the Caviata Note and Deed of Trust free and clear of liens, although no liens are known to exist. *See* 11 U.S.C. § 363(f)(3).

**D.     Disclosures Pursuant to Local Rule 6004**

The following disclosures about the proposed transaction are made pursuant to Local Rule 6004:

<u>Date, time and place of hearing on the proposed sale.</u> Specialty Trust is seeking an order shorting time for hearing on this motion to have this matter heard on May 17, 2011 at 2:00 p.m. (the "Sale Hearing"). The Debtors will serve a notice of the date and time of the Sale Hearing in accordance with Local Rule 9006 and the Order Shortening Time. The Sale Hearing will take place at the United States Bankruptcy Court located at the C. Clifton Young Federal Building, 300 Booth Street, Reno, Nevada 89509.

<u>Name of the proposed buyer.</u> VCH Capital Investments, LLC.

<u>A description of the property to be sold.</u> All of Specialty Trust's interest, rights and title in the Caviata Note and Deed of Trust.

<u>Terms and conditions of the proposed sale, including price and contingencies.</u>

1. *Sale Price* – the sale price will be $125,000.00 paid into escrow.

2. *Good Faith Deposit* – VCH Capital has or will deposit into escrow the sum of $10,000.00 as a deposit. The deposit is fully refundable if the Court does not approve this sale transaction.

3. *Contingencies* – The only contingency to the sale is that the Court approve the transaction.

<u>Whether an auction is contemplated.</u> It is not contemplated that an auction will be held in the courtroom at the Sale Hearing. Specialty Trust, however, understands that the Court has the discretion to consider any overbid at the Sale Hearing.

<u>Relief from 14 day stay.</u> Specialty Trust seeks relief from the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h).

1158015.1

# II.

# BASIS FOR RELIEF

### A. The Proposed Sale Should Be Approved

#### 1. Standards for the Sale of Estate Property

A debtor may use, sell or lease property of the estate outside the ordinary course of business only after notice and a hearing. *See* 11 U.S.C. § 363(b)(1).

The bankruptcy court has considerable discretion in deciding whether or not to approve the use of estate property by a debtor in possession in light of a "sound business justification." *See Walter . Sunwest Bank (In re Walter)*, 83 B.R. 14, 17 (9th Cir. BAP 1988) (citing *In re Baldwin United Corporation*, 43 B.R. 888, 905 (S.D. Ohio W.D. 1984); *In re Lionel Corporation*, 722 F.2d 1063, 1066 (2d Cir. 1983); *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir. 1986)). It has been held that debtors are entitled to "a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993).

Where a proposed transaction is supported by a sound business justification, courts consider the facts and circumstances in deciding whether the fairness of the sale has been assured, including (i) whether the property has been given adequate marketing, (ii) whether the transaction has been negotiated and proposed in good faith, (iii) whether the purchaser is proceeding in good faith, and (iv) whether the proposed sale is an arm's length transaction. *See e.g., In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841-42 (Bankr. C.D. Cal. 1991); *see also Matter of Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987); *In re Alpha Industries, Inc.*, 84 B.R. 703, 705-06 (Bankr. Mont. 1988); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 176-77 (D. Del. 1991); *In re Planned Systems, Inc.*, 82 B.R. 919, 923 (Bankr. S.D. Ohio 1988).

#### 2. The Proposed Sale is Supported by a Sound Business Justification

Through this proposed sale of Specialty Trust's interest in the Caviata Note and Deed of Trust, Specialty Trust is essentially making a profit on what is otherwise considered a valueless

1158015.1

asset. As stated above, Specialty Trust's deed of trust is in a second position and is subject to a significant deed of trust in favor of US Bank. US Bank is owed approximately $27,476,633. According to US Bank, the property is only worth $25,000,000.00. Thus, Specialty Trust's interest in the Caviata Note and Deed of Trust is substantially "under water," as recognized by VCH Capital, and may be worthless. Therefore, in consummating this sale, Specialty Trust will be bringing much needed cash into this estate for the exchange of an essentially valueless asset. Accordingly, the proposed sale is within the sound business justification of Specialty Trust.

### 3. The Proposed Sale is Fair

The proposed sale is fair as it was negotiated in good faith and at arm's length. VCH Capital is not an "insider" or an "affiliate" of Debtors, and has no other connections with Specialty Trust or its principals. The terms and conditions were reviewed and approved by Grant Lyon, Specialty Trust's Chief Restructuring Officer.

