**Entered on Docket
May 24, 2011**

_____
**Hon. Gregg W. Zive
United States Bankruptcy Judge**

Ira D. Kharasch (CA Bar No. 109084)
Ellen M. Bender (CA Bar No. 116987)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: ikharasch@pszjlaw.com
       ebender@pszjlaw.com
       vnewmark@pszjlaw.com

*Attorneys for Debtors and Debtors in Possession*

Sallie B. Armstrong (NV Bar No. 1243)
Downey Brand LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile:  775/786-5443
Email:  sarmstrong@downeybrand.com

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SPECIALTY TRUST, INC., et al.<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>**Jointly Administered under Case No. 10-51432-GWZ**<br><br>Case Nos.<br>10-51432<br>10-51437<br>10-51440<br>10-51441<br><br>**ORDER APPROVING BID PROCEDURES AND OVERBID PROTECTIONS, INCLUDING BREAK-UP FEE RE EXIT FINANCING UNDER FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY THE DEBTORS (DATED APRIL 27, 2011) AND GRANTING RELATED RELIEF**<br>(Re:  Docket No. 784)<br><br>**Hearing Date:  May 17, 2011<br>Hearing Time:  2:00 p.m.** |

80662-002\DOCS_LA:238260.4

1  Upon the *Motion for an Order Approving Bid Procedures and Overbid Protections, Including Break-Up Fee re Exit Financing under First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors (Dated April 27, 2011) and Granting Related Relief* [Docket No. 784] (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "Debtors"); several parties having filed objections or responses to the Motion; the Debtors having filed the Reply in Support of the Motion [Docket No. 841] and the Declaration of Scott Farnsworth in Support of Motion [Docket No. 842]; due and adequate notice of the Motion having been provided under the Bankruptcy Rules; and upon the record made at the hearing on the Motion; and this Court having found good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted, subject to the provisions set forth in this Order.

2. The Exit Facility Bid Procedures attached to the Motion are approved; provided, however, that Northlight and the Debtors have agreed to extend the Bid Deadline by two days to May 27, 2011 at 5:00 p.m. (the "Bid Deadline"). The Debtors are authorized to take any and all actions necessary to implement the Exit Facility Bid Procedures.

3. The Debtors are authorized to pay the Break-Up Fee and Expense Reimbursement to Northlight in connection with the Debtors' Plan, if confirmed, from the proceeds of a Competing Exit Facility.

4. The Debtors shall not be authorized to pay the Break-Up Fee and Expense Reimbursement if the Plan of Liquidation filed by the Official Committee of Equity Holders ("Committee") is confirmed. If SunChase Holdings, Inc. ("Sunchase") wishes to submit a bid under the Committee's Plan of Liquidation, it must (i) file such bid by the Bid Deadline with the Court and (ii) provide that Sunchase has issued its irrevocable commitment, subject to standard closing conditions consistent with Section 4 entitled "Conditions Precedent" of the Stalking Horse Purchase Agreement, but not otherwise subject to any due diligence contingencies. If Sunchase wishes to submit a bid in connection with the Northlight Exit Facility, it must comply with the Exit Facility Bid Procedures.

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

5.      As provided by Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

6.      Nothing herein shall preclude Northlight or Sunchase from asserting a substantial contribution claim pursuant to 11 U.S.C. § 503(b), and all parties' rights to respond to such claims are fully reserved.

7.      This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Exit Facility Bid Procedures.

###

Submitted by:

PACHULSKI STANG ZIEHL & JONES LLP


By:   /s/ Ira D. Kharasch
      Ira D. Kharasch  (CA Bar No. 109084)

*Attorneys for Debtors and Debtors in Possession*

80662-002\DOCS_LA:238260.4

L.R. 9021 Certification

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirements set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to counsel identified below, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

- United States Trustee (William Cossitt, Esq.): APPROVED AS TO FORM
- Committee of Equity Security Holders (Kaaran Thomas, Esq.): APPROVED AS TO FORM
- Northlight (Sherri Lazear, Esq.): APPROVED AS TO FORM
- One West Bank (Robert Barnes, Esq.): APPROVED AS TO FORM
- City National Bank (John Murtha, Esq.): APPROVED AS TO FORM
- US Bank (Richard Esterkin, Esq.): APPROVED AS TO FORM
- Deutsche Bank National Trust Company (Kelly Singer, Esq.): APPROVED AS TO FORM
- SunChase (Robert Miller, Esq.): APPROVED AS TO FORM

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted by:

PACHULSKI STANG ZIEHL & JONES LLP


By: /s/ Ira D. Kharasch
    Ira D. Kharasch (CA Bar No. 109084)

*Attorneys for Debtors and Debtors in Possession*