Michael J. Pankow, Esq., CO Bar No. 21212
Heather E. Schell, Esq., CO Bar No. 38931
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Ph: (303) 223-1100
Fax: (303) 223-1111
E-mail: mpankow@bhfs.com
         hschell@bhfs.com
*Attorneys for Taberna Preferred Funding VII, Ltd.*

Lucas M. Gjovig
DUANE MORRIS LLP
100 North City Parkway, Suite 1560
Las Vegas, NV 89106
Phone: (702) 868-2600
Fax: (702) 385-6862
E-mail: lmgjovig@duanemorris.com

*Attorneys for Taberna Preferred Funding VIII, Ltd.*

Joshua Hicks, Esq., NV Bar No. 6679
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
9210 Prototype Drive, Suite 250
Reno, NV 89521
Ph: (775) 622-9450
Fax: (775) 622-9554
E-mail: jhicks@bhfs.com
*Local Counsel for Taberna Preferred Funding VII, Ltd.*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>SPECIALTY TRUST, INC., et al.[1]<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>**Jointly Administered under Case No. 10-51432-GWZ**<br><br>Case Nos:<br>10-51432-GWZ<br>10-51437-GWZ<br>10-51440-GWZ<br>10-51441-GWZ<br><br>Jointly Administered<br><br>**SUPPLEMENTAL OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION**<br><br>**Hearing Date: JUNE 3, 2011**<br>**Hearing Time: 2:00 p.m.** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Specialty Trust, Inc. (2463); Specialty Acquisition Corp. (3680); SAC II (2463); and SAC D-1, LLC (1858)

8990\15\1545854.1                           1

Taberna Preferred Funding VII, Ltd. ("Taberna VII") and Taberna Preferred Funding VIII, Ltd. (together with Taberna VII, the "Taberna Entities"), by and through undersigned counsel, hereby file this Supplemental Objection to the Second Amended Chapter 11 Plan of Reorganization Proposed by the Debtors (Dated April 27, 2011) (the "Second Amended Plan"). In support hereof, the Taberna Entities respectfully state:

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Status of Taberna Entities' Vote and Prior Objection

On May 23, 2011, the Taberna Entities filed their Objection to Confirmation of the Debtor's First Amended Plan of Reorganization. As noted in the original Objection, the Taberna Entities voted against the plan and therefore Class 9 thereunder is a non-accepting class. The original objection challenged the plan's compliance with Bankruptcy Code §§ 1129(a)(11) and 1129(b).

Discussions among the parties regarding the plan have continued and have been productive. Based upon those discussions and the amendments contained in the Amended Plan filed June 2, 2011, the Taberna Entities hereby withdraw their objection to plan feasibility under Bankruptcy Code § 1129(a)(11). Moreover, the Taberna Entities would be in a position to ask the Court for permission to change their votes to an accepting and withdraw their Objection under Bankruptcy Code § 1129(b) except for one discrete issue that has arisen with respect to the Second Amended Plan.

### 2. The Second Amended Plan Improperly Provides Preferential Treatment to Directors Indemnification Obligations

The following language has been included in the Second Amended Plan:

> Except as otherwise provided in this Plan or any contract, instrument, release, or other agreement or document entered into in connection with this Plan, Indemnification Obligations shall be rejected as of the Effective Date, but only to the extent executory. Nothing in this Plan shall be deemed to release Debtor's insurors from any claims that might be asserted by counter-parties to contracts or agreements providing the indemnification by and of the Debtors, to the extent of available coverage. **Nothing in this Plan shall be deemed to effect the parties' rights or release the Debtors or the reorganized Debtors herein from any indemnification obligation, whether by contract or otherwise, to the extent not executory** or to the effect the rights of others, if any, to object to any claim relating to an indemnification obligation on any grounds.

Brownstein Hyatt Farber Schreck, LLP
9210 Prototype Drive, Suite 250
Reno, Nevada 89521
775.622.9450

Second Amended Plan, Article III (B)(1) (emphasis added).

The overall intent of this new provision is unclear. The language quoted in boldface above, however, appears to provide special treatment to whatever rights of indemnification the Debtor's directors may have under applicable law. Specifically, the above-quoted language appears to exempt such indemnification obligations from being discharged or otherwise effected by Plan terms. Such claims may also be exempt from the claims allowance process if the highlighted provision is given full effect. It is not certain that the Debtors intended this result, but it is difficult to interpret the above-quoted language to reach a different outcome.

Rights of indemnification belonging to directors of the Debtor fall within the Bankruptcy Code definition of claims. As defined in the Bankruptcy Code, the term "claim" means –

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5)(A).

As claims, the Debtor's indemnification obligations are subject to treatment under a Plan and further subject to resolution in the claims allowance process. Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.), 209 F.3d 125, 129-30 (2d Cir. 2000). The indemnification claims of the Debtors' officers and directors, if based on their pre-petition conduct, are general unsecured claims that can only be addressed in the claims resolution process. See Christian Life Ctr. Lit. Def. Committee. v. Silva (In re Christian Life Ctr.), 821 F.2d 1370, 1374 (9th Cir. 1987) (officer's indemnification claim that arose pre-petition is a general unsecured claim). The Second Amended Plan impermissibly varies from these principles.

