**Entered on Docket
June 27, 2011**

Hon. Gregg W. Zive
**United States Bankruptcy Judge**

Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: *ikharasch@pszjlaw.com*
         *vnewmark@pszjlaw.com*

*Attorneys for Debtors and Debtors in
Possession*

Sallie B. Armstrong (NV Bar No. 1243)
Michelle N. Kazmar (NV Bar No. 10098)
Downey Brand LLP
427 West Plumb Lane
Reno, Nevada 89509
Telephone: 775/329-5900
Facsimile: 775/786-5443
Email: *sarmstrong@downeybrand.com*
         *mkazmar@downeybrand.com*

*Attorneys for Debtors and Debtors in
Possession*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

In re:

SPECIALTY TRUST, INC., et al.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Specialty Acquisition Corp.
☐ Affects SAC II
☐ Affects SAC D-1, LLC

Chapter 11

**Jointly Administered under
Case No. 10-51432-GWZ**

Case Nos.
10-51432
10-51437
10-51440
10-51441

**ORDER CONFIRMING
SECOND AMENDED CHAPTER
11 PLAN OF
REORGANIZATION
PROPOSED BY THE DEBTORS
(DATED JUNE 2, 2011), AS
MODIFIED**

**Hearing Date: June 3, 2011
Hearing Time: 2:00 p.m.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:239402.4 80662-002

1

1    At a hearing on June 3, 2011 (the "Confirmation Hearing"), the Court considered

2    confirmation of the *Second Amended Chapter 11 Plan of Reorganization Proposed by the Debtors*

3    *(Dated June 2, 2011)* (the "Second Amended Plan"), as supplemented by the *Amended Supplement*

4    *to the Debtors' Plan of Reorganization Proposed by the Debtors* (the "Amended Plan Supplement"

5    and together with the Second Amended Plan, each as modified hereby, the "Plan"). The Plan is

6    proposed by the debtors and debtors in possession (the "Debtors," or the "Proponents") in the

7    above-captioned cases (the "Cases"). Unless otherwise defined, a capitalized term used in these

8    findings, conclusions and order shall have the meaning set forth in the Plan.

9    Ira Kharasch of Pachulski Stang Ziehl & Jones LLP and Sallie Armstrong of Downey

10   Brand, appeared on behalf of the Debtors. Kaaran Thomas of McDonald Carano Wilson LLP,

11   appeared on behalf of the Committee. Other appearances are noted on the record of proceedings of

12   the Confirmation Hearing.

13   The Court has reviewed the Plan, the *First Amended Chapter 11 Plan of Reorganization*

14   *Proposed by the Debtors (Dated April 27, 2011)* filed by the Debtors on April 27, 2011 (the "First

15   Amended Plan); the *Supplement to the Debtors' Plan of Reorganization Proposed by the Debtors*

16   filed by the Debtors on April 27, 2011 (the "Supplement to the First Amended Plan"); the *Joint*

17   *Disclosure Statement Describing First Amended Chapter 11 Plan of Reorganization Proposed by*

18   *the Debtors and Chapter 11 Plan of Reorganization Proposed by the Official Committee of Equity*

19   *Security Holders* (the "Disclosure Statement"), the *Order Approving Motion for Conditional*

20   *Approval of Joint Disclosure Statement Describing First Amended Chapter 11 Plan of*

21   *Reorganization Proposed by the Debtors, et seq.,* entered on April 28, 2011 (the "Disclosure

22   Statement Order"), the *Notice of Hearing On (1) Final Approval of Conditionally Approved*

23   *Disclosure Statement; and (2) Confirmation of Plans, filed on April 28, 2011* (the "Confirmation

24   Hearing Notice"), and the following pleadings and declarations submitted in support of the Plan,

25   among other filings of record in the Cases:

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1.    The certificates of service[1] (collectively, the "Proof of Plan Service"), setting forth evidence of (a) service of the Confirmation Hearing Notice, and (b) transmittal of the Plan, the Disclosure Statement and the related solicitation materials to be mailed pursuant to the Disclosure Statement Order;

2.    *Debtors' Memorandum of Points and Authorities in Support of (I) Confirmation of First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors (Dated April 27, 2011); and (II) Authorizing Minor Amendment to the Plan*, filed by the Proponents on May 27, 2011;

3.    *Declaration of G. Grant Lyon in Support of Confirmation of First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors (Dated April 27, 2011)*, filed by the Proponents on May 27, 2011;

4.    *Declaration of Don Gieseke in Support of Confirmation of First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors (Dated April 27, 2011)*, filed by the Proponents on May 27, 2011; and

5.    *Affidavit of Lawrence X. Taylor Regarding Votes Accepting or Rejecting First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors (Dated April 27, 2011)*, filed by the Debtors on behalf of Odyssey Capital Group, LLC ("Odyssey" or the "Tabulation Agent") on May 31, 2011, tallying the results of voting on the First Amended Plan (the "Voting Summary").

It appears that the following objections to final approval of the Disclosure Statement and confirmation of the First Amended Plan have been timely filed by the May 23, 2011, deadline established under the Disclosure Statement Order:    (a) *United States' Omnibus Objection to Confirmation of (1) First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors*

---

[1]  Specifically, the: (i) *Certificate of Service of Myra Kulick* filed on May 3, 2011 [Docket 782]; and (ii) *Certificate of Service of Myra Kulick* filed on May 9, 2011 [Docket 800].

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*(Dated April 27, 2011) and (2) First Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Equity Security Holders (Dated April 27, 2011)* [Docket 812], filed on May 13, 2011 ("IRS Objection"); (b) *Conditional Objection by Jordanelle Special Service District to Confirmation of Debtors' Plan of Reorganization* [Docket 866], filed on May 23, 2011 ("Jordanelle Objection"); (c) *Objection to: (1) First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors (Dated April 27, 2011) (Docket No. 772); (2) Supplement to the Debtors' Plan of Reorganization Proposed by the Debtors (Docket No. 774); and (3) First Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Equity Security Holders (Dated April 27, 2011) (Docket No. 770) (Plans")* [Docket 868], filed on May 23, 2011 ("CNB Objection"); (d) *Objection to Confirmation of Debtor's First Amended Plan of Reorganization* [Docket 884] and *Objection to Final Approval of Conditionally Approved Disclosure Statement* [Docket 879], filed by Taberna Preferred Funding VII, Ltd. and Taberna Preferred Funding VIII, Ltd. on May 23, 2011 ("Taberna Objection to First Amended Plan"); (e) *Limited Objection of OneWest Bank, FSB to Confirmation of First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors* [Docket 875], filed on May 23, 2011 ("OneWest Objection"); and (f) *Conditional Objection to Joint Disclosure Statement Describing First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors (Dated April 27, 2011) and First Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Equity Security Holders (Dated April 27, 2011) and Objection to Debtors Proposed First Amended Chapter 11 Plan of Reorganization* [Docket 899], filed by Ryland Homes of California on May 25, 2011[2] ("Ryland Objection"). On June 3, 2011, Taberna Preferred Funding VII, Ltd. and Taberna Preferred Funding VIII, Ltd. also filed a *Supplemental Objection to Confirmation of Debtors' Second Amended Plan of Reorganization* to address issues raised by the Second Amended Plan (together with the Taberna Objection to First Amended Plan, the "Taberna Objections").