Moreover, the purchase price fairly reflects the value of the property being sold. As noted above, Specialty Trust's interest in the Caviata Note and Deed of Trust is in a second position and subject to the a substantial deed of trust in favor of US Bank, essentially rendering this property worthless. Accordingly, the proposed purchase price of $125,000 is fair.

### B. The Sale Should Be Authorized Free and Clear of Liens

Specialty Trust is requesting authority to sell its interest in the Caviata Note and Deed of Trust free and clear of liens pursuant to section 363(f) of the Bankruptcy Code. Section 363(f)(3) provides that estate property may be sold free and clear of any interest in the property if:

> Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property.

11 U.S.C. § 363(f)(3).

As noted above, there are no known encumbrances against Specialty Trust's interest in the Caviata Note and Deed of Trust. Accordingly, Specialty Trust should be authorized to sell its interest in the Caviata Note and Deed of Trust free and clear of liens because the purchase price exceeds the value of all liens against Specialty Trust's interest in the Caviata Note and Deed of Trust.

1158015.1

**C.  The Purchaser Is A Good Faith Purchaser Pursuant To Section 363(m) Of The Bankruptcy Code; Inapplicability Of Section 363(n) Of The Bankruptcy Code.**

As discussed above, the purchase price was negotiated with VCH Capital at arm's length. Moreover, the Debtors believe VCH Capital acted in good faith without any collusion or fraud of any kind. VCH Capital is not an "insider" or "affiliate" of Debtors as those terms are defined in the Bankruptcy Code. Neither the Debtors nor VCH Capital, to the best of Debtors' knowledge, has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code to this transaction. Similarly, neither the Debtors nor VCH Capital, to the best of Debtors' knowledge, has engaged in any conduct that would implicate section 363(n) of the Bankruptcy Code with respect to the consummation of the sale and transfer of the Caviata Note and Deed of Trust to VCH Capital.

Specialty Trust requests that the Court make a finding that VCH Capital or other successful bidder is purchasing Specialty Trust's interest in the Caviata Note and Deed of Trust in good faith within the meaning of section 363(m) and (n) of the Bankruptcy Code.

## III.

## NOTICE

In accordance with the Court's *Order Limiting Scope of Notice* entered on May 18, 2010 (Docket No. 98 of Case No. 10-51432), copies of the Motion will be served on the following parties or their counsel of record: (i) the Office of the United States Trustee, (ii) the twenty largest unsecured creditors of the Debtors, (ii) secured banks US Bank National Association and Deutsche Bank National Trust Company, (iv) counsel to the Committee of Equity Holders, (v) all known parties asserting interests in the Caviata Note and Deed of Trust, (vi) federal and state governmental units listed in the Registrar of Mailing Addresses of Federal and State Governmental Units kept by the clerk in accordance with Bankruptcy Rule 5003(c) and LR 5003(c), (vii) VCH Capital, (viii) all potential bidders, and (ix) all parties requesting notice pursuant to Bankruptcy Rule 2002(i).

Specialty Trust submits that the notice that they have provided of this Motion and the Sale Hearing is reasonable and appropriate and should be approved by this Court as adequate and sufficient notice.

1158015.1

In order that the estate may realize the proceeds of the sale as soon as possible, and in order to finalize this sale before June 3, 2011 (the date of confirmation) the Debtors request, pursuant to Bankruptcy Rules 6004(h), that the order approving this Motion become effective immediately upon its entry.

## IV.

## CONCLUSION

Specialty Trust respectfully requests that this Court enter an order with the following relief:

(i) granting this Motion and authorizing the sale of Specialty Trust's right title and interest in the Caviata Note and Deed of Trust to VCH Capital or other successful bidder and approving the proposed Assignment of Promissory Note and Related Loan Documents in substantially the form attached to this Motion;

(ii) approving the form and manner of notice in this Motion, and of the proposed sale; and

(iii) granting such other and further relief as is just and proper.