### 3. Regarding Indemnification Obligations, the Second Amended Plan Violates the Bankruptcy Code

Without so specifying, the Plan appears to leave indemnification claims unimpaired. However, the Plan neither separately classifies indemnification claims nor specifies whether or

Brownstein Hyatt Farber Schreck, LLP
9210 Prototype Drive, Suite 250
Reno, Nevada 89521
775.622.9450

not they are impaired.  See 11 U.S.C. § 1123(a)(1), (2), (requiring that claims be classified and classes specify whether impaired).  Authority for the indemnification provision at issue may be found in Bankruptcy Code § 1123(b)(6), which provides that a Plan may "include any other appropriate provision not inconsistent with the applicable provisions of this title."  To the extent § 1123(b)(6) applies, the plan provision in question fails its requirements in two regards.  First, the Plan provision is inconsistent with other provisions of the Bankruptcy Code.  Second, there is no showing on the facts of this case that preferential treatment for indemnification claims is "appropriate" as required by statute.  Because the Second Amended Plan does not comply with applicable provisions of the Bankruptcy Code, it fails 11 U.S.C. § 1129(a)(1) (requiring that Plan comply with all provisions of title of Bankruptcy Code).

### 4. The Second Amended Plan Violates Bankruptcy Code § 1129(b)

In addition to the absolute priority rule concerns set forth in the original Objection filed by the Taberna Entities, the Second Amended Plan creates a new problem.  It unfairly discriminates against Class 9 (and potentially other unsecured classes) by providing indemnification claim special treatment.

As noted in the Disclosure Statement, distributions contemplated under the Plan to unsecured creditors are a fraction of the allowed claims.  Depending on certain outcomes, this could be a very small fraction.  To the extent the Second Amended Plan allows indemnification claims to simply ride through, this could have the effect of requiring that such claims be paid in full.  The disparity in treatment between Class 9 and indemnification obligations violates Bankruptcy Code § 1129(b).

WHEREFORE, the Taberna Entities request that the Court deny confirmation of the Second Amended Plan or condition confirmation upon removal of the provision quoted above; and further request such other relief as may be just and equitable.

DATED this 3rd day of June, 2011.

BROWNSTEIN HYATT FARBER SCHRECK

By: _____s/Michael J. Pankow_____
Michael J. Pankow, Esq., CO Bar No. 21212
Heather E. Schell, Esq., CO Bar No. 38931
410 17th Street, Suite 2200
Denver, CO 80202
Ph: (303) 223-1100
Fax: (303) 223-1111
E-mail: mpankow@bhfs.com
          hschell@bhfs.com

*Attorneys for Taberna Preferred Funding VII, Ltd.*

By: _____s/Joshua Hicks_____
Joshua Hicks, Esq., NV Bar No. 6679
9210 Prototype Drive, Suite 250
Reno, NV 89521
Ph: (775) 622-9450
Fax: (775) 622-9554
E-mail: jhicks@bhfs.com

*Local Counsel for Taberna Preferred Funding VII, Ltd.*

**DUANE MORRIS LLP**
Lucas M. Gjovig
100 North City Parkway, Suite 1560
Las Vegas, NV 89106
Phone: (702) 868-2600
Fax: (702) 385-6862
E-mail: lmgjovig@duanemorris.com
*Attorneys for Taberna Preferred Funding VIII, Ltd.*

**Brownstein Hyatt Farber Schreck, LLP**
9210 Prototype Drive, Suite 250
Reno, Nevada 89521
775.622.9450

8990\15\1545854.1

5

| | |
|---|---|
| Michael J. Pankow, Esq., CO Bar No. 21212<br>Heather E. Schell, Esq., CO Bar No. 38931<br>BROWNSTEIN HYATT FARBER<br>SCHRECK, LLP<br>410 17th Street, Suite 2200<br>Denver, CO 80202<br>Ph: (303) 223-1100<br>Fax: (303) 223-1111<br>E-mail:  mpankow@bhfs.com<br>            hschell@bhfs.com<br>*Attorneys for Taberna Preferred Funding VII, Ltd.* | Lucas M. Gjovig<br>DUANE MORRIS LLP<br>100 North City Parkway, Suite 1560<br>Las Vegas, NV 89106<br>Phone: (702) 868-2600<br>Fax: (702) 385-6862<br>E-mail: lmgjovig@duanemorris.com<br><br>*Attorneys for Taberna Preferred Funding VIII, Ltd.* |

Joshua Hicks, Esq., NV Bar No. 6679
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
9210 Prototype Drive, Suite 250
Reno, NV 89521
Ph: (775) 622-9450
Fax: (775) 622-9554
E-mail: jhicks@bhfs.com
*Local Counsel for Taberna Preferred Funding VII, Ltd.*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>SPECIALTY TRUST, INC., et al.[2]<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Specialty Acquisition Corp.<br>☐ Affects SAC II<br>☐ Affects SAC D-1, LLC | Chapter 11<br><br>**Jointly Administered under<br>Case No. 10-51432-GWZ**<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP. That I am, and was when the herein described service took place, a citizen of the United States, over 21 years of age, and not a party to, nor interested in, the within action.

On June 3, 2011, the following document was electronically filed and served through the U.S. Bankruptcy Court:

**SUPPLEMENTAL OBJECTION TO CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION**

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Specialty Trust, Inc. (2463); Specialty Acquisition Corp. (3680); SAC II (2463); and SAC D-1, LLC (1858)

8990\15\1545854.1                                6

1  I hereby certify the assertions of this certificate are true, except as to those matters stated upon
2  information and belief, and as to those matters, I believe them to be true.
3      Executed this 3rd day of June, 2011.

    By /s/ *Connie Windholz*
    An Employee of Brownstein Hyatt Farber Schreck, LLP