---

[2] The Debtors granted Ryland Homes a two –day extension of the May 23, 2011 deadline to file its objection.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    The IRS Objection, the OneWest Objection, the Taberna Objections, and the Ryland

2   Objection are each addressed by modifications to the Plan and/or provisions of this Order and have,

3   accordingly, been withdrawn.

4    The Court has further examined the entire record compiled in the Cases and has considered

5   the totality of the circumstances relevant to the commencement of the cases and the formulation of

6   the Plan.  The Court has further considered the arguments and representations of counsel at the

7   Confirmation Hearing regarding the plan modifications announced by counsel at the Confirmation

8   Hearing and other matters.  Based upon the foregoing matters, due deliberation having been given

9   to the transactions set forth in the Plan and good cause appearing, the Court makes the following

10   findings of fact, conclusions of law and order pursuant to Federal Rule of Civil Procedure 52(a),

11   made applicable to this matter pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

**I.**

**Findings of Fact and Conclusions of Law**

**IT HAS BEEN DETERMINED BY THE COURT** that:

**A.     Jurisdiction and Venue.**

16    On April 20, 2010 (the "Petition Date"), the Debtors filed Chapter 11 petitions under the

17   Bankruptcy Code.  This Court has jurisdiction over the Cases and to confirm the Plan pursuant to

18   28 U.S.C. §§ 1334 and 157.  The Confirmation Hearing is a core proceeding under 28 U.S.C. §

19   157(b)(2)(L) and venue of these cases in the District of Nevada is proper under 28 U.S.C. § 1408.

20   The Debtors are authorized to continue to operate their businesses as debtors in possession

21   pursuant to Section 1107 of the Bankruptcy Code and no trustee or examiner has been appointed in

22   the Cases.   The Debtors qualify as proponents of the Plan pursuant to Section 1121 of the

23   Bankruptcy Code.

**B.     Approval of Disclosure Statement.**

25    On April 27, 2011, the Debtors filed the Disclosure Statement and sought conditional

26   approval thereof pursuant to Federal Rules of Bankruptcy Procedure 3017 and Local Rule of

27   Bankruptcy Procedure 3017.1.  Pursuant to the Disclosure Statement Order, the Court conditionally

28   approved the Disclosure Statement as containing "adequate information" pursuant to Section 1125

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    of the Bankruptcy Code and authorized the Proponents to disseminate the Disclosure Statement to

2    holders of Claims and Interests. The Court hereby concludes, on a final basis, that the Disclosure

3    Statement contains "adequate information" pursuant to Section 1125 of the Bankruptcy Code.

4    **C.    Notice of Plan Proceedings.**

5         In accordance with the Disclosure Statement Order, on or about April 29, 2011, (and

6    thereafter as set forth in the Proof of Plan Service), the Debtors mailed the First Amended Plan, the

7    Supplement to the First Amended Plan, the Disclosure Statement, the Disclosure Statement Order,

8    the Confirmation Hearing Notice, and the Ballots and related voting materials and instructions

9    (collectively, the "Solicitation Package"), to all holders of Claims and Interests as provided by

10    Bankruptcy Rules 2002, 3017, 3018 and 3019. The Plan and the Disclosure Statement comply

11    with Bankruptcy Rule 3016(c). The proper and timely service of the Solicitation Packages is

12    evidenced by the Proof of Plan Service and the Court finds such notice sufficient. The Court

13    further finds that the Proponents have complied with the terms of the Disclosure Statement Order

14    and that notice of the Confirmation Hearing was appropriate in the particular circumstances of the

15    Cases. Accordingly, the Court concludes that notice of the Confirmation Hearing was due, proper,

16    timely and adequate. The Proponents have complied in all material respects with Bankruptcy

17    Rules 2002 and 3017 and the Disclosure Statement Order. All parties in interest have had an

18    opportunity to appear and be heard at the Confirmation Hearing.

19    **D.    Modification of the Plan.**

20         Since the entry of the Disclosure Statement Order, the Proponents have filed the Second

21    Amended Plan and Amended Plan Supplement, filed on June 2, 2011. In addition, the Proponents

22    announced certain further modifications to the Second Amended Plan on the record at the

23    Confirmation Hearing, the terms of which are set forth below and are deemed incorporated into the

24    Plan:

25         1.    The definition of "Effective Date" is revised as follows:

26    "Effective Date" means the first Business Day (a) on which no stay of the
      Confirmation Order is in effect; and (b) on which the conditions set forth in

27    Section IV.A have been satisfied or waived by the Debtors and Northlight;
      provided, however, that the Effective Date shall be no later than August 1,

28    2011.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.      The definition of "Indemnification Obligation" is revised as follows:

"Indemnification Obligation" means any executory obligation of any of the Debtors to indemnify, reimburse, or provide contribution to any present or former officer, director, or employee, or any present or former professionals, advisors, or representatives of the Debtors, pursuant to the by-laws, articles of incorporation, contract, or otherwise as may be in existence immediately prior to the Petition Date, but do not include any obligations relating to the post-petition employment of professionals in these Cases.

3.      Section III.B.1 of the Plan is revised as follows:

On the Effective Date, the Debtors will reject all executory contracts and unexpired leases set forth on the Schedule of Rejected Agreements. Except as otherwise provided in this Plan or any contract, instrument, release, or other agreement or document entered into in connection with this Plan, an executory contract containing an Indemnification Obligation shall be rejected on the Effective Date. Nothing in this Plan shall be deemed to release the Debtors' insurers from any claims that might be asserted by counter-parties to contracts or agreements providing the indemnification by and of the Debtors, to the extent of available coverage. Nothing in this Plan affects any defenses a potential defendant may have to the Causes of Action. This provision does not affect whatever rights any party has pursuant to this Plan to object to any claim that may be filed relating to an Indemnification Obligation on any grounds.

4.      Section VI.A of the Plan is revised as follows:

**A.      Injunction.**

The rights afforded in the Plan and the treatment of all Claims and Interests shall be in exchange for all Claims and Interests of any nature whatsoever arising prior to the Effective Date, including any interest accrued on such Claims from and after the Petition Date, against the Debtors, the Estates and their property. The foregoing shall not affect the liability of any party other than the Debtors and the Reorganized Debtors on account of such Claims.

Except as otherwise provided in the Plan or the Confirmation Order, on and after the Effective Date, all entities who have held, currently hold, or may hold a Claim or Interest, including all debts, obligations, demands, liabilities, Claims, and Interests that arose before the Effective Date, and all debts of the kind specified in Bankruptcy Code sections 502(g), 502(h), or 502(i) (collectively, "Enjoined Liabilities") against the Debtors, the Estates, the Reorganized Debtors or their respective property that is based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, that otherwise arose or accrued prior to the Effective Date, or that is otherwise provided for in the Plan, shall be permanently enjoined from taking any of the following actions on account of any such Enjoined Liability (the "Permanent Injunction"): (a) commencing or continuing in any manner any action or other proceeding against the Debtors, the Estates, the Reorganized Debtors or their respective property that is inconsistent with the Plan or the Confirmation Order; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtors, the Estates, the Reorganized Debtors or their respective property other than as specifically permitted under the Plan or the Confirmation

Order; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtors, the Estates, the Reorganized Debtors or their respective property; and (d) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan and the Confirmation Order.  Any entity injured by any willful violation of such Permanent Injunction shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator.