Dated: May 4, 2011

PACHULSKI STANG ZIEHL & JONES LLP
Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)

and

DOWNEY BRAND LLP

By: /s/ Sallie B. Armstrong
Sallie B. Armstrong (NV Bar No. 1243)
Michelle N. Kazmar (NV Bar No. 10098)

*Attorneys for Debtors and Debtors in Possession*

8

1158015.1

# EXHIBIT 1

# EXHIBIT 1

Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (CA Bar No. 165391)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: *ikharasch@pszjlaw.com*
       *smcfarland@pszjlaw.com*
       *vnewmark@pszjlaw.com*
Sallie B. Armstrong (NV Bar No. 1243)
Michelle N. Kazmar (NV Bar No. 10098)
Downey Brand LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile: 775/786-5443
Email: *reno@downeybrand.com*

*Local Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC., et al.<br><br>☒ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>**Jointly Administered under Case No. 10-51432-GWZ**<br><br>Case Nos.:<br>10-51432<br>10-51437<br>10-51440<br>10-51441<br><br>**ORDER (I) AUTHORIZING THE SALE OF DEBTOR'S BENEFICIAL INTEREST IN PROMISSORY NOTE AND DEED OF TRUST FOR BORROWER CAVIATA 184, LLC, FREE AND CLEAR OF LIENS, AND (II) WAIVING THE 14-DAY STAY UNDER F.R.B.P. 6004(h)**<br><br>Hearing Date: May 17, 2011<br>Hearing Time: 2:00 p.m. |

1158238.1

On May 17, 2011, the Court held a hearing to consider the Motion[1] of above-captioned debtor and debtor in possession Specialty Trust, Inc. ("Specialty Trust") pursuant to section 105, 362, and 363 of the Bankruptcy Code, Rules 2002, 6004, and 9014 of the Bankruptcy Rules, and Rule 6004 of the Local Rules (a) seeking this Court's authorization to sell and assign Specialty Trust's beneficial interest in a promissory note and deed of trust to borrower Caviata 184, LLC (the "Caviata Note and Deed of Trust"), free and clear of liens, to VCH Capital Investments, LLC, a Nevada limited liability company ("VCH Capital"), free and clear of liens, and (b) waiving the 14-day stay under Bankruptcy Rule 6004(h). Appearances at the hearing are as reflected in the record. Upon consideration of (i) the Motion, (ii) all other pleadings and papers with respect to the Motion and related matters, and (iii) the arguments of counsel at the Sale Hearing, and it appearing that due and sufficient notice of the Motion and Sale Hearing have been given and that no other or further notice need be given; and it appearing that the relief provided in this Order is in the best interests of the Debtors, their estates, the creditors thereof and other parties in interest; and for other good and sufficient cause appearing therefore,

**IT IS HEREBY FOUND** that:

A.    On April 20, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to manage their properties and operate their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

B.    This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in U.S.C. § 157(b)(2).

C.    Due and sufficient notice of the Motion and the Sale Hearing has been given.

D.    The requirements of Rules 2002 and 6004 of the Bankruptcy Rules have been satisfied.

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

E. Proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing and objection period have been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and Local Rules, and no other or further notice is required.

F. The transaction contemplated in the Motion and related documentation have been negotiated at arm's length, in good faith and is in the best interests of the Debtors' estates and their creditors. Specialty Trust has demonstrated that it is an exercise of sound business judgment to enter into the transaction contemplated in the Motion and has appropriately exercised its fiduciary duty in maximizing the sale price for Specialty Trust's interest in the Caviata Note and Deed of Trust.

G. **[If the Court entertains overbids]** The Court allowed overbids to be solicited at the Sale Hearing, which afforded bidders a reasonable opportunity to submit bids for Specialty Trust's interest in the Caviata Note and Deed of Trust, and thereby fostered competitive bidding for the Property.

G. **[If the Court does not entertain overbids]** No other bids for the purchase of Specialty Trust's interest in the Caviata Note and Deed of Trust. VCH Capital is the only qualified bidder for Specialty Trust's interest in the Caviata Note and Deed of Trust and therefore no auction or overbidding procedures for the property is necessary.

H. VCH Capital has acted in good faith and is, therefore, a purchaser in good faith of Specialty Trust's interest in the Caviata Note and Deed of Trust entitled to the protections of Bankruptcy Code section 363(m), and no evidence has been presented that would support avoidance of the transaction pursuant to Bankruptcy Code section 363(n).

J. The consideration being paid by VCH Capital is fair and adequate consideration for Specialty Trust's interest in the Caviata Note and Deed of Trust and represents the highest and best offer and will achieve the highest and best value to the Debtors, their estates, and creditors.

K. VCH Capital is not an insider, as that term is defined by the Bankruptcy Code, of the Debtors. Furthermore, no insiders of the Debtors are receiving or retaining any benefit, property or payments in connection with the sale of Specialty Trust's interest tin the Caviata Note and Deed of Trust except to the extent such insiders have allowed claims against or equity interest in the Debtors and, as a result, may participate in a distribution of sale proceeds.