5.    The Amended Plan Supplement is revised to provide for the assumption of the following contract:

The Master Loan Participation and Servicing Agreement between Specialty Mortgage Corp. and Specialty Trust, Inc. relating to mortgage loans in which Specialty Trust, Inc. holds less than a 100% participation percentage, with such Agreement being modified to provide for an annual loan servicing fee equal to 0.5% of the outstanding principal amount of the loans outstanding from time to time.  Subject to the following sentence, said annual fee shall be payable in twelve monthly installments no later than the twentieth (20th) day of the month in an amount that is equal to one-twelfth of 0.5% of the average daily balance of the outstanding loans during the prior month.  Payment of said fee shall be deferred under the circumstances and subject to the terms set forth in the Master Loan Participation and Servicing Agreement, as amended.

6.    The Reorganized Debtors will be managed and governed by the Board of Reorganized ST appointed in accordance with the Bylaws and Articles of Incorporation of Reorganized ST.  The Bylaws and Articles of Incorporation of Reorganized ST do not provide for the appointment of a "Plan Representative" or a "Supervisory Board" as contemplated by Section IV.C of the Plan.  Thus, the Plan is revised to (i) delete the definition of Plan Representative and all other references to a Plan Representative and (ii) replace all references to Supervisory Board with the term "Board."

The foregoing modifications, together with the modifications to the First Amended Plan that are set forth in the Second Amended Plan (collectively, the "Plan Modifications"), are technical and do not materially adversely change the treatment of the holders of Claims or Interests under the First Amended Plan.  Hence, the Plan Modifications comply with Sections 1125 and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.  Thus, the Second Amended Plan, as modified by the Plan Modifications set forth above, meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code and shall be the plan confirmed at the Confirmation Hearing.  The references in this Order to "the Plan" shall refer to the Second Amended Plan, as modified by the Plan Modifications set forth above.

**E.**     <u>Voting on the Plan.</u>

The Disclosure Statement Order fixed May 23, 2011, as the last day to vote to accept or reject the First Amended Plan. The Tabulation Agent has tabulated the Ballots in the Voting Summary. The Tabulation Agent has further disclosed the corrections made, if any, with respect to non-conforming Ballots. As set forth in the Voting Summary (i) the holders of Claims in Classes 1A, 1B, 1C, 2A, 2B, 8A, and 8D under the Plan accepted the First Amended Plan in both number and amount and (ii) the holders of Interests in Class 10A accepted the First Amended Plan in amount, pursuant to Section 1126 of the Bankruptcy Code. Thus, Classes 1A, 1B, 1C, 2A, 2B, 8A, 8D, and 10A are accepting impaired classes of Claims and Interests with respect to the Plan pursuant to Section 1126 of the Bankruptcy Code.

Class 9 originally voted to reject the First Amended Plan. Based upon discussions with the Proponents and modifications announced at the Confirmation Hearing, the beneficial holders of the Class 9 Claims brought an oral motion at the Confirmation Hearing to change their votes to acceptances. The Court granted such motion on the record at the Confirmation Hearing. Accordingly, Class 9 is an accepting class pursuant to Section 1126 of the Bankruptcy Code.

**F.**     <u>Compliance with Section 1129.</u>

The Plan complies with all of the requirements set forth in Section 1129 of the Bankruptcy Code, including the following:

    **1.**     **Plan Compliance – Section 1129(a)(1).**

The Plan complies with the applicable provisions of Sections 1122 and 1123 of the Bankruptcy Code.

        a.     Classification and Treatment

The Plan designates nineteen (19) classes of Claims and four (4) classes of Interests. The Plan adequately and properly classifies all claims and interests required to be classified and thus satisfies the requirements of Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

Section II(C) of the Plan specifies the impaired and unimpaired classes of Claims and Interests under the Plan. Under the Plan, each of Classes 1A – 1C, 2A, 2B, 3A – 3C, 8A – 8D, 9, and 10A is impaired. Classes 4 – 7, 10B, 10C and 10D are not impaired under the Plan. Further,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  the Plan adequately specifies the treatment of each impaired Class of Claims or Interests and thus

2  satisfies the requirements of Sections 1123(a)(2) and (3) of the Bankruptcy Code.

3      The Plan provides the same treatment for each Claim or Interest in a particular Class,

4  unless the holder of a particular Claim or Interest agrees to less favorable treatment of such Claim

5  or Interest. The Plan thus satisfies the requirements of Section 1123(a)(4) of the Bankruptcy Code.

6  No election for application of Section 1111(b)(2) of the Bankruptcy Code by any Class of secured

7  creditors was made under Bankruptcy Rule 3014.

8              b.      Means for Implementation

9      Article IV of the Plan provides adequate means for implementation of the Plan by

10  providing for the vesting of the estates' assets in the Reorganized Debtors, the orderly liquidation

11  of the Reorganized Debtors' assets over an approximately 4 ½ year period, and consummation of

12  the Exit Facility to fund distributions to creditors on the Effective Date, expenses of administration,

13  and costs of post-confirmation operations pending completion of the liquidation. The Plan thus

14  contains adequate means for its implementation and satisfies the requirements of Section

15  1123(a)(5) of the Bankruptcy Code.

16              c.      Charter Amendment

17      In connection with the Plan, the Specialty Trust Articles of Incorporation and Bylaws are

18  being amended to provide the two Creditor groups with the greatest dollar amount of unsatisfied

19  Claims following Confirmation ((a) holders of Old Secured Notes and New Secured Notes,

20  collectively, "Secured Noteholders" and (b) holders of Unsecured Notes) with voting control of

21  Specialty Trust and hence control of the Reorganized Debtors. New Class A shares will be issued

22  to the Secured Noteholders and new Class B shares will be issued to the Unsecured Notes. The

23  holders of the Class A and Class B shares will not be entitled to distributions from Specialty Trust

24  on account of their shares, but will receive distributions on account of their Allowed Claims in

25  accordance with the terms of the Plan.

26      The Board of Directors shall be initially composed of five (5) members designated in the

27  amended Articles who shall hold office until their successors are duly chosen and qualified. The

28  directors shall be divided into five Classes, designated Class 1A, Class 1B, Class 2A, Class 2B and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 Class 3. The Class 1A and 2A directors shall be elected by the holders of the Class A Shares. The

2 Class 1B and 2B directors shall be elected by the holders of the Class B shares. The Class 3

3 director shall be elected by a vote of all stockholders. The term of the initial Class 1 directors shall

4 terminate on the date of the annual meeting of stockholders held in 2012. The term of the initial

5 Class 2 and Class 3 directors shall terminate on the date of the annual meeting of stockholders held

6 in 2013. At each annual meeting of the stockholders beginning in 2012, successors to the class of

7 directors whose term expires at that annual meeting shall be elected for a two-year term. At such

8 time as all Claims of the Secured Noteholders have been paid or otherwise settled, the Class A

9 shares will be cancelled and the Class 1A and 2A directors will resign from the Board of Directors.