1158238.1

L.  Sale of Specialty Trust's interest in the Caviata Note and Deed of Trust is permitted pursuant to one or more of the provision of section 363(f)(1)-(5) of the Bankruptcy Code. Those non-debtor parties with liens, claims, encumbrances and interests of any kind or nature whatsoever in Specialty Trust's interest in the Caviata Note and Deed of Trust who did not object to the Motion and the relief requested therein, or who withdrew their objections to the sale, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

M.  All other findings of fact and conclusions of law stated by the Court orally on the record a the Sale Hearing are incorporated by this reference.

**IT IS HEREBY ORDERED** that:

1.  The Motion is granted, and the Assignment of Promissory Note and Related Loan Documents (a copy of which was attached to the Motion) is hereby approved and incorporated by this reference. All findings and conclusions set forth above and set forth by the Court on the record at the Sale Hearing are incorporated by reference and made part of this Order.

2.  **[If the Court entertained overbids]** The solicitation of overbids at the Sale Hearing was conducted fairly, afforded bidders a reasonable opportunity to submit bids for Specialty Trust's interest in the Caviata Note and Deed of Trust, and thereby fostered competitive bidding for the property.  **[If the Court did not entertain overbids]** VCH Capital is the only qualified bidder for Specialty Trust's interest in the Caviata Note and Deed of Trust and therefore no auction or overbidding procedures for the property is necessary.

3.  All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled are overruled in their entirety.

4.  VCH Capital is a good faith purchaser entitled to the protections afforded a purchaser pursuant to section 363(m) of the Bankruptcy Code. The sale of Specialty Trust's interest in the Caviata Note and Deed of Trust is fair and reasonable, and no evidence has been proffered of any grounds to avoid the sale under section 363(n) of the Bankruptcy Code.

5.  The Debtors are authorized to execute, deliver, fully perform under, consummate and implement the Assignment of Promissory Note and Related Loan Documents together with all additional instruments and documents that may be reasonably necessary or desirable to implement

1158238.1

1  the transactions contemplated by the Assignment of Promissory Note and Related Loan Documents.

2        6.      Pursuant to sections 105(a) and 363(b) and (f) of the Bankruptcy Code, as of the date of this order, VCH Capital shall acquire all of Specialty Trust's and its bankruptcy estate's right, title and interest in the Caviata Note and Deed of Trust, free and clear of: (a) all security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, restrictions, constructive or resulting trusts, rights of first refusal, or charges of any kind or nature, if any, including but not limited to, any restrictions on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (collectively "Interests"); and (b) all debts, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, and whether imposed by agreement, understanding, law, equity or otherwise, arising in any way in connection with any acts, or failure to act, of any of the Debtors (collectively, "Claims"), whether arising before or after the commencement of the above-captioned Chapter 11 cases, with all such Interests and Claims released, terminated and discharged as to Specialty Trust's interest in the Caviata Note and Deed of Trust. All such Interests and Claims, if any, shall attach to the proceeds of the sale of Specialty Trust's interest in the Caviata Note and Deed of Trust paid to Specialty Trust by VCH Capital to the same extent and with the same priority, validity, force and effect as such Interests and Claims had against Specialty Trust's interest in the Caviata Note and Deed of Trust, except (i) that such Interests and Claims shall not so attach to the proceeds paid to Specialty Trust by Purchaser if and to the extent otherwise agreed by the holder of any such Interests and Claims, (ii) as necessary to effect the terms of the Assignment of Promissory Note and Related Loan Documents, and (iii) subjection to any rights, claims and defenses Specialty Trust may possess as such holder.

3        7.      Each of the Debtors' creditors and holders of Interests is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests in or Claims against Specialty Trust's interest in the Caviata Note and Deed of Trust, if any, as such Interests or Claims may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing interests in or claims against Specialty Trust's interesting the Caviata Note and Deed of Trust shall not have delivered to the