10 Upon the Effective Date of the Plan, all of the current outstanding shares of common stock

11 of Specialty Trust will be canceled. However, under the Plan the holders of common stock will

12 retain the right to any residual distributions from liquidation of assets after the Creditors' Claims

13 have been paid or otherwise settled. Such holders' right will be according to their pro rata interest

14 in the outstanding common stock as of the date of the Chapter 11 petition.

15 The foregoing satisfies the requirements of Section 1123(a)(6) of the Bankruptcy Code.

16      d.     Officers, Directors and Trustees

17 Section 1123(a)(7) of the Bankruptcy Code requires that the manner of selection of any

18 director, officer or trustee under the Plan, or any successor to such officer, director or trustee, be

19 consistent with the interests of creditors and equity security holders and with public policy. The

20 provisions set forth above regarding the composition of the Board satisfy section 1123(a)(7).

21      e.     Other Provisions

22 The Plan contains other provisions for implementation that are reasonable and otherwise

23 consistent with Section 1123(b) of the Bankruptcy Code.

24      f.     Limitations of Liability

25 The exculpation and release provisions of Sections V(A) of the Plan are reasonable and

26 appropriate. The exculpation in Section V(A) is reasonably limited in scope to prevent the

27 assertion of liability for actions taken in connection with the Cases, administering the cases and

28 proposing the Plan during the period following the Petition Date and prior to the Effective Date of

1   the Plan. The releases in Sections V(A) are customary and appropriate and permissible under

2   applicable law.

3       **2.    Proponents' Compliance – Section 1129(a)(2).**

4       The Proponents have complied with the applicable provisions of the Bankruptcy Code and

5   the Bankruptcy Rules. The Proponents solicited acceptances of the Plan in accordance with the

6   requirements of the Disclosure Statement Order and in good faith, as that term is used in Section

7   1125(e) of the Bankruptcy Code. The Disclosure Statement contains adequate information, as that

8   term is defined in Section 1125(a) of the Bankruptcy Code. The Ballots of holders of Claims and

9   Interests entitled to vote on the Plan were properly solicited and tabulated. The Proponents have

10  further complied with all the provisions of the Bankruptcy Code and the Bankruptcy Rules

11  governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other

12  matters considered by the Court in the Cases. The record in the Cases further discloses that the

13  Debtors have attempted in good faith to comply with the orders of the Court entered during the

14  pendency of the cases and that the Debtors have not violated any such orders.

15      **3.    Good Faith – Section 1129(a)(3).**

16      The Plan has been proposed in good faith and not by any means forbidden by law.    No

17  creditor has filed an objection to confirmation of the Plan on the grounds that the Plan was not

18  proposed in good faith or was proposed by any means forbidden by law. Accordingly, pursuant to

19  Bankruptcy Rule 3020(b)(2), the Court may conclude that the Plan complies with Section

20  1129(a)(4) of the Bankruptcy Code without receiving evidence on such issues. The Court has

21  examined the totality of the circumstances surrounding the formulation of the Plan. The Cases

22  have been filed and prosecuted in good faith and consistent with the orders of the Court. The Plan

23  deals fairly with all creditors and equity holders and will maximize the total possible return under

24  the circumstances that equals or exceeds the dividends available in a Chapter 7 liquidation. The

25  Plan has been accepted by all impaired Classes that voted on the Plan, except City National Bank,

26  and such acceptance evidences the informed judgment of stakeholders that the Plan is in their best

27  interests. Therefore, the Court finds that the Plan has been proposed in good faith with the

28  legitimate and honest purpose of reorganizing the debts of the Debtors.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**4.    Plan Payments – Section 1129(a)(4).**

All amounts to be paid by the Debtors for services or expenses in the Cases have either been fully disclosed and approved as reasonable or, pursuant to the terms of the Plan, will be disclosed and subject to the approval of the Bankruptcy Court following Confirmation of the Plan. Accordingly, the Plan satisfies the requirements of Section 1129(a)(4) of the Bankruptcy Code.

**5.    Officer Affiliations – Section 1129(a)(5).**

The Reorganized Debtors' affairs shall be governed by a Board of Directors. The Board of Directors shall be initially composed of five (5) members designated in the amended Articles who shall hold office until their successors are duly chosen and qualified. The directors shall be divided into five Classes, designated Class 1A, Class 1B, Class 2A, Class 2B and Class 3. The Class 1A and 2A directors shall be elected by the holders of the Class A Shares. The Class 1B and 2B directors shall be elected by the holders of the Class B shares. The Class 3 director shall be elected by a vote of all stockholders. The term of the initial Class 1 directors shall terminate on the date of the annual meeting of stockholders held in 2012. The term of the initial Class 2 and Class 3 directors shall terminate on the date of the annual meeting of stockholders held in 2013. At each annual meeting of the stockholders beginning in 2012, successors to the class of directors whose term expires at that annual meeting shall be elected for a two-year term. At such time as all Claims of the Secured Noteholders have been paid or otherwise settled, the Class A shares will be cancelled and the Class 1A and 2A directors will resign from the Board of Directors.

The Plan complies with Section 1129(a)(5).

**6.    Rates – Section 1129(a)(6).**

There are no rate changes provided for in the Plan.

**7.    Best Interests – Section 1129(a)(7)**

Section 1129(a)(7) of the Bankruptcy Code requires that each holder of a Claim or Interest in an impaired Class under the Plan shall either accept the Plan or shall receive or retain property under the Plan equal to or greater than that which such holder would receive or retain in a liquidation under Chapter 7 of the Bankruptcy Code. As set forth in the Voting Summary, 516

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

votes were tabulated, of which only 32 ballots rejected the Plan;[3] all other holders of Claims and Interests that voted have accepted the Plan. None of such rejecting Creditors or holders of Interests has objected to confirmation on the basis that it would receive less under the Plan than in a Chapter 7 liquidation. Confirmation of the Plan nonetheless appears preferable to the liquidation of the Debtors under Chapter 7 of the Bankruptcy Code. The Disclosure Statement (including the Liquidation Analysis attached as **Exhibit 3** to the Disclosure Statement) indicates that each holder of an Allowed Claim or Interest will receive under the Plan property of a value not less than the amount such holder would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code. There can be no assurance that, if the Cases were converted to cases under Chapter 7, the Debtors would be able to disburse the amounts projected under the Plan to Creditors. In particular, a conversion of the cases to Chapter 7 would likely be accompanied by additional costs and further delay in the distribution of property of the estates, thereby diluting the amounts presently available for distribution to Creditors under the Plan. The Plan thus represents a reasonable effort by the Debtors that will likely provide a superior recovery to Creditors than conversion of the Cases. Accordingly, the Plan is in the best interests of Creditors under Section 1129(a)(7) of the Bankruptcy Code.

**8.      Acceptance/Cramdown – Sections 1129(a)(8) and 1129(b)**

a.      Accepting Classes

Classes 4A , 4B, 5A, 5B, 6, 7, 10B, 10C and 10D are unimpaired under the Plan. Accordingly, pursuant to Section 1126(f) of the Bankruptcy Code, Classes 4A, 4B, 5A, 5B, 6, 7, 10B, 10C and 10D are deemed to have accepted the Plan, and solicitation of votes with respect to such Classes is therefore not required.