Debtors, as of the date of this order, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction and releases of all Interests or Claims which the person or entity has with respect to Specialty Trust's interest in the Caviata Note and Deed of Trust, (a) the Debtors are hereby authorized to execute and file such statements, instruments of satisfaction and releases of all Interests or Claims which the person or entity has with respect to Specialty Trust's interest in the Caviata Note and Deed of Trust, and (b) VCH Capital is hereby authorized to file, register or otherwise record a certified copy of this Order, which once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests or Claims of any kind or nature whatsoever in or against the Property. The foregoing notwithstanding, the provisions of this Order authorizing the sale of Specialty Trust's interest in the Caviata Note and Deed of Trust free and clear of liens, claims, encumbrances and interests shall be self-executing, and notwithstanding the failure of the Debtors, VCH Capital or any other party to execute, file or obtain releases, termination statements, assignments, consents or other instruments to effectuate, consummate and/or implement the provisions hereof or in the Assignment of Promissory Note and Related Loan Documents with respect to the sale of Specialty Trust's interests in the Caviata Note and Deed of Trust, all Interests in or Claims against Specialty Trust's interests in the Caviata Note and Deed of Trust shall be deemed unconditionally released, discharged, and divested. This Order is and shall be binding upon and govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrar of patents, trademark or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of Specialty Trust's interest in the Caviata Note and Deed of Trust.

8. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

1158238.1

9. This Court shall retain jurisdiction to (a) interpret, enforce and implement the terms and provisions of the Assignment of Promissory Note and Deed of Trust, all exhibits and amendments thereto and any releases, waivers and consents thereunder, and any agreements, transaction documents or other instruments executed in connection therewith, (b) resolve any disputes arising under or related to the Purchase Agreement and the closing requirements, except as otherwise provided therein, (c) compel delivery of the Property to Purchaser, and (d) interpret, implement and enforce the provisions of this Order.

10. The provisions of the Assignment of Promissory Note and Deed of Trust and this Order and any actions taken pursuant thereto shall survive entry of any order which may be entered confirming any plan of reorganization or liquidation for the Debtors or converting any of the Debtors' cases from Chapter 11 to cases under Chapter 7 of the Bankruptcy Code or dismissal of the Debtors' cases. Nothing contained in any such plan or order shall conflict with, or derogate from, the provisions of the Assignment of Promissory Note and Deed of Trust or this Order (as applicable).

11. The Assignment of Promissory Note and Deed of Trust and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

12. The Assignment of Promissory Note and Related Loan Documents and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

13. The failure to specifically include any particular provision of the Assignment of Promissory Note and Related Loan Documents shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Assignment of Promissory Note and Related Loan Documents be authorized and approved in its entirety.

14. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 7062, this Order

7

1158238.1

shall be effective and enforceable immediately upon entry.

15. This Order shall bind the Debtors, the estates, their creditors and interest holders, all of their respective officers, directors, and employees, any official or unofficial committee that has been or may be appointed in these cases, and any successor, trustee or other responsible person, including any trustee appointed under Chapter 7 of the Bankruptcy Code.

16. The provisions of this Order and Assignment of Promissory Note and Deed of Trust are nonseverable and mutually dependent.

###

1158238.1

# EXHIBIT 2

# EXHIBIT 2

*Scott F. Mencaccy*
*VCH Capital Investments, LLC*
*2908 Fox Hill Drive*
*Rocklin, CA 95765*
*smencaccy@starstream.net*
*916-624-8854 Home*
*916-765-2934 Cell*
*916-408-6881 Fax*

February 24, 2011

Via Email and Overnight Delivery
Nello Gonfiantini III
Specialty Trust, Inc.
6160 Plumas Street
Reno, NV 89509

Re:   Caviata Attached Homes Note and Deed of Trust

Dear Mr. Gonfiantini:

We are informed that Specialty Trust is the beneficiary of a note and deed of trust in the approximate amount of $5,959,679 recorded in a second position on the real property commonly known as Caviata at Kiley Ranch. VCH Capital Investments, LLC, a Nevada limited liability company, wishes to purchase an assignment of Specialty's beneficial interest in the note and deed of trust, and is willing to pay the sum of $125,000.00 to acquire same by assignment. Payment to be executed as follows: Deposit of $10,000.00 paid into escrow upon acceptance and this offer and balance of $115,000.00 to be paid upon judicial approval of our transaction. The deposit of $10,000.00 becomes fully refundable should the judge not approval this transaction.

We understand clearly that US Bank is owed in excess of $25,000,000 and holds a first priority claim recorded against Caviata. We also understand that Caviata has been valued at significantly less than the amounts owed US Bank. Notwithstanding the fact that Specialty's second priority claim is "under water", we are still willing to acquire Specialty's beneficial interest for $125,000.00 without any warranties or representations.

We are prepared to remit payment within three days of acceptance of this offer.

- Page 2                                                         February 24, 2011

Sincerely,

Scott Mencacey
Manager

- Page 2                                                         February 24, 2011