Classes 1A – 1C (US Bank Secured Claims), 2A & 2B (Secured Noteholder Claims), 8A (ST General Unsecured Claims), 8D (SAC D-1 General Unsecured Claims), 9 (Subordinated Claims against Specialty Trust (BONY)), and 10A (ST Interests) are each impaired under the Plan and have been given adequate opportunity to vote to accept or reject the Plan. As demonstrated in

---

[3]   Five Creditors in Class 2A, four Creditors in Class 2B, five Creditors in Class 8A, the sole Creditor in each of Classes 9 and 11, and 16 Holders of Interests in Class 10A rejected the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the Voting Summary and the oral motion to change vote brought at the Confirmation Hearing by Class 9, the Plan has been accepted, within the meaning of Section 1126(c) of the Bankruptcy Code, by the holders of Claims in Classes 1A – 1C, 2A, 2B, 8A, 8D and 9, and Interests in Class 10A.

b.    Classes That Have Not Accepted the Plan

Classes 3A – 3C (Secured Tax Claims), 8B (SAC General Unsecured Claims) and 8C (SAC II General Unsecured Claims) are impaired under the Plan and have been given adequate opportunity to vote to accept or reject the Plan.  It appears, however, that no Ballots were cast by any holders of Claims in Classes 3A – 3C, 8B and 8C of the Plan.  Class 11 (City National Allowed ST Secured Claim) is also impaired under the Plan.  Class 11 has voted to reject the Plan.

Notwithstanding the absence of votes by the holders of Claims in Classes 3A – 3C, 8B and 8C and rejection of the Plan by the holder of the Claim in Class 11 (the "Non-Accepting Classes"), and, the Debtors have requested confirmation of the Plan pursuant to Section 1129(b) of the Bankruptcy Code.

The treatment of the Non-Accepting Classes under the Plan satisfies Section 1129(b) of the Bankruptcy Code because the Plan does not discriminate unfairly, and is fair and equitable, with respect to such Classes.  With respect to Classes 3A – 3C (Secured Tax Claims), the holders will retain their liens and receive either (1) payment in full on the later of the Effective Date or the date on which their Claim becomes an Allowed Claim, or (2) the right to exercise remedies with respect to their collateral.  Thus, the treatment of Classes 3A – 3C under the Plan complies with section 1129(b)(2)(A) of the Bankruptcy Code and may be confirmed over the non-acceptance of the Plan by such Classes.

The treatment of Classes 8B and 8C, which are Classes of General Unsecured Claims, is also fair and equitable and does not discriminate unfairly with respect to such Claims.  With respect to such Classes, no holder of any Claim or Interest that is junior to the Claims in such Classes will receive or retain any property under the Plan until all Claims in Classes 8B and 8C are paid in full.  Accordingly, the Plan satisfies the tests set forth in Section 1129(b)(2)(B) of the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Bankruptcy Code with respect to Classes 8B and 8C and may be confirmed over the non-

2    acceptance of the Plan by such Classes.

3        **9.    Administrative Expenses and Priority Tax Claims – Section 1129(a)(9)**

4        The treatment of Administrative Claims and Priority Tax Claims complies with Section

5    1129(a)(9).

6            a.    Administrative Claims

7        With respect to treatment of Administrative Claims, Article II of the Plan provides as

8    follows:

9        Treatment of Allowed Ordinary Course Administrative Claims:  Unless otherwise agreed,

10    Allowed Ordinary Course Administrative Claims will be paid by the Debtors or the Reorganized

11    Debtors in accordance with the terms and conditions of the particular transaction that gave rise to

12    the Allowed Claim.

13        Treatment of any Allowed Substantial Contribution Claim:  Any Allowed Substantial

14    Contribution Claim shall be paid by the Debtors or the Reorganized Debtors the same as if it were

15    a Professional Fee Claim.

16        Treatment of Professional Fee Claims:  Unless otherwise agreed, an Allowed Professional

17    Fee Claim will be paid by the Debtors or the Reorganized Debtors, as applicable, after the Court

18    determines such Claim is an Allowed Claim, and in accordance with the projections attached to the

19    Disclosure Statement and the terms of the Northlight Exit Facility.

20        Treatment of Cure Claims:  The Reorganized Debtors will pay the Allowed amounts of

21    Cure Claims to the non-Debtor parties to the executory contracts or unexpired leases.

22        Treatment of U.S. Trustee Fees Under 28 U.S.C. § 1930:  The Debtors will pay to the U.S.

23    Trustee all fees due and owing under 28 U.S.C. § 1930 on the Effective Date.

24        Treatment of Non-Ordinary Course Administrative Claims:  Unless the entity holding a

25    Non-Ordinary Course Administrative Claim Allowed by the Court agrees to different treatment,

26    the Reorganized Debtors will pay the full amount of such Allowed Non-Ordinary Course

27    Administrative Claim in the same manner as the treatment of the Professional Fee Claims as

28    described above.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1        <u>Treatment of Claims Under the DIP Facility</u>:  On the Effective Date, the DIP Lender will

2    receive, in full and final satisfaction of the Debtors' obligations under the DIP Facility cash in full

3    in the amount of its claims unless the DIP Lender agrees to a different treatment.

4              b.     Priority Tax Claims

5        With respect to treatment of Priority Tax Claims, Article II of the Plan provides that, unless

6    otherwise agreed, the Reorganized Debtors will pay to an entity holding an Allowed Priority Tax

7    Claim the full amount of the Allowed Priority Tax Claim, plus interest calculated at the federal

8    judgment rate, in equal, amortized, annual installments beginning on the first anniversary of the

9    Petition Date that falls on a date following the occurrence of the Effective Date and, thereafter, on

10   each anniversary of the Petition Date through the fifth anniversary of the Petition Date.   The

11   Debtors and Reorganized Debtors reserve all rights to object to these claims.

12       Accordingly, the Plan complies with the requirements of Section 1129(a)(9) of the

13   Bankruptcy Code.

14       **10.**    **Impaired Class Acceptance – Section 1129(a)(10)**

15       According to the Voting Summary, at least one Class of Claims impaired under the Plan

16   has accepted the Plan in each Case, determined without including any acceptance of the Plan by

17   any insider of the Debtors.

18       **11.**    **Feasibility--Section 1129(a)(11).**

19       The Court is satisfied that the Plan is feasible.   The Plan provides that, following the

20   Effective Date, the Reorganized Debtors shall make distributions to Creditors according to the

21   requirements of the Plan.   Attached to the Disclosure Statement as Exhibit 1 are the Debtors'

22   projections for the Reorganized Debtors' performance after the Effective Date (the "Projections").

23   As described in the Projections, the Lyon Declaration and the Gieseke Declaration, cash on-hand,

24   the Exit Financing, operations and asset sales ought to generate sufficient funds over the life of the

25   Plan to make the payments required by the Plan.

26       **12.**    **Fees Payable Under 28 U.S.C. § 1930--Section 1129(a)(12).**

27

28

*PACHULSKI STANG ZIEHL & JONES LLP*
*ATTORNEYS AT LAW*
*LOS ANGELES, CALIFORNIA*

Section II(B)(1)(b) of the Plan provides for the payment of all fees payable under Section 1930 of title 28 of the United States Code as soon as practicable following the Effective Date of the Plan, to the extent not previously paid by the Debtors during the Cases.

**13.    Retiree Benefits--Section 1129(a)(13).**

The Debtors are not obligated to provide "retiree benefits" within the meaning of Section 1114(a) of the Bankruptcy Code.

**14.    Other--Sections 1129(a)(14), (15) and (16).**

Sections 1129(a)(14), (15) and (16) of the Bankruptcy Code are not applicable to the Debtors.

**H.    Injunction and Exculpation.**

The injunction set forth in Section V(A) of the Plan will be issued in connection with confirmation of the Plan.  The Court has jurisdiction to enter the injunction pursuant to 28 U.S.C. §§ 1334(a), (b) and (d).  Section 105(a) of the Bankruptcy Code permits the approval and entry of the injunction, especially where, as here, such injunction is material to the implementation of the Plan as provided in Section 1123(a)(5) of the Bankruptcy Code, is in the best interests of holders of Claims against the Debtors, and otherwise complies with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

The exculpation provisions of Section V(A) of the Plan are consistent with Section 1125 of the Bankruptcy Code and will not relieve any party of liability for an act or omission to the extent determined to have constituted willful misconduct or gross negligence.

Accordingly, based upon the record of the Cases, the injunction and limitations of liability set forth in Section V(A) of the Plan are approved.

**I.    Assumption and Rejection – 1123(b)(2).**

Section III of the Plan provides for the assumption, as of the Effective Date, of all executory contracts and unexpired leases of the Debtors that are expressly identified on the Schedule of Assumed Agreements to the Plan.  The proposed provisions for adjudication of cure claims set forth in Section III of the Plan are reasonable and appropriate.  Section III of the Plan further provides for the rejection, as of the Effective Date, of all executory contracts and unexpired

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

leases of the Debtors that are set forth on the Schedule of Rejected Agreements.  The Court finds that the Debtors have exercised reasonable business judgment in making the decision to assume or reject the executory contracts and unexpired leases under the Plan.

**J.      Safe Harbor.**

The Proponents (and their respective officers, directors, shareholders, attorneys, agents, advisers and employees) have solicited acceptances or rejections of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and, accordingly, are not liable, on account of such solicitation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

**K.      Section 1145.**

The exemption provided under Bankruptcy Code section 1145 from the requirements of Section 5 of the Securities Exchange Act, 15 U.S.C. § 77e, and any state or local law requiring registration or qualification for the offer or sale of a security, apply to the issuance by the Reorganized Debtors of the shares and the distribution of such shares pursuant to the Debtors' Plan.

**L.      Reservation of Potential Causes of Action.**

Except where expressly released or except as otherwise provided in the Plan, pursuant to Bankruptcy Code section 1123(b), the Reorganized Debtors shall be vested with and retain and may enforce any Claims, rights, and causes of action that the Debtors or the Estates may hold or have against any entity, all of which are hereby preserved, including rights of disallowance, offset, recharacterization and/or equitable subordination with respect to Claims, and causes of action that have been or may be brought by or on behalf of the Debtors or the Estates, including all potential causes of action of the Debtors against counsel and the title companies arising out of the transactions resulting in the claim and/or lien asserted by Jordanelle Special Service District with respect to the Jordanelle Property.

**M.      Retention of Jurisdiction.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The Bankruptcy Court, as provided in Article VI of the Plan and pursuant to Section 1142 of the Bankruptcy Code and Bankruptcy Rule 3020(d), may properly retain jurisdiction over the matters set forth therein and in this Order.

**N.**     **Other.**

To the extent that any portion of a finding of fact contains or constitutes a conclusion of law, such portion shall be deemed a conclusion of law and is hereby adopted as such.  To the extent that any portion of a conclusion of law contains or constitutes a finding of fact, such portion shall be deemed a finding of fact and is hereby adopted as such.

## II.

### Order Confirming Plan

Based on the record of the Confirmation Hearing, all the proceedings held before the Court in the Cases, and the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED** that:

1.     The Disclosure Statement is approved as containing "adequate information" pursuant to Section 1125 of the Bankruptcy Code.

2.     The Plan, as modified by the Plan Modifications, is confirmed.  The Proponents have adduced adequate and sufficient evidence that the Plan complies with the applicable provisions of the Bankruptcy Code.  The Plan satisfies all the requirements for confirmation established under Section 1129 of the Bankruptcy Code.  Any objections to confirmation of the Plan, or to the adequacy of the Disclosure Statement, unless previously withdrawn, are overruled. The Debtors are authorized to (a) take such actions as may be necessary or appropriate to carry out the Plan, and (b) execute such documents and instruments as may be required to implement the Plan. The Debtors, the Reorganized Debtors, and any other entity designated pursuant to the Plan, are authorized, empowered and directed to execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effect the Plan in accordance with its terms in all material respects, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them that are necessary or appropriate to effectuate the transactions contemplated by the Plan.

3.      Pursuant to Section 1141(a) of the Bankruptcy Code, upon the Effective Date, the provisions of the Plan shall bind (a) the Debtors and the Reorganized Debtors, and (b) any Creditor of the Debtors and any holder of any Interests in the Debtors, whether or not (i) such Creditor or holder has filed a proof of Claim or interest or is deemed to have filed a proof of Claim or interest under Sections 501 or 1111 of the Bankruptcy Code, (ii) the Claim or interest of such Creditor or holder is allowed under Section 502 of the Bankruptcy Code, (iii) such Creditor or holder has accepted the Plan, or (iv) such Creditor or holder is impaired under the Plan.

4.      Pursuant to Section 1141(b) of the Bankruptcy Code, upon the Effective Date, title to all assets of the Estates shall vest in the Reorganized Debtors for the purposes contemplated under the Plan and shall no longer constitute property of the Estates created for the Debtors in their respective Cases. Pursuant to Section 1141(c) of the Bankruptcy Code, upon the Effective Date, all property dealt with by the Plan shall vest in the Reorganized Debtors free and clear of all Claims and Interests, including liens, charges or other encumbrances, except as otherwise provided in the Plan, and as is more fully set forth in the Northlight Exit Facility. Following the Effective Date, the Reorganized Debtors may use, acquire and dispose of the assets without supervision by the Bankruptcy Court, without further approval of the Bankruptcy Court or notice to Creditors or holders of Interests, and free of any restrictions under the Bankruptcy Code or the Bankruptcy Rules, but consistent with the terms of the Plan. The assets shall be held by the Reorganized Debtors in trust for Creditors and holders of Interests and to meet the obligations under the Plan, and shall be distributed or used exclusively in accordance with the Plan.

5.      The Debtors are authorized to take all actions necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms.

6.      The exculpation and release provisions set forth in Section V(A) of the Plan are fair, equitable and reasonable and, accordingly, are approved and authorized.

7.      Pursuant to Section 1146(a) of the Bankruptcy Code, the making or delivery of an instrument of transfer or mortgage related to any property dealt with by the Plan (including the Northlight Exit Facility) shall not be taxed under any law imposing a stamp tax, recording fee, or similar tax.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8.      Except as otherwise provided in the Plan or the Confirmation Order, on and after the Effective Date, all entities who have held, currently hold, or may hold a Claim or Interest, including all debts, obligations, demands, liabilities, Claims, and Interests that arose before the Effective Date, and all debts of the kind specified in Bankruptcy Code sections 502(g), 502(h), or 502(i) (collectively, "Enjoined Liabilities") against the Debtors, the Estates, the Reorganized Debtors or their respective property that is based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, that otherwise arose or accrued prior to the Effective Date, or that is otherwise provided for in the Plan, shall be permanently enjoined from taking any of the following actions on account of any such Enjoined Liability (the "Permanent Injunction"): (a) commencing or continuing in any manner any action or other proceeding against the Debtors, the Estates, the Reorganized Debtors or their respective property that is inconsistent with the Plan or the Confirmation Order; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtors, the Estates, the Reorganized Debtors or their respective property other than as specifically permitted under the Plan or the Confirmation Order; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtors, the Estates, the Reorganized Debtors or their respective property; and (d) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan and the Confirmation Order. Any entity injured by any willful violation of such Permanent Injunction shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator.

9.      As of the Effective Date, the rejection by the Debtors, pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of all executory contracts and unexpired leases set forth on the Schedule of Rejected Agreements, is approved and authorized. As of the Effective Date, the assumption by the Debtors, pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the executory contracts and unexpired leases listed in the Schedule of Assumed Agreements, is approved and authorized.

10.   The following deadlines are hereby fixed for the actions described below. Any holder of a Claim of a kind described in this paragraph, for which a proof of Claim, motion or application (as the case may be) is not filed on or before the applicable date set forth below, shall not participate in any distribution under the Plan and shall be forever barred from asserting such Claim against the Debtors, the Estates or the Reorganized Debtors.

a.   *Non-Ordinary Course Administrative Claim / Substantial Contribution Claims Bar Date.*

Any entity asserting a Non-Ordinary Course Administrative Claim or Substantial Contribution Claim against any of the Debtors arising between April 20, 2010, through the Effective Date of the Plan, must, on or before the 60th day following the Effective Date of the Plan, both File with the Court a motion requesting allowance of the Non-Ordinary Course Administrative Claim or Substantial Contribution Claim and serve such motion on the Debtors and the U.S. Trustee, or be forever barred from asserting such Non-Ordinary Course Administrative Claim or Substantial Contribution Claim against the Debtors, the Estates or the Reorganized Debtors, or any property of the Debtors, the Estates or the Reorganized Debtors, and from sharing in any distributions under the Plan.

b.   *Professional Fee Claim Bar Date.*

Any entity asserting a Professional Fee Claim against any of the Debtors arising between April 20, 2010, through the Effective Date of the Plan, must, on or before the 60th day following the Effective Date of the Plan, both File with the Court a final fee application or motion requesting allowance of the fees and reimbursement of expenses and serve such application or motion on the Debtors and the U.S. Trustee, or be forever barred from asserting such Professional Fee Claim against the Debtors, the Estates or the Reorganized Debtors, or any property of the Debtors, the Estates or the Reorganized Debtors, and from sharing in any distributions under the Plan.

c.   *Rejection Bar Date.*

Any Rejection Damage Claim or other Claim for damages arising from the rejection of an executory contract or unexpired lease under the Plan must be Filed and served upon the Plan Representative and counsel to the Reorganized Debtors within thirty days after the mailing of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

notice of the occurrence of the Effective Date. Any such Claims that are not timely filed and served will be forever barred and unenforceable against the Debtors, the Reorganized Debtors, the Plan Representative, the Estates, and their respective properties, and any persons or entities holding such claims or claiming to have such claims, will be barred from receiving any distributions under the Plan on account of such untimely claims.

11.    As soon as practicable after the Effective Date, the Reorganized Debtors shall file and mail a notice of entry of this Order to all parties entitled to notice pursuant to Bankruptcy Rules 2002(f) and 3020(c). The notice shall further identify the Effective Date and shall set forth the injunction and any deadlines that may be established under the Plan or this Order.

12.    The Court shall retain jurisdiction over the Cases and all matters arising out of or related to the Cases to the fullest extent permissible under (i) Sections 105(a) and 1142 of the Bankruptcy Code, (ii) Bankruptcy Rule 3020(d), and (iii) Article VI of the Plan, and as otherwise necessary or useful to aid in the confirmation and consummation of the Plan.

13.    All fees payable under 28 U.S.C. § 1930(a)(6) shall be paid by the Debtors in the amounts and at the times such fees may become due up to and including the Effective Date. Thereafter, the Reorganized Debtors shall pay all fees payable under 28 U.S.C. § 1930(a)(6) until the Cases are closed, dismissed or converted.

14.    On the Effective Date, the Committee shall be released and discharged from the rights and duties arising from or related to the Cases, except with respect to final applications for professionals' compensation. The professionals retained by the Committee and the members thereof shall not be entitled to compensation or reimbursement of expenses for any services rendered or expenses incurred after the Effective Date except for services rendered and expenses incurred in connection with any applications by such professionals or Committee members for allowance of compensation and reimbursement of expenses pending on the Effective Date or timely filed after the Effective Date as provided in the Plan, as approved by the Court.

15.    The Northlight Asset Management and Servicing Agreement is hereby approved in substantially the form attached to the Amended Plan Supplement as Exhibit B. Northlight Asset Management II, LLC, a Delaware limited liability company, or an affiliate thereof (the "Servicer")

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   is authorized, empowered and directed to take any and all action necessary to service loans and

2   provide asset management services for the Reorganized Debtors' real estate and mortgage loan

3   portfolio in accordance with the terms of the Northlight Asset Management and Servicing

4   Agreement and is exempt from having to obtain a license as an "escrow agency" with the Nevada

5   Mortgage Lending Division pursuant to Nevada Revised Statutes § 645A.015(4) or to perform any

6   related services.

7       16.     That certain *Exit Financing Term Credit and Security Agreement* (the "Exit

8   Financing Agreement") is hereby approved in substantially the form attached to the Amended Plan

9   Supplement as Exhibit A.    Notwithstanding any other provision of the Plan or this Order,

10  Northlight is authorized to take any and all actions to perfect its liens that will be granted to secure

11  the Debtors' obligations under the Northlight Exit Facility pursuant to the Exit Financing

12  Agreement.  Deutsche Bank is authorized to physically deliver any and all notes, deeds of trust,

13  mortgages, member interests, stock, and any assignments thereof and any other items of its

14  collateral to Northlight Trust I or an affiliate thereof and to take all other actions necessary to

15  permit Northlight to obtain a first priority perfected security interest and senior lien on Class 2B's

16  prepetition collateral and proceeds thereof.  Following its receipt of the foregoing, Northlight shall

17  be acting as the agent of the holders of Class 2A and Class 2B Claims, as applicable, with respect

18  to the perfection of the liens granted to the holders of such Claims under the Deutsche Bank

19  Indentures and the Plan.

20      17.     Upon the Effective Date, the Old Secured Noteholder Indenture and the New

21  Secured Noteholder Indenture (collectively, the "Deutsche Bank Indentures") shall be terminated.

22  Following such termination, Deutsche Bank shall have no further obligations under the terms of the

23  Deutsche Bank Indentures. Notwithstanding such termination, Deutsche Bank shall retain its rights

24  under the Deutsche Bank Indentures including, without limitation, the right to indemnification for

25  any loss, liabilty or expense in connection with the performance of its duties under the Deutsche

26  Bank Indentures and the right to receive reimbursement of any expenses that it has incurred, or

27  may incur in the future, in relation to the performance of its duties as indenture trustee, its right to

28  payment of its fees as indenture trustee and its right to charge distributions that the Old Secured

Noteholders and New Secured Noteholders may receive on account of the Old Secured Notes and New Secured Notes, including distributions under this Plan.

18.     Notwithstanding any other provision of the Plan or this Confirmation Order to the contrary, any distributions to which the Old Secured Noteholders or the New Secured Noteholders may be entitled under the Plan, whether by reason of their Class 2A Claims, Class 2B Claims or by reason of any Class 8A deficiency claim, shall be paid in the first instance to Deutsche Bank, which may deduct any fees or expense reimbursements to which it may be entitled under the terms of the Deutsche Bank Indentures and remit the balance of such distribution or distributions to the Reorganized Debtors for distribution in accordance with the terms of the Plan.

19.     As adequate protection for the subordination of its senior lien, Class 2B shall receive a replacement lien on all of the Reorganized Debtors' assets and the proceeds of those assets; provided that such replacement lien shall be subordinate to the liens granted to Northlight under the Northlight Exit Facility and to the Distribution Participation Payments to which Northlight is entitled under the terms of the Northlight Exit Facility.  The Reorganized Debtors are hereby authorized and directed to execute such documents as may reasonably be requested by the holders of Class 2B Claims to evidence and perfect such security interest including, without limitation, deeds of trust with respect to any real property collateral to which such replacement lien may attach on or after the Effective Date.  Such replacement lien shall be automatically released upon the sale or other disposition of the assets to which such lien attaches in compliance with the Northlight Exit Facility, and will then be transferred to whatever is received on the sale or other disposition of such assets.

20.     Notwithstanding any other provision of this Order, or approved exit facility document, or any provision of any plan of reorganization or liquidation as may be confirmed under section 1129 of the Bankruptcy Code in these cases, no security interest or lien shall be granted to any party providing financing to these debtors that purports to prime or be in a senior position to: (i) the City National loan to Waterfront Partners, LLC, secured by that certain real property commonly referred to as the "Waterfront Property" located at E. Second and Lake Streets, Reno,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Nevada; or (ii) the Ryland Homes liens on five parcels of that certain 113 acres of vacant real

2  property commonly referred to as the "Duck Creek Property" located in Stockton, California.

3          21.    Class 8A claims against debtor ST include the claim of OneWest Bank, FSB, in the

4  claimed amount of $13,260,000.

5          22.    Notwithstanding any provision of the Plan or this Order, or approved exit facility

6  document, no security interest or lien shall be granted to any party providing financing to these

7  debtors on Specialty Trust, Inc.'s prepetition loans to JFP 1330, LLC; JFP 1331, LLC/5th &

8  Lincoln, LLC; and Oak Creek Condominiums, LLC (the "Nondebtor Borrowers"), or the deeds of

9  trust secured by the real property owned by the respective Nondebtor Borrower.

10          23.    Notwithstanding any provision to the contrary in the Plan or this Order, postpetition

11  governmental tax claims that arise prior to the Effective Date will be treated as Ordinary Course

12  Administrative Claims, provided however that the Reorganized Debtors will be able to assert any

13  rights set forth in section 505 of the Bankruptcy Code.

14          24.    The exclusion of postpetition interest from the definition of Allowed Claim at I.A.

15  of the Plan does not apply to Ordinary Course Administrative Claims.

16          25.    The Debtors and the Reorganized Debtors, as representatives of the Estates under

17  Bankruptcy Code sec. 1123(a)(5) acknowledge, and the Court finds and concludes, that the

18  treatment of U.S. Bank under the Plan constitutes a compromise under Bankruptcy Rule 9019 and

19  full satisfaction of all claims existing as of the Effective Date of the Plan between the Estates and

20  U.S. Bank, including all claims of U.S. Bank against the Estates and all claims arising under

21  Chapter 5 of the Bankruptcy Code or otherwise against U.S. Bank. This compromise under

22  Bankruptcy Rule 9019 is approved.

23          26.    The confirmation of the Plan pursuant to this order shall not alter any of the rights of

24  CNB, but pursuant to the agreement of the parties, whether the Plan may alter CNB's rights and, if

25  so, the manner in which the Plan may alter CNB's rights are reserved for further determination by

26  the Court. The Parties' rights to argue:  1) Whether the Plan may modify CNB's rights under its

27  loan documents with Waterfront Partners, LLC, or its rights against the property commonly

28  referred to in the Plan and Disclosure Statement as the Waterfront Property; 2) Whether the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Debtors' treatment of CNB's rights is "fair and equitable" for purposes of 11 U.S.C. § 1129(b); and

2  3) Any other plan confirmation issues only as they relate to the treatment of CNB's rights are all

3  preserved.  Furthermore, nothing in the Plan affects or modifies CNB's rights as against any third

4  parties who have guaranteed Waterfront Partners' obligations under the CNB loan documents.

5        27.    Four of the five initial directors of Reorganized Specialty Trust shall be Joanne

6  Ballardini, Robert Barengo, Randall Fontes and Howard Altschul.  The identity of the fifth initial

7  director will be determined by the foregoing directors in accordance with Article VII(A) of

8  Reorganized Specialty Trust's Bylaws.

9        28.    The exemption provided under Bankruptcy Code section 1145 from the

10  requirements of Section 5 of the Securities Exchange Act, 15 U.S.C. § 77e, and any state or local

11  law requiring registration or qualification for the offer or sale of a security, apply to the issuance by

12  the Reorganized Debtors of the shares and the distribution of such shares pursuant to the Debtors'

13  Plan.

14        29.    The stays under Bankruptcy Rule 3020(e) and, to the extent applicable, Bankruptcy

15  Rule 6004(h), are hereby waived and this Order shall be effective and enforceable immediately

16  upon its entry.

17        30.    The failure to reference a particular provision of the Plan in this Order shall not

18  affect the validity or enforceability of such provision.  Each provision of the Plan shall be deemed

19  authorized and approved by this Order and shall have the same binding effect of every other

20  provision of the Plan, whether or not mentioned in this Order.  To the extent, if any, that the terms

21  of this Order conflict with the terms of the Plan, the terms of this Order shall control.

22                                        # # #

23  Submitted by:

24  PACHULSKI STANG ZIEHL & JONES LLP

25

26  By: Victoria Newmark

27  Victoria A. Newmark
   *Counsel for Debtors and Debtors in Possession*

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐      The court has waived the requirements set forth in LR 9021(b)(1).

☐      No party appeared at the hearing or filed an objection to the motion.

☒      I have delivered a copy of this proposed order to counsel identified below, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Committee of Equity Security Holders: **Approved**

Deutsche Bank National Trust Company: **Approved**

U.S. Bank National Association: **Approved**

Taberna Preferred Funding VII, Ltd. and
     Taberna Preferred Funding VIII, Ltd.: **Approved**

I.R.S.: **Approved**

City National Bank: **Approved**

Jordanelle Special Services District: **Failed to Respond**

OneWest Bank, FSB: **Approved**

Ryland Homes: **Approved**

United States Trustee: **Approved**

☐      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted by:

PACHULSKI STANG ZIEHL & JONES LLP

By: *Victoria Newmark*
_____
Victoria A. Newmark
*Counsel for Debtors and Debtors in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA